1  BILL LOCKYER
   Attorney General of the State of California
2  ROBERT R. ANDERSON
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  RONALD S. MATTHIAS
   Supervising Deputy Attorney General
5  GLENN R. PRUDEN
   Deputy Attorney General
6  State Bar No. 195089
      455 Golden Gate Avenue, Suite 11000
7     San Francisco, CA 94102-7004
      Telephone: (415) 703-5959
8        Fax: (415) 703-1234
   Attorneys for Respondent
9
                    IN THE UNITED STATES DISTRICT COURT
10
                 FOR THE EASTERN DISTRICT OF CALIFORNIA
11

12  **LARRY ROBERTS,**                        **CAPITAL CASE**

13                           Petitioner,      CIV S-93-0254 GEB DAD

14        **v.**

15  **JILL BROWN, Warden,**

16                          Respondent.

17

18  **RESPONSE TO PETITIONER'S SUPPLEMENTARY MOTION FOR DISCOVERY**

19                        Date: 11 March 2005
                          Time: 10:00 a.m.
20                        Courtroom: 27

21

22

23

24

25

26

27

28

BILL LOCKYER
Attorney General of the State of California
ROBERT R. ANDERSON
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
RONALD S. MATTHIAS
Supervising Deputy Attorney General
GLENN R. PRUDEN
Deputy Attorney General
State Bar No. 195089
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5959
     Fax: (415) 703-1234
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LARRY ROBERTS,**<br><br>Petitioner,<br><br>v.<br><br>**JILL BROWN, Warden,**<br><br>Respondent. | **CAPITAL CASE**<br><br>CIV S-93-0254 GEB DAD<br><br>**RESPONSE TO PETITIONER'S SUPPLEMENTARY MOTION FOR DISCOVERY**<br><br>Date:       11 March 2005<br>Time:       10:00 a.m.<br>Courtroom: 27 |

**BACKGROUND**

Petitioner has recently filed a supplementary motion for discovery in which he attempts to address one of the Court's concerns regarding his previously filed motion for discovery (23 April 2004) – how each discovery request is relevant to a claim or claims asserted in the second amended habeas corpus petition.

Respondent understood, after the 16 June 2004 hearing on the previously filed discovery, that no further action on discovery would be taken until the Court had ruled on petitioner's 23 April 2004 discovery motion. Accordingly, respondent submits that petitioner's supplementary motion for discovery is premature, since no such order has issued.

1

1    Notwithstanding that petitioner's supplementary discovery motion is premature,

2 respondent addresses each of petitioner's discovery requests, by request number, interposing

3 appropriate objections.

4    It is also noteworthy that, in the introduction to petitioner's supplementary discovery

5 motion, petitioner continues to misapprehend the significance of a previous discovery order entered

6 by Magistrate Judge Moulds on 28 July 1995. This order was subsequently vacated by this Court's

7 order entered on 20 September 1998. This Court concluded that, because of subsequent case law

8 regarding federal habeas discovery, the 28 July 1995 order "did not meet the level of specificity now

9 require in granting discovery in a habeas corpus action. . . ." *Roberts v. Woodford,* CIV S-93-0254

10 GEB DAD DP, (E.D. Cal., Sep. 30, 1998) (Order at 6).

11    As respondent has previously indicated to the Court, the overwhelming majority of

12 petitioner's requests have already been satisfied as a result of discovery that occurred during the

13 criminal trial and state habeas corpus proceedings.

**LAW ON HABEAS DISCOVERY**

14

15    Although federal habeas corpus is considered a civil action, the Federal Rules of Civil

16 Procedure apply only to the extent that they are not inconsistent with the Habeas Rules. *See* Habeas

17 Rule 11. Consequently, habeas petitioners are not entitled to the same broad-ranging discovery as

18 other civil litigants. *Bracey v. Gramley,* 520 U.S. 899, 904 (1997); *Williams v. Bagley,* 380 F.3d

19 932, 973 (6th Cir. 2004); *Rich v. Calderon,* 187 F.3d 1064, 1068 (9th Cir. 1999); *Campbell v.

20 Blodgett,* 982 F.2d 1356, 1358 (9th Cir. 1993) (no general right to discovery in habeas proceedings).

21 "Rather, discovery is available only in the discretion of the court and for good cause shown." *United

22 States v. Webster,* 392 F.3d 787, 801 (5th Cir. 2004); *Rich v. Calderon,* 187 F.3d at 1068; *see*

23 Habeas Rule 6(a).

24    What constitutes good cause is highly dependent upon the facts of each particular case.

25 *Gilday v. Callahan,* 99 F.R.D. 308, 309 (D.Mass. 1983).  "'The burden of demonstrating the

26 materiality of the information requested is on the moving party.'" *Williams v. Bagley,* 380 F.3d at

27 974 (quoting *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001)).  Good cause is not shown

28 where the facts that petitioner seeks to dispute have already been resolved by the state courts and

those findings are presumed correct under the habeas corpus statute.  In this regard, petitioner bears the burden of rebutting the statutory presumption.  *See Marshall v. Lonberger,* 459 U.S. 422, 432 (1983); *Sumner v. Mata,* 455 U.S. 591, 591-92 (1982).  Likewise, good cause is not shown where petitioner makes only generalized statements about the possible existence of generalized information.  *Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir. 1994) ("Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact."); *Munoz v. Keane,* 777 F.Supp. 282, 287 (S.D.N.Y. 1991); *e.g., Rice v. Black,* 112 F.R.D. 620, 625-26 (D.Neb. 1986) (petitioner granted discovery of specifically requested material relating to FBI Laboratory Analysis of 911 tape which tended to show that state's key witness lured victim to murder site).  As the Ninth Circuit has said, discovery "was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'"  *Rich v. Calderon,* 187 F.3d at 1087 (*citing Calderon v. U.S.D.C. (Nicolaus),* 98 F.3d 1102, 1106 (9th Cir. 1996) (*quoting Aubut v. Maine,* 431 F.2d 688, 689 (1st Cir. 1970)); *Rector v. Johnson,* 120 F.3d 551, 562 (5th Cir. 1997) (citing *Perillo v. Johnson,* 79 F.3d 441, 444 (5th Cir. 1996)).  Good cause for discovery also does not exist where the information sought is capable of being obtained through other means.  *Jefferies v. Blodgett,* 771 F.Supp. 1520, 1529 (W.D. Wash. 1991).

When a party objects to discovery that has been requested, the objecting party to the "discovery bears the burden of 'show[ing] why discovery should not be permitted.'"  *Alexander v. FBI,* 193 F.R.D. 1, 2-3 (D.D.C. 2000) (quoting *Corrigan v. Methodist Hosp.,* 158 F.R.D. 54, 56 (E.D. Pa. 1994)); *Alexander v. FBI,* 192 F.R.D. 50, 53 (D.D.C. 2000).

A district court's denial of discovery is an abuse of discretion only if that discovery is "indispensable to a fair, rounded development of material facts."  *Toney v. Gammon,* 79 F.3d 693, 700 (8th Cir. 1996).

## RESPONSES TO PETITIONER'S DISCOVERY REQUESTS

1.  A complete list of all witnesses interviewed by the prosecution, including interviews that were conducted via telephone.  Indicate the date of the interview, the location of the interview, the names of all persons who were present during the interview, and whether the interview was tape-recorded.  The list of interviews is to include prisoners as well as staff and any other individuals.

Response: Objection: duplicative. *See Van Wagenen v. Consolidated Rail Corporation,* 170 F.R.D. 86, 87 (N.D.N.Y. 1997) (denying discovery requests deemed unreasonably duplicative); *see also* Fed.R.Civ.P. 26(b)(2) (authorizing court to limit discovery sought if it determines it is "unreasonably cumulative or duplicative. . . ."). A comprehensive list of inmate witness interviews, including dates and explanatory notes, was provided to petitioner on 24 July 2000. *See* Exhibit 1. Petitioner was also informed at that time that no similar list for non-prisoner witnesses was in respondent's possession; however, in an effort to accommodate petitioner in order to advance the litigation, DAG Lee provided an alphabetical list of all trial witnesses. "[Fed.R.Civ.P.] 34 cannot be used to require the adverse party to prepare, or cause to be prepared, a writing to be produced for inspection, but can be used only to require the production of things in existence." *Soetaert v. Kansas City Coca Cola Bottling Co.,* 16 F.R.D. 1, 2 (W.D. Mo. 1954); *accord Securities and Exchange Commission v. Canadian Javelin Limited,* 64 F.R.D. 648, 651 (S.D.N.Y. 1974) (depositions that had never been transcribed deemed not available for production).

2. A copy of all reports regarding this incident prepared by the CDC, by correctional officers (CO's), by civilians and MTA's, including, but not limited to: a copy of all reports prepared by Officer Thomas Hartman, including one dated 1/14/81, and two dated 1/26/83; all reports by Officer Manuel Gloria regarding this case, including one dated 12/12/80; and a copy of all reports and other documents prepared by Officer Peter DuQuesnay in this case, including one referred to at page 3249 of the trial transcript.

Response: Objection: duplicative. To the extent that the requested items exit, petitioner was provided this information during the state habeas proceedings. *See* Exhibit 1. Materials responsive to this request were provided as pp. 0-184 under Exhibit 1. In particular, the 1/14/81 Hartman report was at pp. 16-19. Two Hartman reports for 1/26/83 have never been located; however, two Hartman reports dated 1/26/81 were located and provided at pp. 24-26. Officer Gloria's report for 12/12/80 was provided at pp. 0-3. Officer DuQuesnay's report was provided at p. 110. *See Van Wagenen,* 170 F.R.D. at 87.

3. A list of all correctional officers on duty at CMF, and their specific location assignments, on August 17, 1980 between 6 AM and 11 AM.. Also indicate which of these officers had a key to

1  the East grille gate on the third floor of CMF at that time.

2  Response: Objection: duplicative. Petitioner has already been provided with this information,

3  to the extent that it exists, during the state habeas hearing. (Furthermore, at the hearing on

4  petitioner's original motions for discovery, he limited this request to all correctional officers on duty

5  on the day in question on the first, second, and third floors of the wings at issue in the case, and in

6  the B-1 clinic.) *See* Exhibits 1 and 2. Copies of the requested staff rosters were initially provided

7  to petitioner at pp. 185-185-L, under Exhibit 1. Because DAG Lee was dissatisfied with the quality

8  of these copies, she had them re-done and provided petitioner with the improved copies of the staff

9  rosters under Exhibit 2. Furthermore, petitioner has not provided this Court with any explanation

10  why the materials produced under the agreed limitation he reached with respondent during the state

11  habeas proceedings are no longer adequately responsive.

12  4. A list of all prisoners housed in wing L-3 of CMF on August 16-17, 1980.

13  Response: Objection: duplicative; does not exist. Petitioner was informed that a roster of the

14  inmates housed in Roberts's housing area for these dates could not be found. *See* Exhibit 3.

15  5. Any copy of any court order (and any documents submitted to any court for the purpose of

16  securing a court order) regarding the collection of a blood sample from petitioner Roberts and any

17  other prisoner, including William Stevens, in this case. Further, provide information as to whether

18  there were any requests made orally, and which were unrecorded, with regard to the securing of any

19  court order relating to the obtaining of blood samples from any inmate in connection with this case.

20  Response: Objection: unreasonably burdensome, in that any such information is a public

21  record and therefore equally accessible to petitioner. *E.g.,* the memorandum in support of the State's

22  motion to compel petitioner to furnish a blood sample is found at CT 26; the motion is found at CT

23  45. Mr. Kirk's declaration in support of the motion is found at CT 48; the court order setting the

24  State's motion for hearing is found at CT 28; the court's order directing both defendant's to submit

25  to the withdrawal of a blood sample is found at CT 97. Additionally, on 10 August 1982, Mr. Kirk

26  forwarded to petitioner's trial counsel a copy of a 4 December 1981 memorandum concerning the

27  drawing of blood samples from both defendants. Mr. Kirk's letter also notes that counsel had

28  already been provided with the lab results of the blood comparisons. Furthermore, petitioner fails

1   to demonstrate how granting this request will lead to the discovery of evidence that is relevant to

2   any claim of prosecutorial misconduct.  Respondent notes that petitioner withdrew this same request

3   on 18 May 2000, in a telephone conversation with DAG Lee during the state habeas corpus

4   proceedings.

5       6.  All reports by Dr. William Welch regarding this case.

6       Response:  Objection:  duplicative; relevance.  Petitioner has already been provided with this

7   information, to the extent that it exists, during the trial and state habeas hearing.  *See* Exhibit 4; *see*

8   *also* People's Exhibit 68 at trial).  Furthermore, petitioner's claim of prosecutorial misconduct is that

9   Mr. Kirk allegedly suppressed evidence that the California Attorney General had brought a

10  complaint against Dr. William Welch accusing him of treating patients while intoxicated and of

11  having several convictions for DUI.  Petitioner claims that, not only was this impeachment evidence

12  concealed from the defense, but that the State took no action on the complaint against Dr. Welch for

13  "nearly three years," and withdrew the complaint against Dr. Welch three days after petitioner's trial

14  concluded.  Respondent fails to see how any reports Dr. Welch might have prepared regarding the

15  medical treatment he rendered in this case are relevant to or would lead to evidence that is relevant

16  to establishing that Mr. Kirk was aware of and suppressed evidence of the Licensing Section of the

17  Attorney General's Office's complaint against Dr. Welch, or that the prosecution made a deal with

18  Dr. Welch to alter or influence his testimony.

19      7.  This request was withdrawn.

20      Response:  N/A

21      8.  Unredacted and undeleted copies of all *in camera* proceedings in this case, including any

22  such conference which took place in Municipal Court and in Superior Court prior to and during trial.

23  If there are conferences where no transcript was prepared, provide a copy of any memoranda which

24  reflect the specifics of any such conference.

25      Response:  Objection:  overbroad and no good cause shown.  Petitioner merely alleges that Mr.

26  Kirk "mis-used" these *in camera* proceedings to convince the trial judge to permit Kirk to withhold

27  exculpatory evidence, without providing any showing as to what type of information was withheld

28  and why petitioner reasonably believes such information was improperly withheld.  The *in camera*

6

proceedings were necessary due to the sensitive nature of information regarding the identity and location of certain witnesses whose lives would be placed in jeopardy if petitioner learned of this information.  Furthermore, this matter was litigated in state court and the People's invocation of the official information privilege, Cal. Evid. Code § 1040, and privilege for identity of informer, Cal. Evid. Code § 1041, was sustained.  *See also* Cal. Evid. Code § 915 (authorizing *in camera* proceedings to evaluate invocation of official information and informer identity privileges).

9.  A copy of notes prepared by the prosecution regarding a "recent" conversation between Mr. Kirk and CO Robert Rudolph, as testified to by Officer Rudolph at pages 3264-65 of the trial transcript.

Response:  Objection:  No note has been found fitting this description.  *Soetaert*, 16 F.R.D. at 2; *see* Exhibit 1.  Furthermore, petitioner had an opportunity to question Kirk about this during the state evidentiary hearing.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992) (where substantially equivalent alternative means of discovery exists such fact weighs against ordering requested discovery).

10.  A list of which prisoners were "locked up" in W wing or elsewhere as a result of this incident on August 17, 1980, or thereafter.  Include the names of inmates, if there were any, who were placed in W wing for the purpose of securing information about this case from Petitioner, co-defendant Menefield, or from any other prisoner.

Response: Objection: duplicative.  Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing.  This information was provided at p. 2 under Exhibit 1.

11.  A copy of the original notes prepared by CO Robert Stall and submitted to "S&I", as referred to at page 1967 of the trial transcript.

Response: Objection: duplicative.  Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing.  This information was provided at pp. 107-09, under Exhibit 1.

12.  All information regarding whether co-defendant Archie Menefield had ever been an informant for law enforcement while incarcerated.  Indicate whether Mr. Menefield ever provided

1   confidential information to investigators prior to 8/17/80 regarding any matter relating to other

2   prisoners or any CDC personnel.  If such was the case, provide complete details regarding any such

3   circumstance.

4        Response:  Objection:  calls for information that is subject to the official information and

5   informer identity privileges.  *See* Cal. Evid. Code §§ 1040-41.  Furthermore, respondent objects that

6   the requested information is neither relevant to nor likely to lead to the discovery of information

7   which is relevant to any claim of prosecutorial misconduct.  *See* Respondent's Memorandum of

8   Points and Authorities in Support of Answer to Second Amended Petition for Writ of Habeas Corpus

9   at 81 (hereafter "Respondent's P&A").

10       13.  A comprehensive list of any and all consideration, assistance, or rewards to any prisoner

11  witness in this case, including any such consideration provided subsequent to the trial of this matter.

12  Include information regarding transfers, parole matters, visiting privileges, telephone privileges, and

13  any other consideration, assistance, or rewards.

14       Response:  Objection:  duplicative to the extent that petitioner has already been provided with

15  this information, to the extent that it exists, during trial and the state habeas hearing.  *See* pp. 186-

16  292 under Exhibit 1; Exhibits 5-9.  Also object to the extent that such information is also public

17  record readily available to petitioner.  *See, e.g.,*  RT 2647-48 and People's Exhibit 37 (letter written

18  by Mr. Kirk to Inmate Long's custodian regarding future custodial status).

19  **REGARDING WITNESSES CADE, CALVIN, GOODWIN, HAYES, LONG AND
    ROOKS**

20       14.  A copy of all CDC files and Department of Health files regarding these six witnesses.  In

21  the alternative, an opportunity to examine and copy these files at a location convenient to CDC.

22       Response: Objection: overbroad; unduly burdensome; calls for information that is not relevant

23  and not reasonably likely to lead to the discovery of admissible evidence; calls for information that

24  is confidential pursuant to state law; calls for information that is subject to the official information

25  privilege.  *See* Cal. Evid. Code § 1040; Cal. Gov't Code § 6254.  Petitioner should be required, at

26  a minimum, to state what specific categories of information he seeks from these files, and

27  demonstrate how he reasonably believes it is relevant to his claim of prosecutorial misconduct.

28       15.  A copy of the "rap sheets" of these six witnesses.

8

Response:  Objection:  duplicative.  The rap sheet for Rooks was provided to petitioner on 28 September 2000; for Long on 2 October 2000; for Calvin on 3 October 2000; and, Cade on 18 October 2000.  Additionally, Mr. Kirk provided petitioner with prior felony conviction information for possible impeachment on Cade, Calvin, Long, Goodwin, Hayes and Rooks.  *See* Exhibit 10. Also calls for information that is confidential under state law. *See Hill v. Superior Court*, 10 Cal.3d 812, 821 (1974).

16.  A copy of, or access to, the Parole Board (Board of Prison Terms) files of these six witnesses.

Response: Objection: overbroad; unduly burdensome; calls for information that is not relevant and not reasonably likely to lead to the discovery of admissible evidence; calls for information that is confidential pursuant to state law. *See* Cal. Evid. Code § 1040; Cal. Gov't Code § 6254.  To the extent that the information sought by petitioner is subsumed by request number 13, this request is duplicative.

17.  A copy of any letters or other written materials submitted by any law enforcement agency, including, but not limited to, the Attorney General's office and CDC, on behalf of any of the six witnesses.

Response:  Objection:  vague and overbroad; petitioner's request fails to specify to whom submission of the requested documents was made and, hence, conceivably includes entities outside the purview of respondent who are repositories.  This request is also duplicative to the extent that the information sought by petitioner is subsumed by request number 13.

18.  Information regarding any telephone calls made by law enforcement on behalf of the six witnesses regarding parole or any other consideration.

Response:  Objection:  duplicative; to the extent this overbroad request includes information relevant to petitioner's case, it is subsumed by request number 13.

19.  Information regarding any personal appearances before the parole board by the office of the Attorney General, CDC employees, or any other law enforcement agency regarding these six witnesses.

Response:  Objection:  duplicative; to the extent this overbroad request includes information

1  relevant to petitioner's case, it is subsumed by request number 13.

2      20.  Copies of all disciplinary reports regarding these six witnesses.

3      Response:  Objection: duplicative of request no. 14; overbroad to the extent that it includes

4  requests for disciplinary reports for incidents occurring after petitioner's criminal trial;  irrelevant

5  and not likely to lead to the discovery of relevant information because no information derived from

6  any disciplinary reports could have been used to impeach these prosecution witnesses, *see* Cal. Evid.

7  Code §§ 786-88; *see also People v. Smith,* 34 Cal.3d 251, 257-58 (1983) (Proposition 8 applies only

8  to prosecutions for crimes committed after 9 June 1982); calls for information that is confidential

9  pursuant to state law, *see* Cal. Gov't. Code § 6254; calls for information that is protected by the

10  official information privilege.  *See* Cal. Evid. Code § 1040.

11      21.  Details regarding any informant activity prior to 8/17/80 regarding these six witnesses,

12  including any information or written materials reflecting the nature of the activity, any statements

13  made by the witnesses, a transcript of any testimony provided in any forum by these witnesses.  Also

14  include information, if any, regarding any rewards or benefits provided to the witnesses, and any

15  understanding with regard to further informing activity by any of the six witnesses.

16      Response: Objection: duplicative to the extent the information regarding rewards and benefits

17  provided is subsumed by response number 13.  The information requested is also subject to the

18  informer identity privilege.  *See* Cal. Evid. Code § 1041.  Furthermore, to the extent that petitioner

19  requests any testimony provided in any forum, it is overbroad as to testimony in any forum that is

20  a matter of public record, since such testimony is equally accessible to petitioner.

21      22.  Details regarding the incarceration of the six witnesses at Chino (CIM East) and the Contra

22  Costa County jail between 8/17/80 and the conclusion of the trial of this case, including the specific

23  locations of their housing, the dates of the incarceration, data regarding conjugal visits, and

24  information regarding any disciplinary actions.

25      Response:  Objection:  vague as to the term "details regarding;" overbroad; unduly

26  burdensome; calls for information that is not within respondent's knowledge or control; calls for

27  information that is not relevant and not reasonably likely to lead to the discovery of admissible

28  evidence; calls for information that is confidential pursuant to state law; calls for information that

is protected by the official information privilege. *See* Cal. Evid. Code § 1040. Without waiving these objections, petitioner was provided all existing, relevant, non-privileged documents responsive to this request in the state habeas proceedings. *See* pp. 293-294, 307-09, 311 under Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 12; Exhibit 13.

23. With regard to Robert Hayes, a copy of an interview with him on or about 4/21/81 by Mr. Gard.

Response: Objection: duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing. *See* pp. 312-13 under Exhibit 1.

24. With regard to Hayes, information regarding his violation of parole in or about October of 1982, whether his violation involved a new arrest, and, if so, the docket number and county of that arrest. If there was a new case, provide information as to whether any law enforcement agency intervened in any way on behalf of Mr. Hayes in that case.

Response: Objection: compound; vague as to the term "any law enforcement agency intervened in any way;" overbroad; unduly burdensome; calls for information that is not within respondent's knowledge or control; duplicative in that petitioner was provided all existing, relevant, non-privileged documents responsive to this request in the state habeas proceedings. *See* Exhibit 14.

25. As to "Lucky" Calvin, a copy of any disciplinary reports regarding his conduct at Chino.

Response: Objection: Does not exist. *Soetaert*, 16 F.R.D. at 2.

26. As to Norman Goodwin, information regarding what, if any, efforts were made on behalf of Mr. Goodwin by the prosecution in this case regarding his re-sentence in his commitment offense.

Response: Objection: duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing. *See* pp. 226, 275 under Exhibit 1.

27. As to Leslie Rooks, copies of any disciplinary reports regarding any incidents in which he was involved while he was incarcerated at CIM East prior to his testimony in this case.

Response: Objection: duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing. *See* pp. 293-94 under Exhibit 1.

28. As to Rooks, the transcript of his interview dated 4/21/81 ends abruptly. Supply any notes

11

1   prepared by his interviewers with regard to matters discussed prior to the tape recorder being

2   activated, and after the tape recorder was turned off.

3       Response: Objection: duplicative. Petitioner has already been provided with this information,

4   to the extent that it exists, during the state habeas hearing.  *See* pp. 314-17 under Exhibit 1.

5   Furthermore, petitioner had an opportunity to question Mr. Rooks and his interviewers about this

6   matter during the state evidentiary hearing.  *See Richmark Corp.*, 959 F.2d at 1475.

7       29.  As to Rooks, in his interview of 5/25/81, it appears that the tape recorder was turned off.

8   Provide any notes regarding anything that transpired after the tape recorder was turned off.

9       Response: Objection: duplicative. Petitioner has already been provided with this information,

10  to the extent that it exists, during the state habeas hearing.  *See* response to Request no. 42, *infra*.

11  Furthermore, petitioner had an opportunity to question Mr. Rooks and his interviewers about this

12  matter during the state evidentiary hearing.  *See Richmark Corp.,* 959 F.2d at 1475.

13      30.  As to Rooks, provide an *unredacted* copy of the transcript of his interviews dated 4/21/81

14  and 5/25/82.  Also provide a legible copy of page 19 of the 5/25/82 interview.

15      Response: Objection: duplicative. Petitioner has already been provided with this information,

16  to the extent that it exists, during the state habeas hearing.  *See* response to Request no. 42, *infra*.

17  Furthermore, petitioner had an opportunity to question Mr. Rooks and his interviewers about this

18  matter during the state evidentiary hearing.  *See Richmark Corp.,* 959 F.2d at 1475.

19      31.  As to Rooks's interview of 5/25/82:  (a) side two begins out of context, suggesting that

20  there was conversation that took place while the tape was being turned over, (b) at page 24-25, the

21  tape recorder was turned off and then on again.  Provide information regarding any discussions

22  which were not recorded as well as copies of any notes that reflect the content of any such

23  discussions.

24      Response: Objection: duplicative. Petitioner has already been provided with this information,

25  to the extent that it exists, during the state habeas hearing.  *See* response to Request no. 42, *infra*.

26  Furthermore, petitioner had an opportunity to question Mr. Rooks and his interviewers about this

27  matter during the state evidentiary hearing.  *See Richmark Corp.*, 959 F.2d at 1475.

28      32.  As to Rooks, during his interview of 5/25/82 by Mr. Kirk and Mr. Gard, Mr. Kirk indicates

12

1 | that Mr. Bennett talked to Rooks "a week or so ago." Provide any notes and/or transcripts reflecting

2 | that interview by Mr. Bennett.

3 | Response: Objection: duplicative. Petitioner has already been provided with this information,

4 | to the extent that it exists, during the state habeas hearing. *See* response to Request no. 42, *infra*.

5 | None of the requested notes and/or transcripts by Mr. Bennett exist. *Soetaert*, 16 F.R.D. at 2.

6 | Furthermore, petitioner had the opportunity to question Mr. Rooks and Mr. Bennett about these

7 | matters at the state habeas evidentiary hearing. *See Richmark Corp.*, 959 F.2d at 1475.

8 | 33. As to Raybon Long, by whom was he interviewed on 8/19/80?

9 | Response: Objection: duplicative. Petitioner has already been provided with this information,

10 | to the extent that it exists, during the state habeas hearing. *See* p. 11 under Exhibit 1.

11 | 34. As to Long, provide notes and/or transcript reflecting an interview on 8/29/80.

12 | Response: Objection: duplicative. Petitioner has already been provided with this information,

13 | to the extent that it exists, during the state habeas hearing. *See* response to Request no. 42, *infra*.

14 | 35. As to Long, in a transcript of an interview on 9/2/80, Officer Gloria states (Page 1) that

15 | Long had talked previously about William Stevens. Provide a copy of transcripts and/or notes of

16 | any interviews prior to 9/2/80 at which Long spoke about Stevens.

17 | Response: Objection: duplicative. Petitioner has already been provided with this information,

18 | to the extent that it exists, during the state habeas hearing. *See* p. 11 under Exhibit 1; response to

19 | Request no. 42, *infra*. Furthermore, petitioner had an opportunity to question Officer Gloria about

20 | this matter during the state evidentiary hearing. *See Richmark Corp.*, 959 F.2d at 1475.

21 | 36. As to Long, provide an unredacted copy of his interview of 4/17/81.

22 | Response: Objection: duplicative. Petitioner has already been provided with this information,

23 | to the extent that it exists, during the state habeas hearing. *See* response to Request no. 42, *infra*.

24 | 37. As to Long, provide notes and/or transcript of an interview dated 11/1/82.

25 | Response: Objection: duplicative. Petitioner has already been provided with this information,

26 | to the extent that it exists, during the state habeas hearing. *See* p. 318 under Exhibit 1; *see also*

27 |

28 |

13

1   Exhibit 1 at p. 4.[1]/

2       38.  As to Ryland Cade, provide a legible copy of an undated two-page handwritten statement

3   by Cade.

4       Response:  Objection:  vague; duplicative.  Petitioner has already been provided with this

5   information, to the extent that it exists, during the state habeas hearing.  *See* response to Request no.

6   42, *infra*.  Furthermore, petitioner had an opportunity to question Cade and his interviewers at the

7   state evidentiary hearing.  *See Richmark Corp.,* 959 F.2d at 1475.

8       39.  As to Cade, the transcript of his interview on 9/5/80 makes clear that there was

9   conversation prior to the tape recorder being turned on.  Provide any written memoranda reflecting

10  that pre-tape conversation.

11      Response: Objection: duplicative. Petitioner has already been provided with this information,

12  to the extent that it exists, during the state habeas hearing.  *See* p. 55 under Exhibit 1; response to

13  Request no. 42, *infra*.  Furthermore, petitioner had an opportunity to question Cade and his

14  interviewers about this matter at the state evidentiary hearing.  *See Richmark Corp.*, 959 F.2d at

15  1475.

16      40.  As to Cade, provide an undeleted copy of his interview of 4/16/81.

17      Response: Objection: duplicative. Petitioner has already been provided with this information,

18  to the extent that it exists, during the state habeas hearing.  *See* response to Request no. 42, *infra*.

19      41.  As to Cade, at page 32 of his 4/16/81 interview, Mr. Cade indicates that he previously told

20  Officers Horton and Hartman about statements allegedly made by Larry Roberts.  Provide any

21  written memoranda regarding any such statement by Cade to Horton and Hartman.

22      Response: Objection: duplicative. Petitioner has already been provided with this information,

23  to the extent that it exists, during the state habeas hearing.  *See* response to Request no. 42, *infra*.

24      42.  Provide copies of any statement made by any of the six witnesses (Cade, Calvin, Goodwin,

25

26  ─────────────────────────

27      1.  "*NOTE regarding p. 318:*  Our "origininal" consists of a photocopied page with the
    following words in photocopy print:  "Notes from LONG, 1 NOV 82, saw [a] M pull G down – not
28  stay on wall, saw trash cart near grill gate," and the following words in blue ballpoint ink: "given
    BGF oath by {Michael Sloan, Wally Steward, Baby Lloyd."

1   Hayes, Rooks, Long) not previously disclosed.  If there are any such statements that are not in

2   written form, provide a summary of any such statements.

3       Response:  Objection:  compound; duplicative; calls for creation of new documents.  *Soetaert,*

4   16 F.R.D. at 2.  Petitioner has already been provided with this information, to the extent that it

5   exists, during the state habeas hearing.  *See* pp. 459-879 under Exhibit 1 (Rooks, pp. 459-513; Long,

6   pp. 514-630; Goodwin, pp. 631-73; Calvin, pp. 674-89; Cade, pp. 690-821; and, Hayes, pp. 822-79).

7                              **AS TO OTHER GUILT PHASE WITNESSES**

8       43.  Copy of notes and/or transcript of an interview on 8/30/80 of Robert Black.

9       Response:  Objection:  duplicative.  Petitioner has already been provided with this information,

10  to the extent that it exists, during the state habeas hearing.  *See* p. 335 under Exhibit 1.

11      44.  Copy of notes and/or transcript of an interview on 8/30/80 of Robert Black.

12      Response:  Objection:  duplicative.  Petitioner has already been provided with this information,

13  to the extent that it exists, during the state habeas hearing.  *See* pp. 12, 336-46 under Exhibit 1.

14      45.  As to Joseph Moore, Petitioner has copies of interviews dated 7/7/81 and 7/8/81.  Provide

15  any written memoranda regarding any other conversations with this witness.

16      Response:  Objection:  calls for information that is not relevant and not reasonably likely to

17  lead to the discovery of admissible evidence.  Moore was not a trial witness.  The inmate kites,

18  which were to have been the subject of Moore's testimony, were only admitted against co-defendant

19  Menefield.  Furthermore, petitioner offers no proof in support of his thinly veiled accusation in his

20  second amended petition that the erroneous release of Mr. Moore by Colorado authorities was

21  anything but an honest mistake, nor does he explain how the discovery of this information would

22  support such an accusation.  *See Cacique, Inc. v. Robert Reiser & Company, Inc.,* 169 F.3d 619, 622

23  (9th Cir. 1999) (denying discovery of information not relevant to liability at issue in case); *Soto v.*

24  *City of Concord,* 162 F.R.D. 603, 610 (N.D. Cal. 1995) (although question of relevancy should be

25  liberally construed, where information has no conceivable bearing on case discovery request should

26  be denied); *see also Southwest Hide Company v. Goldston,* 127 F.R.D. 481, 483 (N.D. Tex. 1989)

27  (proper to deny discovery not relevant to claims before the court, including claims that have been

28  stricken).

46.  A copy of the letter sent by Mr. Moore to the District Attorney (apparently) of Solano County.

Response:  Objection:  vague, no time period for the letter is given, nor is there any indication of what the purported subject matter of the letter might be.  Furthermore, it calls for information that is not relevant and not reasonably likely to lead to the discovery of admissible evidence.  *See* response to Request 45, *supra*.  Additionally, the requested document is not under the custody and control of respondent.

47.  Withdrawn.

Response:  N/A.

48.  As to Moore, provide complete details of Mr. Moore's informant activities while incarcerated, including, but not limited to, statements, transcripts, and testimony.

Response:  Objection: overbroad; unduly burdensome; calls for information that is not relevant and not reasonably likely to lead to the discovery of admissible evidence.  *See* response to Request 45, *supra*.  Also calls for information that is subject to the official information and informer identity privileges.  *See* Cal. Evid. Code §§ 1040-41.

49.  As to George Payne, provide any written memoranda regarding any interview Mr. Payne had with Officer Horton.

Response: Objection: duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing.  *See* p. 53 under Exhibit 1.

50.  With regard to Harrit Wilson, provide any written materials reflecting the content of a telephonic interview with Mr. Gard on 6/30/82.

Response: Objection: duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing.  *See* pp. 319-28, 347-57 under Exhibit 1.

51.  As to Donald Hand, provide any written memoranda regarding any interview prior to September 17, 1980.

Response: Objection: duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing.  *See* pp. 358-94 under Exhibit 1.

16

52.  As to Philip Green, provide notes and/or transcripts of interviews dated 8/29/80 and 4/21/81.

Response: Objection: duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing.  *See* pp. 395-427 under Exhibit 1.

53.  As to Richard Caton, provide any transcript and/or notes regarding any interviews.

Response: Objection: duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing.  *See* pp. 329, 428-32 under Exhibit 1.

54.  As to Lloyd Gaston, provide any written memoranda regarding any interviews.

Response: Objection: duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing.  *See* p. 433 under Exhibit 1.

55.  As to William Stevens, provide notes and/or transcripts of an interview conducted on 8/18/80.

Response: Objection: duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing.  *See* pp. 10-11, 330-34, 434-58 under Exhibit 1.

## AS TO PRISONERS NOT CALLED AS WITNESSES

56.  Provide notes and transcripts of interviews of the following prisoners who were apparently interviewed by the prosecution, but not called as witnesses:

| | |
|---|---|
| -Fletcher Merryweather | -Philip Coston |
| -Jacky Ray Smith | -Donald Wiggins |
| -Christopher Ormes | -David Lee Wiggins |
| -Leon Seymour | -Marcus Richardson (Particularly an interview by Mr. Gard at Folsom some time between 4/23/81 and 9/22/81) |
| -John Arevalo | |
| -Robert E. Lee | |
| -Edward Brown | -H. R. Bratton |
| -Kenneth Aikens | -Louis Charles Ferguson |
| -Ralph Moreno | -G. C. Fite |
| -Charles Maxwell | -G. Hoskins |
| -J. E. Fredericks | -Howard James |
| -Lawrence Cyprian | -R. A. Kemp |
| -Alexander Vichi | -Melvin Lowery |
| -Larry Rush | -David Mullins |
| -Mr. Perry, first name unknown | -Gerald Rogers |
| -Robert Charles Foster | -James Gregory Russell |
| -Henry Holland | -John Spain |
| -Rayfield Curry | -Walter Wellman |
| -Vicki Hernandez | -Oliver White |
| - Mike Stephens | -A. J. Williams |

Response: Objection: calls for information that is not relevant and not reasonably likely to lead to the discovery of admissible evidence; duplicative as to Alexander Vichi and Marcus Richardson. Petitioner has already been provided with information pertaining to Vichi, Holland, and Richardson, to the extent that it exists, during the state habeas hearing.

**EXHIBITS AND TAPES**

57.  Withdrawn

Response:  N/A

58.  At an *in camera* hearing conducted on February 5, 1982, Investigator Norman Gard refers to a conversation (reflected at page 5 of the transcript) he had with the witness Robert Hayes on January 21 (presumably 1982).  Mr. Gard also refers to information derived from another witness, allegedly in a letter, regarding Mr. Hayes.  Provide an undeleted copy of the letter written by that other person.

Response:  Objection:  calls for information subject to the official information and informer identity privileges.  *See* Cal. Evid. Code §§ 1040-41.  Also, petitioner had an opportunity to question Mr. Gard about this matter at the state evidentiary hearing.

58a.  At page 6 of the transcript of the 2/6/82 [*sic* 2/5/82] *in camera* hearing, Mr. Gard indicates that he interviewed the individual who had written the letter containing the information regarding a "contract" on Hayes.  Provide any memoranda, undeleted, regarding that interview.

Response:  Objection:  calls for information subject to the official information and informer identity privileges.  *See* Cal. Evid. Code §§ 1040-41.  Also, petitioner had an opportunity to question Mr. Gard about this matter at the state evidentiary hearing.  *See Richmark Corp*., 959 F.2d at 1475.

59.  Provide any memoranda, also undeleted, reflecting the conversation referred to between Mr. Gard and Mr. Hayes on January 21.

Response:  Objection:  duplicative.  Petitioner was provided with all existing notes or transcripts of interviews with Hayes during the state habeas proceeding.  *See* pp. 822-79 under Exhibit 1.

60.  At page 7 of the same transcript, Mr. Gard refers to a letter from Robert Hayes to Norman Gard relating to the contract Hayes claims was put out on him after he was paroled in 1981.  Provide

18

1  an undeleted copy of that letter.

2       Response:  Objection:  calls for information subject to the official information and informer

3  identity privileges.  *See* Cal. Evid. Code §§ 1040-41.

4       61.  Mr. Gard refers, at the same page, to a meeting he had with Hayes on the "22nd".  Provide

5  an undeleted copy of any memoranda reflecting the matters discussed at that meeting.

6       Response:  Objection:  calls for information subject to the official information privilege.  *See*

7  Cal. Evid. Code § 1040.

8       62.  Provide an undeleted copy of a memorandum prepared by Mr. Kirk relating to what Mr.

9  Kirk describes as "unused informants", which is described by Mr. Kirk on page 8, line 19, of the

10 same *in camera* hearing.

11      Response:  Objection:  calls for information subject to the official information privilege.  *See*

12 Cal. Evid. Code § 1040.  Furthermore, the justification offered by petitioner lacks adequate

13 foundation.  Petitioner claims he seeks this information to find out whether any of the "unused

14 informants" provided exculpatory information to the prosecutor.  He fails to state with any

15 reasonable degree of specificity the nature of such "exculpatory" information he expects to find,

16 much less what his reasonable and rational basis is for believing any such "exculpatory" information

17 exists in the first place.  Indeed, petitioner's request is little more than a fishing expedition.

18 Furthermore, the identity of these "unused informants" was disclosed to petitioner on 28 November

19 2000, during the state habeas proceeding.

20      63.  Provide all documents and information, undeleted, regarding the identities of witnesses

21 "A" and "B", who were the subjects of the *in camera* hearing held on 2/19/82.

22      Response:  Objection:  calls for information subject to the official information privilege.  *See*

23 Cal. Evid. Code § 1040.  Furthermore, petitioner was provided with information regarding Witness

24 "A," since the trial court ordered the prosecution to disclose the name of that individual and, hence,

25 is duplicative.  However, although the trial court denied disclosure of Witness "B's" identity at trial,

26 *see* CT 128,  his identity was disclosed to petitioner during the state habeas proceeding on 28

27 November 2000.

28      64.  All information regarding whether William G. Acker has ever been an informant for law

19

1  enforcement while incarcerated.  Indicate whether Mr. Acker ever provided confidential information

2  to investigators prior to March 14, 1983 regarding any matter relating to other prisoners or any CDC

3  personnel.  If such was the case, provide complete details regarding any such circumstance.

4      Response:  Objection:  calls for information that is not relevant and not reasonably likely to

5  lead to the discovery of admissible evidence.  Petitioner fails to demonstrate the relevance of the

6  requested information to any of his claims.  *See People v. Roberts,* 2 Cal.4th 271, 329-31 (1992);

7  Respondent's P&A at 194-97.  Mr. Acker was not a witness at trial for either side.  Furthermore, his

8  request calls for information that is subject to the official information and informer identity

9  privileges.  *See* Cal. Evid. Code §§ 1040-41.

10      65.  A copy of Mr. Acker's "rap sheet."

11      Response:  Objection:  calls for information that is not relevant and not reasonably likely to

12  lead to the discovery of admissible evidence.  *See* response to Request No. 64, *supra*.  Also calls for

13  information that is confidential under state law.  *See Hill v. Superior Court*, 10 Cal.3d at 821.

14      66.  A copy of, or access to, the Parole Board files for Mr. Acker.

15      Response:  Objection:  calls for information that is not relevant and not reasonably likely to

16  lead to the discovery of admissible evidence.  *See* response to Request No. 64, *supra*.  Also calls for

17  information subject to the official information privilege.  *See* Cal. Evid. Code § 1040; Cal. Gov't

18  Code § 6254.

19      67.  A copy of any letters or other written materials submitted by any law enforcement agency,

20  including, but not limited to, the Attorney General's office and CDC, on behalf of Mr. Acker.

21      Response:  Objection:  overbroad; calls for information that is not relevant and not reasonably

22  likely to lead to the discovery of admissible evidence.  *See* response to Request No. 64, *supra*.  Also

23  calls for information subject to the official information privilege.  *See* Cal. Evid. Code § 1040.

24      68.  Information regarding any telephone calls made by law enforcement on behalf of Mr.

25  Acker regarding parole or any other consideration.

26      Response:  Objection:  overbroad; calls for information that is not relevant and not reasonably

27  likely to lead to the discovery of admissible evidence.  *See* response to Request No. 64, *supra*.  Also

28  calls for information subject to the official information privilege.   *See* Cal. Evid. Code § 1040.

69.  Information regarding any personal appearances before the parole board by the office of the Attorney General, CDC employees, or any other law enforcement agency regarding Mr. Acker.

Response:  Objection:  overbroad; calls for information that is not relevant and not reasonably likely to lead to the discovery of admissible evidence.  *See* response to Request No. 64, *supra*.  Also calls for information subject to the official information privilege.  *See* Cal. Evid. Code § 1040; Cal. Gov't Code § 6254.

70.  Copies of all disciplinary reports regarding Mr. Acker.

Response:  Objection:  overbroad; calls for information that is not relevant and not reasonably likely to lead to the discovery of admissible evidence.  *See* response to Request No. 64, *supra*; *see also* Cal. Evid. Code §§ 786-88; *People v. Smith,* 34 Cal.3d at 257-58.

71.  Details regarding any informant activity prior to 8/17/80 regarding Mr. Acker, including any written material reflecting the nature of the activity, any statements made by Mr. Acker, and a transcript of any testimony provided in any forum by Mr. Acker.

Response:  Objection:  overbroad; calls for information that is not relevant and not reasonably likely to lead to the discovery of admissible evidence.  *See* response to Request No. 64, *supra*.  Also calls for information subject to the official information and informer identity privileges.  *See* Cal. Evid. Code §§ 1040-41.

72.  Details regarding the incarceration of Mr. Acker between 8/17/80 and the conclusion of the trial of this case, including the specific locations of his housing, the dates of incarceration, data regarding conjugal visits, and information regarding any disciplinary actions.

Response:  Objection:  overbroad; calls for information that is not relevant and not reasonably likely to lead to the discovery of admissible evidence.  *See* response to Request No. 64, *supra*.

73.  Copies of all statements made by Mr. Acker concerning Larry Roberts; also information regarding any discussions which were not recorded as well as copies of any notes that reflect the content of any such discussions.

Response:  Objection:  calls for information that is not relevant and not reasonably likely to lead to the discovery of admissible evidence.  *See* response to Request No. 64, *supra*.

**NEW DISCOVERY REQUESTS**

74.   All information and documents regarding Dr. Welch, including, but not limited to, information regarding the efforts of the Attorney General to revoke the medical license of Dr. Welch, any interaction between the prosecution and the officials who were involved in the efforts to revoke the license of Dr. Welch, any information regarding conversations with Dr. Welch regarding possible benefits he might receive, and any other information regarding Dr. Welch, including reports or any other documents.

Response:  Objection:  overbroad; calls for information that is not relevant and not reasonably likely to lead to the discovery of admissible evidence.   Petitioner's claim of prosecutorial misconduct is that Mr. Kirk allegedly suppressed evidence the California Attorney General had brought a complaint against Dr. William Welch accusing him of treating patients while intoxicated and of having several convictions for DUI and that the State took no action on this complaint for "nearly three years," and withdrew the complaint against Dr. Welch three days after petitioner's trial concluded.

75.   Copies of, or access to, *all* CDC files (including, but not limited to central files and health files) for inmates Cade, Long, Hayes, Rooks, Richardson, and Yacotis.  Petitioner also seeks details regarding the dates and details of incarceration of these witnesses at any state prison in the period after 8/17/80.

Response:  Objection: compound; duplicative of request 14 for Cade, Long, Hayes and Rooks; duplicative as to Yacotis, *see* Exhibit 14 vague; overbroad.  Also calls for information subject to the official information privilege.  *See* Cal. Evid. Code § 1040; Cal. Gov't Code § 6254.

76. As to Robert Hayes, any information regarding involvement by the prosecution in Hayes' 1981 Alameda County cases, including, but not limited to, interaction between the prosecution in this case and (a) the Alameda County prosecutor, (b) any attorney for Hayes, and (c) any judge who was involved in Hayes' cases.  Also provide information regarding contacts by or on behalf of the prosecution with the Board of Prison Terms, and with the CDC regarding the location where Hayes was to be incarcerated.

Response:  Objection: duplicative of Requests Nos. 13 and 23.  Petitioner has already been provided with this information, to the extent it exists and is relevant, during the state habeas proceedings.

77.  As to Raybon Long, information as to any contact by law enforcement officers regarding the instant case at any time after Long was interviewed at Folsom Prison in November 1999 by Deputy Attorney General Susan Lee.

Response:  No objection; however, respondent notes that petitioner has already been provided with information responsive to this request, to the extent that it exists, during the state habeas hearing, and such information will not be produced again since it is duplicative.  *See* Exhibit 14.

78.  All information regarding contacts related to this case between law enforcement officers and Lt. Peter DuQuesney after he spoke with Petitioner's counsel (Bloom) on February 16, 1996.

Response: Objection: duplicative.  Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing.  *See* Exhibit 14.  Furthermore, petitioner had an opportunity to question Lt. DuQuesney about this matter during the state evidentiary hearing. *See Richmark Corp.*, 959 F.2d at 1475.

79.  Disclose the identity and circumstances wherein any witness who identified anyone other than Petitioner as a person who was involved in the assault on Charles Gardner on August 17, 1980.

Response:  Objection:  overbroad; because many individuals identified Menefield.  Without waiving this objection, respondent has already provided petitioner with this information, to the extent that it exists, during the trial and state habeas proceeding, and this request is duplicative.

80.  Disclose all information and documents related to contacts by the prosecution with inmate Alexander Vichi during the investigation.

Response: Objection: duplicative.  Petitioner has already been provided with this information to the extent that it exists during the state habeas hearing.  *See* Exhibit 14.  Furthermore, petitioner had an opportunity to question Vichi and all the investigators on this subject during the state evidentiary hearing.  *See Richmark Corp.*, 959 F.2d at 1475.

81.  As to Joseph Moore, all information and documentation reflecting any reports regarding Moore related to this case.

Response:  Objection:  seeks information that is not relevant and not reasonably likely to lead to the discovery of admissible evidence.  As detailed in respondent's answer, Moore's testimony was only relevant against co-defendant Menefield.  Petitioner fails to explain what relevance any of the requested information has to any entitlement he might have to relief.  *See* response to Request No. 45, *supra*.

82.  Copies of all tape recordings of all interviews of the witnesses Long, Cade, Hayes, and Richardson.  Also provide accurate copies of all transcripts that were prepared from the tape recordings, as well as information as to the names of the individuals who transcribed the tapes.

Response: Objection: duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing.  *See* Exhibit 14, Exhibit 15; Exhibit 16.

83.  As to Raybon Long, accurate information as to how many times Long was interviewed on 8/19/80 and 9/2/80.

Response: Objection: duplicative. Petitioner has already been provided with this information during the state habeas hearing.  *See* Exhibit 14.

84.  Copies of all documents that were sealed at the request of the prosecution.

Response:  Objection: overbroad.  Petitioner fails to provide any nexus between such documents and a claim in the petition.  Furthermore, respondent may not provide such documents to petitioner without a valid order from this Court, since the documents currently are under seal by valid state court order.  *See* Cal. Evid. Code § 1040; *see also* Cal. Evid. Code § 915.

85.  An accurate and complete transcript of the 8/25/80 interview of Marcus Richardson which was seen by Judge Taft and by Petitioner Roberts during the state court evidentiary hearing.

Response:  Petitioner has already been provided with the only transcript of the 8/25/80 interview with Richardson.  No other transcript exists.  Respondent submits that, if any question remains regarding whether another document fitting the description of petitioner's request exists, that the Court should conduct a limited evidentiary hearing in order to determine whether or not such a document exists.

86.  Information as to any contact by the prosecution with federal authorities regarding federal parole or incarceration of Ryland Cade.

24

Response: Objection: duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing. *See* Exhibits 5 and 6.

87.   Information regarding any contact between Cade and a particular girlfriend that was facilitated or arranged by the prosecution.

Response: Objection: vague; duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas proceedings. *See* Exhibits 5 and 6. Furthermore, petitioner had an opportunity to question Cade and the prosecution team about this matter at the state evidentiary hearing. *See Richmark Corp.*, 959 F.2d at 1475.

88.   Copies of any previously undisclosed correspondence or interaction between the prosecution  and witnesses Cade, Rooks, Long, or Hayes.

Response: Objection: duplicative.  All known copies of correspondence or other interaction was disclosed during the state habeas proceeding.

89.  Information regarding gifts provided by Officer Hartman (or any other officer) to Cade or to any of the other inmate witnesses.

Response: Objection: duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing.  *See* Exhibits 5 and 6.

90.  As to Hayes, information as to any and all meetings or other contacts with the prosecution after Hayes was arrested in Alameda County in the Fall of 1981.

Response: Objection: duplicative. Petitioner has already been provided with this information, to the extent that it exists, during the state habeas hearing.  *See* Exhibit 14.

91.  All information regarding Hayes' informant activity prior to Petitioner's trial.

Response:  Objection:  vague; calls for information that is not relevant and not reasonably likely to lead to the discovery of admissible evidence; calls for information subject to the official information and informer identity privileges.  *See* Cal. Evid. Code §§ 1040-41.

92.   Access to the entire trial and investigative file of the prosecution, (with appropriate protective orders, if necessary).

Response:  Objection:  calls for attorney work product; overbroad.  Petitioner is requesting permission to conduct a fishing expedition through the prosecution's case file.  He must tailor his

request to specific portions of the file and provide an explanation of the type of information he expects his search to uncover and a rationale basis for that belief.  Furthermore, he must establish a nexus between the information sought and his entitlement to relief.

92A.  On September 22, 2000, during the state court proceedings, Deputy Attorney General Lee provided for Judge Taft (with a copy for Petitioner) an index to the prosecution's trial file.  (A copy of that document is attached to Petitioner's 2004 Motion for discovery).  Petitioner seeks disclosure of the following documents, as referenced in the index to the prosecution's trial file:

    a.  All Rooks documents (page 3),

    b.  All Long documents (page 4),

    c.  All Cade documents (page 9),

    d.  All Black documents (page 11),

    e.  All Hayes documents (page 11),

    f.  All Cumulative Summaries (page 14),

    g.  All inmate interviews (page 21).  Petitioner also seeks all tape recordings and transcripts of these interviews.  [Footnote 2: "Petitioner is in possession of many transcripts, and he assures the Court that he will not ask Respondent to provide materials he presently possesses."]

Response:  Objection:  compound; duplicative by petitioner's own admission in his footnote 2.  Petitioner has already been provided with this information, to the extent that it exists and is relevant, during the state habeas proceedings.  Without waiving these objections, respondent will produce any relevant information that exists and has not already been produced.

93.  All exculpatory information.

Response:  Objection:  Petitioner has already been provided with this information, to the extent it exists, during the criminal trial and state habeas proceedings.

94.  Access to personnel files of Officers Horton, Hartman, Gard, Glenn, Bennett, and DuQuesney, as well as the personnel files of prosecutor Kirk.

Response:  Objection:  overbroad; calls for information that is not relevant and not reasonably likely to lead to the discovery of admissible evidence; calls for information protected by the official

1   information privilege, *see* Cal. Evid. § Code 1040, Cal. Gov't Code § 6254; to the extent that the

2   request calls for any information that may be relevant to these proceedings, the information has

3   already been provided to the petitioner through the testimony of these witnesses in the state habeas

4   proceedings.

5          Dated:  February 22, 2005

6                                        Respectfully submitted,

7                                        BILL LOCKYER
                                         Attorney General of the State of California

8                                        ROBERT R. ANDERSON
                                         Chief Assistant Attorney General
9
                                         GERALD A. ENGLER
10                                       Senior Assistant Attorney General

11                                       RONALD S. MATTHIAS
                                         Supervising Deputy Attorney General
12

13
                                         GLENN R. PRUDEN
14                                       Deputy Attorney General

15                                       Attorneys for Respondent

16   GRP/grp/gm
     SF1993XW0003
17   c:\dat\pruden\roberts.smd.wpd

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3

BACKGROUND                                                               1

4

LAW ON HABEAS DISCOVERY                                                  2

5

RESPONSES TO PETITIONER'S DISCOVERY REQUESTS                             3

6

REGARDING WITNESSES CADE, CALVIN, GOODWIN, HAYES, LONG AND ROOKS   8

7

AS TO OTHER GUILT PHASE WITNESSES                                       15

8

AS TO PRISONERS NOT CALLED AS WITNESSES                                 17

9

EXHIBITS AND TAPES                                                      18

10

NEW DISCOVERY REQUESTS                                                  22

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page

**Cases**

*Alexander v. FBI*
192 F.R.D. 50 (D.D.C. 2000)                                           3

*Alexander v. FBI*
193 F.R.D. 1 (D.D.C. 2000)                                            3

*Aubut v. Maine*
431 F.2d 688 (1st Cir. 1970)                                          3

*Bracey v. Gramley*
520 U.S. 899 (1997)                                                   2

*Cacique, Inc. v. Robert Reiser & Company, Inc.*
169 F.3d 619 (9th Cir. 1999)                                          15

*Calderon v. U.S.D.C. (Nicolaus)*
98 F.3d 1102 (9th Cir. 1996)                                          3

*Campbell v. Blodgett*
982 F.2d 1356 (9th Cir. 1993)                                         2

*Corrigan v. Methodist Hosp.*
158 F.R.D. 54 (E.D. Pa. 1994)                                         3

*Gilday v. Callahan*
99 F.R.D. 308 (D.Mass. 1983)                                          2

*Hill v. Superior Court*
10 Cal.3d 812 (1974)                                                  9, 20

*Jefferies v. Blodgett*
771 F.Supp. 1520 (W.D. Wash. 1991)                                    3

*Marshall v. Lonberge,*
459 U.S. 422 (1983)                                                   3

*Munoz v. Keane*
777 F.Supp. 282 (S.D.N.Y. 1991)                                       3

*People v. Roberts*
2 Cal.4th 271 (1992)                                                  20

*People v. Smith*
34 Cal.3d 251 (1983)                                                  10, 21

*Perillo v. Johnson*
79 F.3d 441 (5th Cir. 1996)                                           3

**TABLE OF AUTHORITIES** **(continued)**

1

**Page**

2

3
*Rector v. Johnson*
120 F.3d 551 (5th Cir. 1997)    3

4
*Rice v. Black*
112 F.R.D. 620 (D.Neb. 1986)    3

5

6
*Rich v. Calderon*
187 F.3d 1064 (9th Cir. 1999)    2, 3

7
*Richmark Corp. v. Timber Falling Consultants*
959 F.2d 1468 (9th Cir. 1992)    7, 12-14, 18, 23, 25

8

9
*Securities and Exchange Commission v. Canadian Javelin Limited*
64 F.R.D. 648 (S.D.N.Y. 1974)    4

10
*Soetaert v. Kansas City Coca Cola Bottling Co.*
16 F.R.D. 1 (W.D. Mo. 1954)    4, 7, 13

11

12
*Soto v. City of Concord*
162 F.R.D. 603 (N.D. Cal. 1995)    15

13
*Southwest Hide Company v. Goldston*
127 F.R.D. 481 (N.D. Tex. 1989)    15

14

15
*Stanford v. Parker*
266 F.3d 442 (6th Cir. 2001)    2

16
*Sumner v. Mata*
455 U.S. 591 (1982)    3

17

18
*Toney v. Gammon*
79 F.3d 693 (8th Cir. 1996)    3

19
*United States v. Webster*
392 F.3d 787 (5th Cir. 2004)    2

20

21
*Van Wagenen v. Consolidated Rail Corporation*
170 F.R.D. 86 (N.D.N.Y. 1997)    4

22
*Ward v. Whitley*
21 F.3d 1355 (5th Cir. 1994)    3

23

24
*Williams v. Bagley*
380 F.3d 932 (6th Cir. 2004)    2

25

26

27

28

iii

**TABLE OF AUTHORITIES  (continued)**

1

**Page**

2

**Statutes**

3

California Evidence Code

4
§ 786-88                    10, 21

§ 915                   7, 24
5
§1040      7-10, 16, 18-22, 24, 25, 27
6

Government Code
§ 6254          8-10, 20-22, 27
7

8

9 **Other Authorities**

10

Federal Rules of Civil Procedure
Rule 26(b)(2)           4
11

Habeas Rules
Rule 6(a)           2

Rule 11           2
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iv