IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY ROBERTS,                              No.  CIV S-93-0254 GEB DAD DP

     Petitioner,

  v.                                        <u>DISCOVERY ORDER</u>

JEANNE WOODFORD, et al.,
                                            **<u>DEATH PENALTY CASE</u>**
     Respondents.
_____/

     This matter is before the court on petitioner's motion for discovery and amended supplementary motion for discovery.  At the most recent hearing held on March 11, 2005, Robert Bloom and Claudia J. Robinson appeared on behalf of petitioner.  Glenn R. Pruden appeared on behalf of respondent.

     By way of background, in his second amended petition pending before the court petitioner presents fifty-nine claims for relief.  The first claim, and what appears to be at least one of the cornerstones of the petition, is that monumental prosecutorial misconduct pervaded the investigation and prosecution of petitioner

1

1  for a murder of which he is factually innocent.  In addition,

2  petitioner seeks relief based upon a number of alleged erroneous

3  rulings by the state trial court, ineffective assistance of trial

4  counsel, jury instruction error, juror misconduct, trial court

5  misconduct, penalty phase error, ineffective assistance of appellate

6  counsel and cumulative error among other claims.

7          Petitioner's discovery request pending before this court is

8  voluminous and set out in minute detail.  Through more than ninety-

9  four specific requests petitioner seeks broad discovery.  In some

10 instances, those requests seek an order requiring respondent to

11 assemble lists and other data that do not currently appear to exist

12 or to respond to petitioner's questions which are presented in

13 interrogatory-like form.  Despite the detailed nature of those

14 requests, counsel for petitioner in many instances supports those

15 requests by merely stating that the discovery sought relates to his

16 prosecutorial misconduct claim and that similar discovery requests

17 were granted by Magistrate Judge Moulds in an order filed on July 28,

18 1995.[1]

19         Counsel for respondent has, in large part, responded to

20 petitioner's discovery requests by representing that, without waiving

21 /////

22 /////

23

24         [1]  The discovery order issued on July 28, 1995 was stayed by the
   Ninth Circuit Court of Appeals.  In an order issued March 3, 1998
25 this court denied petitioner's motion seeking the reinstatement of
   that discovery order in part because of intervening decisions
26 defining the contours of permissible discovery in the context of
   federal habeas proceedings.

objection, to the extent the requested discovery exists[2] it has

already been provided to petitioner's counsel either in this action

or in the state habeas proceedings.

In general, petitioner replies that responsive documents

were not produced in the state habeas proceedings and because he

believes prosecutorial misconduct has occurred throughout the state

court trial and habeas proceedings, respondent's representations

cannot be accepted at face value in any event.[3]

In an attempt to break this impasse over whether

petitioner's counsel has in fact received certain documents,

respondent's counsel has filed with the court four bound volumes of

exhibits consisting of documents produced to petitioner in the state

habeas proceedings. (See Resp. to Supp. Mot. for Discovery, Exs. 1-

16.)  Unfortunately, respondent refers to the pages of those exhibits

only in broad generalities rather than focusing on petitioner's

specific requests.  Thus, both parties have left it to the court to

sift through petitioner's lengthy, detailed requests and respondent's

voluminous exhibits in an attempt to determine whether there is a

/////

---

[2]  Respondent's counsel thus appears somewhat reluctant to
commit as to whether any additional documents responsive to
petitioner's discovery requests exist and have been produced.  This
hesitancy may reflect current counsel's concern that he has relied
upon the representations of his various predecessors who have worked
on this case.  In any event, the court has been forced to construe
the responses to discovery requests where necessary and respondent's
counsel will be held to the responses as construed.

[3]  Petitioner's counsel have repeatedly made clear that they are
not suggesting that current counsel for respondent is responsible for
any act of alleged misconduct.

1  legitimate dispute with respect to each of the over ninety-four

2  discovery requests posed.

3       Below the court will first examine the legal standards

4  governing discovery in this federal habeas action.  The court will

5  then turn to address each of petitioner's specific discovery

6  requests.

7                        DISCOVERY STANDARDS

8       The parties in a habeas proceeding are not entitled to

9  discovery as a matter of course.  Bracy v. Gramley, 520 U.S. 899, 904

10  (1997); Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir.), cert.

11  denied, 540 U.S. 1013 (2003).  Rather, "[a] party shall be entitled

12  to invoke the processes of discovery available under the Federal

13  Rules of Civil Procedure if, and to the extent that, the judge in the

14  exercise of his [or her] discretion and for good cause shown grants

15  leave to do so, but not otherwise."  Rule 6(a), Rules Governing §

16  2254 Cases.  See also Bracy, 520 U.S. at 904.  Good cause is shown

17  "where specific allegations before the court show reason to believe

18  that the petitioner may, if the facts are fully developed, be able to

19  demonstrate that he is . . . entitled to relief."  Bracy, 520 U.S. at

20  908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).  See

21  also Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2004).  In order to

22  obtain discovery a petitioner need not demonstrate that he will

23  prevail on the claim underlying the discovery request.  See Bracy,

24  520 U.S. at 909 ("It may well be, as the Court of Appeals predicted,

25  that petitioner will be unable to obtain evidence sufficient to

26  support a finding of actual judicial bias in the trial of his case,

                                4

1  but we hold that he has made a sufficient showing . . . to establish

2  'good cause' for discovery."); Pham, 400 F.3d at 743.  Thus, it has

3  been "held that a district court abused its discretion in not

4  ordering Rule 6(a) discovery when the discovery was 'essential' for

5  the habeas petitioner to 'develop fully' his underlying claim.  Id.

6  (quoting Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997)).  See

7  also McDaniel v U.S. District Court (Jones), 127 F.3d 886, 888 (9th

8  Cir. 1997) (finding that the district court "acted well within its

9  discretion in ordering discovery" where the petitioner's claims did

10 "not appear purely speculative or without any basis in the record.").

11        Finally, a request for discovery "must also include any

12 proposed interrogatories and requests for admission, and must specify

13 any requested documents."  Rule 6(b).  Federal courts have "the power

14 to 'fashion appropriate modes of procedure,' including discovery, to

15 dispose of habeas petitions 'as law and justice require[.]'"  Id. at

16 904 (citations omitted) (quoting Harris, 394 U.S. at 299-300).  See

17 also Bittaker, 331 F.3d at 728.

18                    PETITIONER'S DISCOVERY MOTION

19 Request 1: A List of all Witnesses Interviewed by the Prosecution

20        This first request presents an example of the frustration

21 created by the manner in which petitioner's counsel has chosen to

22 present these discovery requests.  The request seeks a complete list

23 of all witnesses, including prisoners, prison staff and others,

24 interviewed by the prosecution in the underlying state court case,

25 including those interviewed by telephone, the date of the interview,

26 and whether the interview was tape-recorded.

Respondent contends that a comprehensive list of the inmate witnesses interviewed, including dates and explanatory notes, was produced to petitioner's counsel on July 24, 2000. (Resp. to Supp. Mot. for Discovery at 4, Ex. 1.)  Moreover, petitioner's counsel was informed by respondent that no similar list of non-inmate witnesses who were interviewed was in respondent's possession but that an alphabetical list of all witnesses who testified at trial was being produced.  (Id.)  Respondent has submitted to this court the eleven page list of inmate witnesses interviewed by the prosecution which includes the dates of the interviews and other explanatory notes, as well as the five page list of all trial witnesses.  (Id.)

Petitioner's initial reply to these representations by respondent was to assert that no such list had been provided and that, in any event, due to the alleged wholesale concealment of evidence by the prosecution, there could be no reliance placed in any information provided to petitioner's counsel in the past.  (Reply filed June 4, 2004 at 5.)

At the hearings on the motions petitioner's counsel first argued that although a list of prisoner witnesses interviewed had been provided, counsel believed it was incomplete and that a new list should be assembled and produced by respondent.  (Reporter's Transcript of June 16, 2004 (hereinafter RTI) at 9, 20).  Ultimately, however, petitioner's counsel took the position that petitioner did not seek an actual list of the witnesses interviewed by the prosecution.  (RTI at 10, 20; Reporter's Transcript of March 11, 2005 (hereinafter RTII) at 8.)  Instead, petitioner's counsel cited the

1   example of a prisoner by the name of Alexander Vichi who was located

2   by petitioner's counsel and who testified at the evidentiary hearing

3   held in connection with the state habeas petition.  According to

4   petitioner, Vichi testified that he was interviewed by investigators

5   within a few days of the killings, told them that he saw the incident

6   and reviewed a photospread for investigators in identifying

7   petitioner's co-defendant and another individual, not petitioner, as

8   the perpetrators.  (RTI at 6, 8; RTII at 3.)  Backtracking once

9   again, petitioner's counsel then conceded that Mr. Vichi's name

10  appeared on the list of prisoner witnesses interviewed that

11  respondent produced to counsel years ago.  (RTI at 9-10.)  Finally,

12  petitioner's counsel argued that he was actually only seeking

13  production of the report of this interview with Mr. Vichi because one

14  had never been produced.[4]  (RTI at 6,20; RTII at 4.)

15          Petitioner has failed to establish good cause for the court

16  to require respondent's current counsel to assemble a new list of

17  prisoner witnesses interviewed by the prosecution to verify the

18  accuracy of the list provided to petitioner's counsel in July of

19  2000.  Likewise, counsel has failed to establish good cause for an

20  order requiring respondent to create a list of all non-prisoner

21  witnesses interviewed by the prosecution in the course of the

22  investigation which took place in 1980.  This is particularly true in

23  light of the extensive discovery already produced in connection with

24

25          [4]  In Request 2 petitioner's counsel seeks an order compelling
    production of all reports regarding the incident prepared in
    connection with this investigation, leading the court to wonder why
26  Request 1 was made at all.

1   these proceedings as well as the state court habeas proceedings,

2   including approximately 1200 pages of additional discovery which

3   petitioner's counsel acknowledges was provided earlier this year.

4   Accordingly, this request is denied.

5   <u>Request 2: Copies of All Reports Regarding This Incident</u>

6   Through this request petitioner's counsel originally sought

7   copies of all reports prepared by the California Department of

8   Corrections (CDC), correctional officers, Medical Technical

9   Assistants (MTA's) and civilians regarding the killing of prisoner

10  Charles Gardner and Correctional Officer Albert Patch including but

11  not limited to reports by Correctional Officer Thomas Hartman dated

12  January 14, 1981 and January 26, 1983, a report by Correctional

13  Officer Manual Gloria dated December 12, 1980 and a report by

14  Correctional Officer Peter DuQuesnay referred to at a specific page

15  of his trial testimony.

16  Respondent counters that to the extent such reports exist

17  they have previously been produced to petitioner's counsel in the

18  state habeas proceedings.  (Resp. to Supp. Mot. for Discovery at 4,

19  Ex. 1.)  Nonetheless, respondent guardedly acknowledges that some of

20  the specific reports requested by petitioner "have never been

21  located."  (<u>Id.</u>)  At the second hearing on the pending motion

22  petitioner's counsel limited this request so as to seek only the

23  reports of four correctional officers (Officers Rudolph, Hartman,

24  Gloria and DuQuesnay) who were working on the third floor of the unit

25  on the day the killings took place.

26  /////

1    The court finds that petitioner has made a showing of good

2    cause with respect to this request as modified at the hearing.   It

3    appears undisputed that Correctional Officer Rudolph testified at the

4    evidentiary hearing in the state habeas proceeding that it was his

5    practice to prepare contemporaneous reports with respect to such

6    incidents but that given the passage of time he could not recall if

7    he did so in this case.   Moreover, one would expect there to be such

8    a report from the officer stationed at the third floor gate to the

9    unit given the nature of the prosecution.   Finally, if

10   contemporaneous reports from the officers on duty at the scene of the

11   killings exist, but were never turned over to the defense, certainly

12   such information is essential for petitioner to fully develop his

13   prosecutorial misconduct claim.   Under these circumstances the

14   modified request is not unduly speculative.

15   Accordingly, respondent will be ordered to produce the

16   requested reports.   If the response is that no additional reports

17   exist other than those already produced, respondent shall make that

18   representation in writing.   In doing so respondent may refer to the

19   description of the reports already produced by reference to the pages

20   of the briefs submitted in connection with this motion.

21   Request 3: A List of All Correctional Officers On Duty at CMF on

22   August 17, 1980 Between 6:00 a.m. and 11 a.m.

23   Petitioner's counsel later limited this request to seeking

24   a list of all officers on duty on the three floors of the California

25   Medical Facility (CMF) housing wings at issue and at the B-1 clinic.

26   At the second hearing on this motion petitioner's counsel argued that

9

the thrust of the request was to seek the identity of any correctional officers other than officer Rudolph who had a key to the third floor gate on the day in question. (RTII at 10.)

Respondent contends that a complete staff roster was produced to petitioner's counsel in the state habeas proceedings. (Resp. to Supp. Mot. for Discovery at 5, Exs. 1 & 2.)

Petitioner has not demonstrated good cause in support of his request for additional discovery in this regard and this request will be denied.

Request 4: A list of All Prisoners Housed in the L-3 Wing at CMF on August 16-17, 1980

Petitioner seeks discovery of this information for obvious reasons.  However, respondent contends that the requested information "does not exist."  (Resp. to Supp. Mot. for Discovery at 5, Ex. 3.) Petitioner at the second hearing on the pending motion suggested that respondent should be compelled to investigate and re-create or reassemble the requested information.  The court declines to order respondent to carry out such an investigation.  The court does note that in the state habeas proceedings the Deputy Attorney General stated to petitioner's counsel that the requested housing roster "could not be found."  (Id.)  Respondent now affirmatively represents to the court that the requested list "does not exist" and respondent will be held to that representation.[5]

_____

[5]  This is a matter of some import throughout this order.  At the second hearing on the pending motion the court inquired of respondent's counsel regarding the nature of the representations being made and confirmed that they were based upon a full and

10

1    Petitioner has not demonstrated good cause in support of

2  his request for additional discovery in this regard and this request

3  will be denied.

4  Request 5: Court Orders Regarding the Collection of Blood Samples

5  From Petitioner or Any Other Prisoner, Including William Stevens

6    At one point petitioner's counsel withdrew this request.

7  (Reply filed June 4, 2004 at 6.)  It was apparently resurrected with

8  counsel arguing in conclusory fashion that the information sought was

9  relevant to claim twenty of his amended petition in which he argues

10  that his rights were violated by the introduction of evidence that he

11  refused to provide a blood sample when asked to do so.  (Supp. Mot.

12  for Discovery at 8.)  No further argument has been submitted.[6]

13    Respondent contends that any document arguably within the

14  scope of this request is either part of the state court record or has

15  been previously produced to petitioner in the state court

16  proceedings.

17    Petitioner has not demonstrated good cause in support of

18  his request for additional discovery in this regard and this request

19  will be denied.

20

21  complete good faith inquiry by the collective counsel for respondent.
   (RTII at 5-10.)  The court also addressed, and counsel for respondent
22  acknowledged, the fact that given the nature of the allegations in
   the second amended petition any future evidence of non-disclosure
23  inconsistent with these representations by respondent would likely
   result in an inference of misconduct. (Id.)
24

25    [6]  It is difficult not to infer from this that counsel's
   motivation in seeking the requested discovery is to reinvestigate the
26  case from the beginning in the hope of developing additional evidence
   in support of an actual innocence claim.

11

1  <u>Request 6: All Reports by Dr. William Welch Regarding This Case</u>

2          Petitioner's argument in support of this discovery request

3  is based solely on his theory that Dr. Welch was intoxicated at the

4  time of the killings and provided negligent medical treatment to

5  victim Gardner thereby contributing to Gardner's death and that the

6  trial prosecutor suppressed and delayed de-licensing proceedings

7  against Dr. Welch until after petitioner's trial at which time the

8  proceedings were terminated.

9          Respondent reports that all reports <u>by</u> Dr. Welch have

10  previously been provided to petitioner's counsel and that, in any

11  event, petitioner has established no link between the requested

12  reports authored <u>by</u> Dr. Welch and petitioner's claim of prosecutorial

13  misconduct surrounding the doctor's de-licensing proceedings.  The

14  argument is persuasive.

15          Petitioner has made no attempt to link the requested

16  discovery to his claim of prosecutorial misconduct.  Accordingly,

17  this request will be denied.

18  <u>Request 8[7]: Unredacted Copies of all In Camera Proceedings</u>

19          In this request petitioner seeks unredacted transcripts of

20  all <u>in camera</u> proceedings held by the state trial court both before

21  and during petitioner's trial.  Petitioner argues that the unredacted

22  transcripts are relevant to Claim 1 of his petition in which he

23  argues that prosecutorial misconduct violated his constitutional

24  rights.  Specifically, petitioner argues that the prosecutor

25

26          [7]  Request 7 was withdrawn by petitioner in his amended motion.

1   routinely misused _in_ _camera_ proceedings as a way of convincing the

2   trial judge to sanction the withholding of exculpatory evidence from

3   the defense.  Petitioner notes that this request was granted with a

4   protective order in the 1995 discovery order by Judge Moulds.  At the

5   second hearing on this discovery motion, petitioner's counsel

6   suggested that the unredacted transcripts of all _in_ _camera_ hearings

7   should be submitted for _in_ _camera_ review by this court. (RTII at 14.)

8        Respondent counters that this issue was litigated in state

9   court with the invocation of the official information and informant

10  identity privileges being upheld.  Respondent argues that petitioner

11  has made no showing that information was withheld from him and that

12  if it was, that it was improperly withheld.

13       The question is a somewhat close one.  Respondent is

14  correct that petitioner has not made a showing that any information

15  was withheld from him as a result of the _in_ _camera_ hearings in state

16  court.  On the other hand, because those proceedings were held _in_

17  _camera_ it would be virtually impossible for petitioner to make such a

18  showing.  Petitioner has leveled serious allegations of widespread

19  misconduct against the trial prosecutor.  It is petitioner's claim,

20  in part, that the prosecutor abused _in_ _camera_ proceedings when faced

21  with simple requests for discovery and misled the trial court into

22  sanctioning the withholding of exculpatory evidence from the defense.

23  Documents belatedly produced to petitioner's counsel in the state

24  habeas proceedings and the testimony from witnesses presented by

25  /////

26  /////

13

petitioner at that hearing provide at least some circumstantial
support for such claims.[8]

Accordingly, the court finds good cause exists for some
additional discovery in this area.  In order to ensure that state
court orders with respect to potentially applicable privileges are
accorded adequate consideration, the transcripts of all in camera
hearings conducted by the state trial court shall be produced for in
camera review by this court.  Whether further disclosure is required
will be addressed by this court with the parties following that
review.

Request 9: Prosecution Notes of a Conversation Between the Trial
Prosecutor and Correctional Officer Rudolph

At petitioner's trial Correctional Officer Rudolph,
identified as a key witness by petitioner's counsel, testified
regarding a then-recent conversation he had with the trial
prosecutor.  Petitioner's counsel seeks discovery of the notes
prepared by the prosecutor regarding that conversation, arguing that
they are relevant to his prosecutorial misconduct claim.

Respondent first contended that to the extent such
information exists it was provided to petitioner's counsel in the
state habeas proceedings (Resp. to Mot. for Discovery at 4) and then
/////

---

[8]   Indeed, the California Supreme Court has acknowledged
and/or suggested that the defense was either not provided discovery
by the prosecution that it was entitled to or that such disclosure
was made belatedly.  See People v. Roberts, 2 Cal. 4th 271, 308, 330
(1992); In re Roberts, 29 Cal. 4th 726, 751-53 (2003) (dissent).

later argued that no such notes have been found. (Resp. to Supp. Mot. for Discovery at 7.)

It appears undisputed that officer Rudolph was an important witness at the trial. Petitioner's showing in support of this discovery request is not particularly strong, being based apparently on the assumption that it is likely notes were taken about this conversation. However, respondent's replies are arguably inconsistent and confusing. Accordingly, the court finds good cause to grant the request and respondent will be ordered to produce the notes in question. If respondent's response is that no such notes exist or that none exist in addition to those already produced, he shall make that representation in writing. In providing this discovery respondent may refer to the description of the reports already produced by reference to the briefs submitted in connection with this motion.

Request 10: A List of Those Prisoners "Locked Up" As a Result of This Incident on August 17, 1980

Petitioner requests a list of those prisoners "locked up" as a result of the August 17, 1980 incident including those who were placed in W-wing for purposes of securing information about the case from petitioner or other prisoners. He argues that such information is relevant to his claim of prosecutorial misconduct. As part of that claim, the second amended petition alleges that prosecutors sent three prisoners (Rooks, Cade and Calvin) to the W-wing segregation unit where petitioner was being held in an attempt to obtain confessions and/or admission from petitioner and his co-defendant

15

1  Menefield.  (2d Am. Pet at 138-39.)   At the hearing on this motion,

2  counsel for petitioner conceded that a list of prisoners moved to

3  W-wing as a result of the incident has previously been produced.

4  (RTII at 14-15.)   Once again re-focusing the discovery request,

5  petitioner's counsel stated that what was sought was information

6  regarding the prisoners who were moved to that wing for purposes of

7  obtaining information from petitioner and other <u>pursuant to a prior</u>

8  <u>arrangement with authorities</u>. (<u>Id</u>.) (emphasis added).

9        In opposition respondent represents once again that

10  petitioner's counsel was provided the requested information during

11  the state habeas proceedings.   However, in taking this position

12  respondent appears to refer merely to the general list of inmate

13  witnesses interviewed.  (Resp. to Supp. Mot. for Discovery at 7, Ex.

14  1.)

15        The information petitioner now seeks, as limited at the

16  hearing on the motion, is more specific.   Respondent does not contend

17  that petitioner has been provided the names of prisoners specifically

18  sent to his wing for purposes of securing information as jailhouse

19  informants.   Such information would allow petitioner to fully develop

20  this aspect of his claim of prosecutorial misconduct.   Accordingly,

21  respondent will be ordered to produce it.

22  <u>Request 11: Original Notes of Correctional Officer Stall</u>

23        Respondent represents that petitioner has been provided

24  this information, to the extent it exists, during the state habeas

25  proceeding.   Thereafter, petitioner elected not to present any

26  further argument with respect to this request at the hearing.

Petitioner has not demonstrated good cause in support of additional discovery in this regard and this request will be denied.

Request 12: Information Regarding Whether Co-Defendant Menefield Was An Informant While Incarcerated

Petitioner inquires whether his co-defendant Menefield was ever an informant for law enforcement while incarcerated and, if so, seeks all details of any information Menefield gave authorities prior to August 17, 1980, regarding any prisoner or CDC personnel.

Respondent counters that the requested information is privileged and that petitioner has failed to establish the relevance of the discovery sought to any claim presented in this action.

At the hearing on the motion petitioner's counsel attempted to make an argument regarding the relevance of the requested information based upon the possibility that Menefield was surreptitiously pressured into making statements implicating petitioner. (See RT II at 15.) Counsel's theory of relevance was extremely speculative in nature. Petitioner's attempt to link the requested discovery to his claim of prosecutorial misconduct is unpersuasive. Accordingly, this request will be denied.

Request 13: A List of Consideration given Prisoner Witnesses

This requests seeks a comprehensive list of all consideration, assistance or rewards given by authorities to any prisoner witness in this case. Petitioner contends that the requested discovery is relevant to his claim of prosecutorial misconduct. At the hearing on the motion, petitioner's counsel represented that some documents responsive to this request that had

17

1 never been seen by him before had recently been produced by the

2 Deputy Attorney General now assigned to this case.  (RTII at 16.)

3        Respondent has at various times taken the position that

4 such information is subject to the official information privilege,

5 has previously been produced to petitioner to the extent it exists in

6 the state habeas proceedings and is a matter of public record equally

7 available to petitioner.  (Resp. to Mot. for Discovery at 5; Resp. to

8 Supp. Mot. for Discovery at 8.)

9        Given the varied responses to this request as well as

10 petitioner's unchallenged representations that new documents

11 responsive to the request have been produced by respondent after the

12 state habeas proceedings (when according to one of the responses all

13 such information was already produced), this request will be granted.

14 In providing this discovery respondent may refer to the description

15 of the documents already produced by reference to the pages of the

16 briefs submitted in connection with this motion.

17 Request 14: Access to All CDC and Department of Health Files On

18 Witnesses Cade, Calvin, Goodwin, Hayes, Long and Rooks[9]

19        In this request as modified at the second hearing,

20 petitioner now seeks the CDC and Department of Health files for four

21 prisoner witnesses or, in the alternative, access to the files for

22 review and copying.  Petitioner characterizes the information he

23 seeks as critical to his claim of prosecutorial misconduct.  At the

24

25 [9]  At the second hearing on the pending motion petitioner's
counsel withdrew all of the requests for discovery with respect to

26 two (Mr. Calvin and Mr. Goodwin) of the six witnesses referred to in
these requests.  (RTII at 16.)

hearing on the motion petitioner's counsel argued that with respect

to witnesses Cade and Hayes, some information from their central

files has been obtained by the defense (either in state habeas

proceedings or in these proceedings) which they believe to be

exculpatory and that was never disclosed by the prosecutor at trial.

This fact leads them to conclude that the central files for these

prosecution witnesses contain additional material about their prior

informant activities, prior criminal activities, consideration

provided for their testimony and arguably prior statements

inconsistent with their trial testimony. (RTII at 16-23.)

Petitioner's counsel argued at the hearing that this discovery

request is among the most significant petitioner has presented to the

court.

  Respondent counters that this discovery request is

overbroad, unduly burdensome, calls for information not relevant to

these habeas proceedings, and given the sensitive nature of the files

in question clearly calls for confidential or privileged information.

At a minimum, respondent argues that petitioner should be required to

specify the information he seeks from these files and demonstrate how

that information is relevant to his prosecutorial misconduct claim.

  The question is again a close one.  Respondent is correct

that petitioner has not made a showing with respect to the specific

relevant information he believes is contained within these files.  On

the other hand, because petitioner's counsel has not had access to

those files it would have been difficult for him to do so.  What

petitioner has done is level serious allegations of widespread

19

misconduct, including the withholding of <u>Brady</u> material, against the

trial prosecution team.  Again, documents belatedly produced to

petitioner's counsel in the state habeas proceedings and the

testimony from witnesses presented by petitioner at that hearing

provide at least some support for such claims.  Moreover, the

California Supreme Court appears to have acknowledged that at trial

petitioner was not provided with discovery to which he was entitled.

<u>See</u> <u>People v. Roberts</u>, 2 Cal. 4th 271, 308, 330 (1992); <u>In re</u>

<u>Roberts</u>, 29 Cal. 4th 726, 751-53 (2003) (dissent).[10]

        Accordingly, the court finds good cause exists for some

additional discovery in this area and the request will be granted in

part.  To ensure that potentially applicable privileges are accorded

adequate consideration, the files in question shall be produced for

<u>in camera</u> review by this court.  Whether further disclosure is

required will be addressed by this court with the parties following

that review.

<u>Request 15: Rap Sheets for the Prisoner Witnesses</u>

        As modified at the hearing petitioner seeks the rap sheets

of prisoner witnesses Cade, Hayes, Long and Rooks.

---

        [10]   In the dissent from the denial of the writ of habeas corpus
filed before the California Supreme Court, Justice Kennard, with
Chief Justice George concurring, observed that newly disclosed
documents about Cade's institutional and psychiatric history came
into evidence at the state habeas reference hearing.  29 Cal. 4th at
751.  Justice Kennard also noted that the trial prosecutor testified
at the hearing that he was aware at the time of trial of some of this
previously undisclosed evidence.  <u>Id</u>. at 752.  Finally, Justice
Kennard found it very significant that the jury at petitioner's trial
never heard testimony regarding Cade's mental health.  <u>Id</u>. at 752-53.
It is this type of evidence, likely to exist within CDC and
Department of Health files, which petitioner seeks.

1   Respondent first claims that the information sought is

2   privileged under state law and then represents that the rap sheets

3   for Cade, Long and Rooks (but not Hayes) were provided to petitioner

4   in the fall of 2000. (Resp. to Mot. for Discovery at 6; Resp. to

5   Supp. Mot. for Discovery at 9.)   Petitioner does not challenge this

6   representation.

7   The request is granted in part.   Respondent shall produce

8   the rap sheet of Mr. Hayes which has apparently not already been

9   provided to petitioner's counsel.

10  Request 16: Board of Prison Terms Files for the Prisoner Witnesses

11  As modified at the hearing petitioner seeks the Board of

12  Prison Terms files of prisoner witnesses Cade, Hayes, Long and Rooks,

13  claiming that the information is relevant to his claim of

14  prosecutorial misconduct.

15  Respondent objects arguing that the request is overbroad,

16  unduly burdensome, calls for information not relevant to these habeas

17  proceedings, and calls for information confidential under state law.

18  Finally, respondent states that the request is duplicative of Request

19  13.

20  Petitioner has made no attempt to link the requested

21  discovery to his claim of prosecutorial misconduct.   Were the court

22  to speculate, it may be the case that petitioner's counsel hope to

23  find evidence in the Board of Prison Terms files that the prosecution

24  provided undisclosed consideration to these witnesses for their

25  testimony.   If so, as respondent suggests, such evidence will be

26  /////

1  disclosed in the response ordered as to Request 13, above.

2  Accordingly, this discovery request will be denied.

3  Request 17: Written Materials Submitted by Law Enforcement on Behalf

4  of the Prisoner Witnesses

5          This is the same request as Request 16 except it seeks any

6  writing submitted by law enforcement to the Attorney General Office,

7  the CDC or any other office or person on behalf of these prisoner

8  witnesses.  The position of the parties is the same as with respect

9  to Request 16.  Likewise, for the same reasons set forth with respect

10 Request 16, this discovery request will be denied.

11 Request 18: Telephone Calls Made by Law Enforcement on Behalf of the

12 Prisoner Witnesses

13         Here, the argument are the same as those advanced with

14 respect to Requests 16 and 17 but are aimed at telephone calls made

15 by law enforcement on behalf of the four prisoner witnesses.  For the

16 same reasons set forth with respect to Request 16, this discovery

17 request will be denied.

18 Request 19: Appearances Before the Parole Board by Law Enforcement On

19 Behalf of the Prisoner Witnesses

20         The same arguments are presented as those with respect to

21 Requests 16, 17 and 18 but this request is aimed at appearances at

22 parole hearings made by law enforcement on behalf of the four

23 prisoner witnesses.  For the same reasons set forth with respect to

24 Request 16, this discovery request will be denied.

25 /////

26 /////

22

1   Request 20: Disciplinary Reports For the Prisoner Witnesses

2           Petitioner seeks all prison disciplinary reports regarding

3   the four prisoner witnesses.

4           Respondent objects on the grounds that the request is

5   overbroad, unduly burdensome, calls for information not relevant to

6   these habeas proceedings, calls for information confidential under

7   state law, calls for information protected by the official

8   information privilege and is duplicative of Request 14.  Petitioner

9   has conceded this latter point.  (Reply filed June 4, 2004 at 14.)

10          Accordingly, this request is denied for the same reasons

11  and with the same terms as set forth above with respect to Request

12  14.

13  Request 21: Details of Informant Activity By the Prisoner Witnesses

14          Here, petitioner seeks details of the prisoner witnesses

15  informant activity before August 17, 1980, including the nature of

16  the activity, statements made, testimony given in any forum, rewards

17  and benefits in connection with that prior informant activity and any

18  understandings reached with respect to future informant activity.

19          Respondent objects on the grounds that the request is

20  overbroad, unduly burdensome, calls for information not relevant to

21  these habeas proceedings, calls for information confidential under

22  state law, calls for information protected by the official

23  information privilege to the extent it seeks testimony given in other

24  proceedings is public information equally available to petitioner

25  and, without waiving objection, with respect to consideration given

26  to these witnesses is information already produced to petitioner in

the state habeas proceedings. (Resp. to Mot. for Discovery at 7; Resp. to Supp. Mot. for Discovery at 10.)

Petitioner has made no attempt to link the requested discovery relating to informant activity by these witnesses prior to the killings to his claim of prosecutorial misconduct in the underlying prosecution.  To the extent the request seeks evidence of consideration given in connection with petitioner's trial, such evidence will be disclosed in the response ordered as to Request 13, above.  Accordingly, this discovery request will be denied.

Request 22: Details of the Incarceration of the Prisoner Witnesses During Petitioner's Trial

Petitioner alleges that the prosecution's prisoner witnesses were afforded preferential treatment from the time of the killings through the trial and were housed together at CSP-Chino (CIM East) and the Contra Costa County Jail so that, according to testimony in the state habeas proceedings, they could "get their story straight."  Accordingly, for the relevant time period, he seeks the specific locations of their housing, the dates of the incarceration at the particular location, data regarding any conjugal visits and information regarding any prison disciplinary actions taken with respect to the witnesses.

Respondent again objects on the grounds that the request is overbroad, unduly burdensome, calls for information not relevant to these habeas proceedings, calls for information confidential under state law, calls for information protected by the official information privilege to the extent it seeks testimony given in other

24

1  proceedings is public information equally available to petitioner

2  and, without waiving objection, represents that all "existing, non-

3  privileged documents responsive to this request" were provided to

4  petitioner in the state habeas proceedings.  (Resp. to Mot. for

5  Discovery at 8; Resp. to Supp. Mot. for Discovery at 11.)

6        The information sought may well allow petitioner to fully

7  develop this aspect of his claim of prosecutorial misconduct.

8  Indeed, respondent represents that all existing non-privileged

9  documents responsive to the request have been produced to petitioner.

10  Good cause exists to order the production of the responsive documents

11  which respondent asserts are privileged for in camera review by the

12  court.  Respondent shall deliver the documents to the chambers of the

13  undersigned with a privilege log on or before the date set herein for

14  compliance with the court's order.

15  Request 23: Interview of Witness Hayes By Officer Gard

16        Petitioner seeks a copy of the interview of prisoner

17  witness Hayes by Special Agent Gard on April 21, 1981.  Respondent

18  represents that any existing information responsive to the request

19  was produced to petitioner in the state habeas proceedings.  (Resp.

20  to Mot. for Discovery at 8; Resp. to Supp. Mot. for Discovery at 11.)

21  In at least one brief, petitioner's counsel denied that this was the

22  case.  (Reply filed June 4, 2004 at 15.)  However, respondent has

23  submitted to the court the discovery provided to petitioner's counsel

24  on July 24, 2000 which includes a two page summary report of the

25  interview in question.  (Resp. to Supp. Mot. for Discovery at 11, Ex.

26  1B at 312-13.)  Petitioner's counsel has never provided any

25

1  explanation as to why this production was not adequate, why he denied

2  that it had ever been produced or why, in light of this production,

3  he continued to press forward with this apparently duplicative and

4  therefore meritless request.  In any event, this discovery request

5  will be denied.

6  Request 24: Hayes' October 1982 Parole Violation

7          It is petitioner's position that witness Hayes was on

8  parole at the time of petitioner's preliminary examination and

9  testified that he had not seen the killing.  Thereafter he was

10 arrested and charged with six felony offenses in Alameda County.

11 Hayes later testified at petitioner's trial, identifying petitioner

12 as the person who stabbed inmate Gardner.  Petitioner argues that

13 documents discovered after petitioner's trial reveal that the

14 prosecutor had contact with Hayes while his felony prosecution was

15 pending and that his change in testimony was due to the prosecutor's

16 undisclosed intervention on his behalf.  Accordingly, petitioner

17 seeks the requested information.  Petitioner has also acknowledged

18 that certain information in this regard was disclosed to him in the

19 state habeas proceedings but that other information remains unknown.

20 (RTII at 24-25.)

21         Respondent contends that the request is overbroad, unduly

22 burdensome, calls for information not relevant to these habeas

23 proceedings, calls for information confidential under state law,

24 calls for information protected by the official information

25 privilege, to the extent it seeks testimony given in other

26 proceedings, is public information equally available to petitioner

and, without waiving objection, represents that all "existing, non-privileged documents responsive to this request" were provided to petitioner in the state habeas proceedings.  (Resp. to Mot. for Discovery at 8; Resp. to Supp. Mot. for Discovery at 11 and Ex. 14.)

Petitioner has not demonstrated good cause in support of any additional discovery in this regard and this request will be denied.[11]

Request 25: Disciplinary Reports For Witness Calvin

As noted, at the second hearing on the pending motion petitioner's counsel withdrew all of the requests for discovery with respect to prisoner witnesses Mr. Calvin and Mr. Goodwin.  (RTII at 16.)  Accordingly, this request will be denied.

Request 26: Information Regarding Efforts Made By Prosecutors to Assist Witness Goodwin in His Re-sentencing

Denied for the same reason as Request 25.

Request 27: Disciplinary Reports For Witness Rooks

Petitioner seeks all disciplinary reports involving incidents at CIM East in which prisoner witness Rooks was involved prior to his testimony at petitioner's trial.  Petitioner's counsel again denies that any such information was produced.  (Reply filed June 4, 2004 at 16.)

---

[11]  At the second hearing on the motion petitioner's counsel for the first time expressed concern regarding the lack of information as to whether Hayes contacted "them" (presumably the prosecution), did they contact Hayes, did they help Hayes with his new cases?"  (RTII at 24.)  Of course, these questions are not posed in this discovery request which seeks in very general terms information regarding Hayes' 1982 violation of parole.

1    Respondent contends that petitioner's counsel was provided

2  this information in the state habeas proceedings.  (Resp. to Mot. for

3  Discovery at 9; Resp. to Supp. Mot. for Discovery at 11.)  Respondent

4  refers to two specific pages of discovery previously provided to

5  petitioner.  (Resp. to Supp. Mot. for Discovery at 11, Ex. 1B at

6  00293-00294.)

7    The court has reviewed the documents cited to by

8  respondent's counsel as having previously been produced in the state

9  habeas proceedings in response to this request.  The documents appear

10 to be an excerpt from a prison disciplinary log of some type for

11 Rooks.  (Resp. to Supp. Mot. for Discovery at 11, Ex. 1B at 00293-

12 00294.)  The entries in the log appear to reflect disciplinary action

13 taken against Rooks in October and November of 1981 and perhaps

14 February of 1982.  (Id.)  However, no disciplinary reports involving

15 these incidents are set out in the cited to pages.  Accordingly, this

16 discovery request will be granted.  Respondent shall produce the

17 disciplinary reports relating to the incidents referred to in the log

18 or represent that, following a good faith search, no such records

19 exist.

20 Request 28: Notes of April 21, 1981 Interview of Witness Rooks

21    Petitioner asserts that the transcript of the April 21,

22 1981, interview of prisoner witness Rooks by authorities ends

23 abruptly which suggests that the tape recorder was turned off.

24 Accordingly, petitioner seeks any notes prepared by the interviewer

25 reflecting matters discussed before the recorder was turned on and

26 after it was turned off.  Petitioner also claims that no such

1  information was provided to him in the state habeas proceedings.

2  Petitioner states that the information sought is relevant to his

3  claim of prosecutorial misconduct.

4  Respondent represents that, to the extent it exists,

5  petitioner has been provided the requested information in the state

6  habeas proceedings and that petitioner's counsel had the opportunity

7  to question Rooks and the interviewer on this subject at the

8  evidentiary hearing held in connection with those proceedings.

9  (Resp. to Mot. for Discovery at 9; Resp. to Supp. Mot. for Discovery

10  at 12.)  The notes respondent refers to would appear to end with the

11  words "tape off."  (Resp. to Supp. Mot. for Discovery at 12, Ex. 1 at

12  314-17.)  Thus, the court construes this response as representing

13  that no notes exist of any discussion held after the recorder was

14  turned off.  Respondent will be held to this answer.

15  Petitioner has not demonstrated good cause in support of

16  his request for additional discovery in this regard and this request

17  will be denied.

18  <u>Request 29: Notes of May 25, 1981 Interview of Witness Rooks</u>

19  Likewise, petitioner asserts that the transcript of the May

20  25, 1981, interview of prisoner witness Rooks by authorities also

21  reflects that the recorder was turned off at the end of the

22  interview.  Nonetheless, petitioner seeks any notes prepared by the

23  interviewer reflecting matters discussed after the recorder was

24  turned off.  Petitioner claims that no such information was provided

25  to him in the state habeas proceedings and states that the

26  /////

29

1  information sought is relevant to his claim of prosecutorial

2  misconduct.

3        Respondent again represents that, to the extent it exists,

4  petitioner has been provided the requested information in the state

5  habeas proceedings and that petitioner's counsel had the opportunity

6  to question Rooks and the interviewer on this subject at the

7  evidentiary hearing held in connection with those proceedings.

8  (Resp. to Mot. for Discovery at 9; Resp. to Supp. Mot. for Discovery

9  at 12.)  Thus, the court construes this response as representing that

10 no notes exist of any discussion held after the recorder was turned

11 off other than possibly one page already produced by respondent.

12 (Resp. to Supp. Mot. for Discovery at 12, Ex. 1 at 315.)

13       Petitioner has made no showing suggesting that any

14 additional discussion took place after the interview was concluded

15 and has not demonstrated good cause in support of his request for

16 additional discovery in this regard.  Accordingly, this request will

17 be denied.

18 Request 30: Unredacted Transcripts of Interviews of Witness Rooks

19       Petitioner seeks unredacted transcripts of the April 21,

20 1981 and May 25, 1982, interviews of Rooks by authorities.[12]

21 Petitioner again claims that the information is related to his claim

22 of prosecutorial misconduct and that unredacted transcripts were not

23 provided to him in the state habeas proceedings.

24 _____

25       [12]  It appears from the exhibits filed by respondent that Rooks
   was interviewed, among other times, on both May 25, 1981 and May 25,
26 1982.

1    Respondent again represents that, to the extent it exists,

2  petitioner has been provided the requested information in the state

3  habeas proceedings.  (Resp. to Mot. for Discovery at 9; Resp. to

4  Supp. Mot. for Discovery at 12.)  The court has reviewed the exhibits

5  submitted by respondent containing the transcripts and has not been

6  able to identify any noticeable redactions.[13]  (See Resp. to Supp.

7  Mot. for Discovery at 12, 15 and Ex. 1 at 459-513.)

8    Accordingly, petitioner has not demonstrated good cause in

9  support of his request for additional discovery in this regard and

10  this request will be denied.

11  Request 31: Notes For Unrecorded Portions of the May 25, 1982

12  Interview of Witness Rooks

13    Petitioner asserts that the transcript of the May 25, 1982,

14  interview of prisoner witness Rooks by authorities reflects one

15  exchange that begins out of context and one instance where the tape

16  recorder was turned off and then back on again.  Petitioner seeks any

17  notes or other information regarding discussions that were not

18  recorded during this interview.  Petitioner makes the familiar claims

19  that no such information was provided to him in the state habeas

20  proceedings and that the information sought is relevant to his claim

21  of prosecutorial misconduct.

22    Respondent represents that, to the extent it exists,

23  petitioner has been provided the requested information in the state

24  ───────────

25    [13]  Of course as is the case throughout the briefing submitted
in connection with this motion, petitioner's counsel has identified
no such redactions but rather has merely made the broad allegation
26  that no unredacted transcripts have been produced.

31

habeas proceedings and that petitioner's counsel had the opportunity

to question Rooks and the interviewer on this subject at the

evidentiary hearing held in connection with those proceedings.

(Resp. to Mot. for Discovery at 9; Resp. to Supp. Mot. for Discovery

at 12, Ex. 1 at 459-513.)   The court construes this response as

representing that no other notes exist of any discussion held while

the recorder was turned off during the May 25, 1982 interview of

Rooks.   Respondent will be held to this answer.

Petitioner has not demonstrated good cause in support of

his request for additional discovery in this regard and this request

will be denied.

Request 32: Notes or Transcripts of Another May 1982 Interview of
Witness Rooks

Petitioner asserts that during the May 25, 1982, interview

of prisoner witness Rooks, Deputy Attorney General Kirk stated that

Mr. Bennett talked to Rooks "a week or so ago."   Petitioner seeks

production of any notes or transcript of that interview by Mr.

Bennett stating that no such information was provided to him in the

state habeas proceedings and that the information sought is relevant

to his claim of prosecutorial misconduct.

Respondent's somewhat evasive response is that, to the

extent it exists, petitioner has been provided the requested

information in the state habeas proceedings, that no notes or

transcript of such an interview exist and that, in any event,

petitioner's counsel had the opportunity to question Mr. Bennett on

this subject at the evidentiary hearing held in connection with those

1  proceedings.  (Resp. to Mot. for Discovery at 9-10; Resp. to Supp.

2  Mot. for Discovery at 13.)   The court construes this response as

3  representing that no notes reflecting or transcript of a early May

4  1982 interview of Rooks by Bennett exist.   Respondent will be held to

5  this answer.

6          Petitioner has not demonstrated good cause in support of

7  his request for additional discovery in this regard and this request

8  will be denied.

9  Request 33: Identity of Long Interviewer on August 19, 1980

10          Petitioner seeks the name of the individual who interviewed

11  prisoner witness Raybon Long on August 19, 1980, explaining that

12  there was some confusion on this issue during the hearing in the

13  state habeas action.

14          Rather than simply providing the answer, respondent instead

15  chooses to argue that the information has already been provided to

16  petitioner's counsel in the state habeas proceeding.  (Resp. to Mot.

17  for Discovery at 9-10; Resp. to Supp. Mot. for Discovery at 13.)

18  However, the citation provided by respondent in support of this

19  contention is unhelpful. (See Resp. to Supp. Mot. for Discovery at

20  13, Ex. 1 at 11.)[14]

21          Although this particular discovery request should have been

22  presented by way of proposed interrogatory (see Rule 6(b), Rules

23  Governing § 2254 Cases) and petitioner's showing in support of the

24  request is virtually non-existent, enough time has been wasted on

25  _____

26       [14]  The court cannot locate a page numbered "11" in respondent's
     exhibit 1.

33

1   this simple request.  Accordingly, the request will be granted and

2   respondent will be required to state the identity, if known, of the

3   individual who interviewed Long on the date in question.

4   Request 34: Notes or Transcripts of August 29, 1980 Interview of

5   Witness Long

6          Petitioner asserts that records reflect Long was

7   interviewed by authorities on August 29, 1980, but that no notes or

8   transcripts of that interview have ever been produced.  Petitioner

9   seeks production of the notes or transcript as relevant to his claim

10  of prosecutorial misconduct.

11         Respondent's rote response is that, to the extent it

12  exists, petitioner has been provided the requested information in the

13  state habeas proceedings.  (Resp. to Mot. for Discovery at 10; Resp.

14  to Supp. Mot. for Discovery at 13, 15.)  However, a review of the

15  exhibits submitted by respondent reflects neither notes or a

16  transcript of such an interview but merely a note that an interview

17  was conducted by a Sgt. D. Glenn on the date in question.  (Resp. to

18  Supp. Mot. for Discovery, Ex. 1 at 514.)[15]

19         It would appear that no notes or transcript of the August

20  29, 1980 interview of Long exist.  However, respondent's response is

21  sufficiently unclear so as to require a more definite response.

22  /////

23

24         [15]  This type of response is just as frustrating to the court as
    petitioner's unfocused, unsupported and ever-changing requests.  If
25  there are no notes or transcripts of this interview, it is difficult
    to fathom why respondent's counsel will not simply say so and be done
26  with it.

1  Accordingly, respondent will be required to specifically answer the

2  inquiry.  Petitioner's request is granted.

3  Request 35: Notes or Transcripts of an Interview of Witness Long

4  Prior to September 2, 1980

5           Petitioner asserts that the transcript of the September 2,

6  1980 interview of Long reflects that prior to that date he had been

7  interviewed by correctional officer Gloria regarding a William

8  Stevens but that no notes or transcripts of such an interview have

9  ever been produced.  Petitioner seeks their production as relevant to

10 his claim of prosecutorial misconduct.

11          Respondent's rote response is that, to the extent it

12 exists, petitioner has been provided the requested information in the

13 state habeas proceedings and that petitioner's counsel had the

14 opportunity to question correctional officer Gloria about this

15 subject at the evidentiary hearing in those state habeas proceedings.

16 (Resp. to Mot. for Discovery at 10; Resp. to Supp. Mot. for Discovery

17 at 13, 15.)  The court construes this response as representing that

18 no notes reflecting or transcript of a pre-September 2, 1980,

19 interview of Long where William Stevens was discussed exist.

20 Respondent will be held to this answer.

21          Petitioner has not demonstrated good cause in support of

22 his request for additional discovery in this regard and this request

23 will be denied.

24 Request 36: Unredacted Transcript of April 17, 1981 Interview of Long

25          Petitioner seeks unredacted transcripts of the April 27,

26 1981 interview of Long by authorities.  Petitioner again claims that

1   the information is related to his claim of prosecutorial misconduct

2   and that unredacted transcripts were not provided to him in the state

3   habeas proceedings.

4        Respondent again represents that, to the extent it exists,

5   petitioner has been provided the requested information in the state

6   habeas proceedings.  (Resp. to Mot. for Discovery at 10; Resp. to

7   Supp. Mot. for Discovery at 13.)  The court has reviewed the exhibits

8   submitted by respondent containing the transcripts and has not been

9   able to identify any noticeable redactions.[16]  (See Resp. to Supp.

10  Mot. for Discovery at 13, 15 and Ex. 1 at 537-95.)

11       Accordingly, petitioner has not demonstrated good cause in

12  support of his request for additional discovery in this regard and

13  this request will be denied.

14  Request 37: Notes or Transcript of a November 1, 1982 Long Interview

15       Petitioner asserts that records reflect that Long was

16  interviewed by authorities again on November 1, 1982 but that no

17  transcript of that interview have ever been produced.  At the hearing

18  on the motion petitioner's counsel acknowledged receiving one page

19  containing a mere four lines of handwritten notes apparently made

20  with respect to this interview of Long and argued that one would

21  expect at least a report of this interview to exist.  Petitioner

22  seeks production of the transcript or report of this interview, as

23  relevant to his claim of prosecutorial misconduct.

24  /////

25

26       [16]  See fn. 10, infra.

1    Respondent represents that petitioner has been provided the

2  requested information, to the extent it exists, in the state habeas

3  proceedings referring specifically to the single page noted by

4  petitioner. (Resp. to Mot. for Discovery at 10; Resp. to Supp. Mot.

5  for Discovery at 13, 15 and Ex. 1 at 318.)  The court construes this

6  response as representing that no transcript or report of the November

7  1, 1982 interview of Long exists.  Respondent will be held to this

8  answer.

9    Petitioner has not demonstrated good cause in support of

10  his request for additional discovery in this regard and this request

11  will be denied.

12  Request 38: Legible Copy of Witness Cade's Handwritten Statement

13    Petitioner seeks a legible copy of an undated two-page

14  handwritten statement by prisoner witness Ryland Cade.  Although one

15  would presume from the request that petitioner's counsel has a copy

16  of such a statement but finds it illegible, as is typical of these

17  discovery requests, petitioner has failed to explain the nature or

18  basis of the request.  Instead, petitioner's counsel again make the

19  bare assertion that "no such information" has been provided to them

20  in the state habeas proceedings.  (Reply filed June 4, 2004 at 17.)

21  Petitioner alleges that the discovery sought is relevant to his claim

22  of prosecutorial misconduct.

23    Responding in kind, rather than pointing to the document

24  previously produced which respondent believes satisfies the request,

25  respondent objects to the request on the grounds that it is

26  duplicative because to the extent it exists, petitioner has been

37

1   provided the requested information in the state habeas proceedings

2   and that in any event petitioner's counsel had the opportunity to

3   question Cade and his interviewers about this subject at the

4   evidentiary hearing in the state habeas proceedings. (Resp. to Mot.

5   for Discovery at 10; Resp. to Supp. Mot. for Discovery at 14-15.)   In

6   representing that the document has previously been produced, however,

7   respondent does not refer the court to the specific document in its

8   exhibits but merely sites to all the documents produced regarding

9   interviews of witness Cade.  (Resp. to Supp. Mot. for Discovery, Ex.

10  1C at 690-821.)

11          Thus, the court is again left the task of deciphering

12  whether respondent's position is that the document does not exist or

13  has been produced and, if the latter, which produced document

14  respondent believes is responsive to the request.  The court has

15  expended the time required to review all the documents produced by

16  respondent and cannot locate any documents that appear to be an

17  undated handwritten statement authored by Cade.  Accordingly, despite

18  the limited showing made by petitioner, the court will grant the

19  request and direct respondent to produce a legible copy of the

20  undated handwritten statement authored by Cade or state affirmatively

21  that it does not exist.

22  Request 39: Memoranda Reflecting Unrecorded Portion of the September

23  5, 1980 Interview of Witness Cade

24          Petitioner asserts that the transcript of the September 5,

25  1980, interview of Cade by authorities reflects that there was

26  conversation before the tape recorder was turned on.  Petitioner

1  seeks any written memoranda reflecting the discussions that were not

2  recorded.   Petitioner makes the familiar claims that no such

3  information was provided to him in the state habeas proceedings and

4  that the information sought is relevant to his claim of prosecutorial

5  misconduct.

6            Typically, respondent represents that, to the extent it

7  exists, petitioner has been provided the requested information in the

8  state habeas proceedings and that petitioner's counsel had the

9  opportunity to question Cade and his interviewer on this subject at

10 the evidentiary hearing held in connection with those proceedings.

11 (Resp. to Mot. for Discovery at 10-11; Resp. to Supp. Mot. for

12 Discovery at 114-15, Ex. 1C at 690-812.)   The court construes this

13 response as representing that no other notes exist of any discussion

14 held before the recorder was turned on during the September 5, 1980

15 interview of Cade.   Respondent will be held to this answer.

16            Petitioner has not demonstrated good cause in support of

17 his request for additional discovery in this regard and this request

18 will be denied.

19 Request 40: Undeleted Copy of the April 16, 1981 Interview of Witness

20 Cade

21            Petitioner seeks undeleted transcripts of the April 16,

22 1981, interview of Long by authorities.   Petitioner again claims that

23 the information is related to his claim of prosecutorial misconduct

24 and that an undeleted transcript of this interview was not provided

25 to him in the state habeas proceedings.

26 /////

1   Respondent again represents that, to the extent it exists,

2   petitioner has been provided the requested information in the state

3   habeas proceedings. (Resp. to Mot. for Discovery at 11; Resp. to

4   Supp. Mot. for Discovery at 14-15.)  The court has reviewed the

5   exhibits submitted by respondent containing the transcripts and has

6   not been able to identify any noticeable redactions.[17]  (See Resp. to

7   Supp. Mot. for Discovery at 15 and Ex. 1C at 731-816.)

8   Accordingly, petitioner has not demonstrated good cause in

9   support of his request for additional discovery in this regard and

10  this request will be denied.

11  Request 41: Memoranda Regarding Statements Made By Witness Cade

12  Petitioner asserts that during a April 16, 1981 interview

13  Cade stated that he had previously told correctional officers about

14  statements allegedly made by petitioner.  Petitioner seeks production

15  of any written memoranda reflecting Cade's prior statement to the

16  correctional officers in this regard.  Petitioner represents that no

17  such information was provided to him in the state habeas proceedings

18  and that the information sought is relevant to his claim of

19  prosecutorial misconduct.

20  Respondent states that, to the extent it exists, petitioner

21  has been provided the requested information in the state habeas

22

23  [17]  The court observes that there are perhaps five instances in
    the eighty-five page transcript of this interview where a solid line
24  appears in the middle of an answer.  It is possible that the line
    indicates a redaction.  On the other hand it may reflect a portion of
25  the tape found to be inaudible.  In any event, petitioner has made no
    showing in this regard that would justify the court ordering further
26  discovery.

1  proceedings. (Resp. to Mot. for Discovery at 11; Resp. to Supp. Mot.

2  for Discovery at 14.)  The court construes this response as

3  representing that no such written memoranda reflecting Cade's

4  statement to the correctional officers exists.  At the second hearing

5  on this motion counsel for respondent essentially confirmed that this

6  was an accurate interpretation of respondent's position. (RTII at

7  26.)  Respondent will be held to this answer.

8          Petitioner has not demonstrated good cause in support of

9  his request for additional discovery in this regard and the request

10  will be denied.

11  <u>Request 42: Copies of All Statements Made By Cade, Hayes, Rooks and</u>

12  <u>Long Not Previously Disclosed</u>

13          In this summary request petitioner now seeks copies of

14  statements, or if no recorded statement exists, summaries of all

15  statements, made by witnesses Cade, Hayes, Rooks and Long that have

16  not been previously disclosed.  Petitioner argues that information

17  has not been disclosed that is relevant to his prosecutorial

18  misconduct claim.

19          Respondent counters that, to the extent it exists,

20  petitioner has been provided the requested information in the state

21  habeas proceedings. (Resp. to Mot. for Discovery at 11; Resp. to

22  Supp. Mot. for Discovery at 15.)

23          The court finds that this request has been resolved in

24  connection with each of the many specific requests relating to each

25  of these four witnesses addressed above.  Where respondent has

26  indicated that other than those already produced no notes, transcript

41

1    or other written record of an interview or statement exists,

2    respondent will be held to that answer.  Respondent will not,

3    however, be required to attempt to create a summary of statements

4    purportedly given over twenty years ago where no written record of

5    those statements exists.

6    Petitioner has not demonstrated good cause in support of

7    his request for additional discovery in this regard and this request

8    will be denied except to the extent indicated above.

9    Request 43: Notes or Transcripts of August 17, 1980 Interview of

10   Witness Black

11   Petitioner seeks production of the notes or transcript of

12   an August 17, 1980, interview of Robert Black as relevant to both his

13   confrontation clause and prosecutorial misconduct claims.  He asserts

14   that although Black's statement to investigators was admitted into

15   evidence at trial, no notes or transcripts of that statement have

16   ever been produced.

17   Respondent counters that, to the extent it exists,

18   petitioner has been provided the requested information in the state

19   habeas proceedings. (Resp. to Mot. for Discovery at 11; Resp. to

20   Supp. Mot. for Discovery at 15, Ex. 1B at 335.)

21   The court has reviewed the document referred to by

22   respondent in support of the position that the requested item has

23   been produced.  The court finds the court's copy of these handwritten

24   notes, which apparently reflects interviews of various prisoner

25   witnesses in August of 1980, to be illegible in part. (See Resp. to

26   Supp. Mot. for Discovery, Ex. 1B at 335.)  To the extent the exhibit

is legible the court is unable to locate any note purportedly reflecting any statement made by a witness on August 17, 1980, as requested by petitioner.  Accordingly, respondent will be required to provide a further response to this discovery request by producing a legible copy of the document(s) if possible and by specifically identifying the entry respondent finds responsive or by amending its response to affirmatively represent that no document exists reflecting an interview of Black on August 17, 1980.

Request 44: Notes or Transcripts of August 30, 1980 Interview of Witness Black

Petitioner seeks the transcript of the August 30, 1980, interview of Black or notes reflecting that interview.  He asserts that the transcript is relevant to both his confrontation clause and prosecutorial misconduct claims and that no transcript of that interview has ever been produced.

Respondent represents that, to the extent it exists, petitioner has been provided the requested information in the state habeas proceedings. (Resp. to Mot. for Discovery at 11; Resp. to Supp. Mot. for Discovery at 15, Ex. 1 at 336-46.)  The court has reviewed the exhibits submitted by respondent containing the transcript and, despite petitioner's representations to the contrary, it appears clearly to have been produced to counsel in the state habeas proceedings. (See Resp. to Supp. Mot. for Discovery, Ex. 1 at 336-46.)

/////

/////

1    Accordingly, petitioner has not demonstrated good cause in

2  support of his request for additional discovery in this regard and

3  this request will be denied.

4  Request 45: Copies of All Statements Made By Witness Moore Not

5  Previously Disclosed

6    Petitioner seeks any memoranda reflecting conversations,

7  presumably by law enforcement authorities, with a Joseph Moore other

8  than the interviews conducted on July 7 and 8, 1981.  Petitioner

9  concedes that he has previously been provided copies of the

10  transcripts of those two interviews.  In this regard, petitioner

11  notes that Moore did not appear as a trial witness.  Instead,

12  according to petitioner, statements attributable to Moore were

13  admitted into evidence at trial only against petitioner's co-

14  defendant Menefield but were relied upon by the prosecutor in closing

15  argument with respect to the case against petitioner.  Because

16  neither Moore nor Menefield testified, petitioner has claimed that he

17  was not allowed to impeach the statements in violation of his right

18  to confront the witnesses against him.  Thus, petitioner argues the

19  requested discovery is relevant to both his confrontation clause and

20  prosecutorial misconduct claims.

21    Respondent objects, arguing that the requested discovery is

22  not relevant to any claim presented in the pending petition and the

23  request should be denied.  Respondent emphasizes that Moore did not

24  appear as a witness at petitioner's trial and that the inmate "kites"

25  that were to be the subject of Moore's statements were only admitted

26  into evidence against Menefield.

In the motion before the court petitioner's counsel has not provided any reason to believe that additional memoranda reflecting conversations with Moore exist, other than the interview transcripts he has previously been provided.  Moreover, petitioner's counsel has made no argument, let alone a showing, with respect to the relevance of the information sought in connection with any of his claims.  He merely states that it is relevant.  This is clearly not sufficient. The question of whether Moore's statements were erroneously admitted into evidence or improperly relied upon by the prosecutor in his closing argument are legal issues, resolution of which is unaffected by anything else that Moore may have said in some other hypothetical conversation.  Because petitioner has not demonstrated good cause in support of further discovery in this regard this request will be denied.

Request 46: Letter from Witness Moore to the District Attorney

Here, petitioner's counsel seeks a copy of a letter purportedly sent by Moore to the "District Attorney" possibly of Solano County on an unspecified date regarding an unspecified subject.

Respondent objects, arguing that the requested discovery is not relevant to any claim presented in the pending petition, is vague and, in any event, calls for production of a document not in the possession of respondent.  (Resp. to Mot. for Discovery at 12; Resp. to Supp. Mot. for Discovery at 16.)  The response is persuasive.

/////

/////

45

1    For the same reasons as set forth with respect to Request
2    45 as well as the other reasons stated by respondent, this request is
3    denied.

4    Request 48[18]: Witness Moore's Informant Activities While Incarcerated

5    Petitioner's counsel seeks all details of Moore's informant
6    activities while incarcerated including transcripts, statements and
7    testimony.

8    Respondent objects, arguing that the requested discovery is
9    overbroad, unduly burdensome, not relevant to any claim presented in
10   the pending petition, and calls for production of information
11   protected by official information and informant identity privileges.
12   (Resp. to Mot. for Discovery at 12; Resp. to Supp. Mot. for Discovery
13   at 16.)  The response is persuasive on the issue of relevance.[19]

14   For the same reasons as set forth with respect to Request
15   45 this discovery request is denied.

16   Request 49: Memoranda Of Officer Horton's Interview of Witness Payne

17   Petitioner seeks any memoranda of an interview of George
18   Payne by correctional officer Horton.  He asserts that the memoranda
19   is relevant to his prosecutorial misconduct claim and has never been
20   produced.

21   Respondent represents that, to the extent it exists,
22   petitioner has been provided the requested information in the state

23   _____

24   [18]  Discovery Request 47 was withdrawn by counsel for petitioner
     prior to the hearings on the motions.

25   [19]  The court declines to rule on respondent's other boilerplate
26   objections while noting that no showing with respect to the claim of
     privilege has been made.

46

1  habeas proceedings. (Resp. to Mot. for Discovery at 12; Resp. to

2  Supp. Mot. for Discovery at 16, Ex. 1 at 53.)  The court has reviewed

3  the exhibits submitted by respondent and is unable to locate any

4  memorandum matching the request at "p. 53 under Exhibit 1" as

5  indicated by respondent.

6         Accordingly, respondent will be required to provide a

7  further response to this discovery request by producing a copy of the

8  requested document(s) if possible and by specifically identifying the

9  entry respondent finds responsive or by amending its response to

10  affirmatively represent that no document exists reflecting an

11  interview of Payne by officer Horton.

12  Request 50: Writings Reflecting a June 30, 1982 Interview of Harrit

13  Wilson by Mr. Gard

14         Petitioner seeks any document reflecting a telephone

15  interview of Harrit Wilson by investigator Gard on June 30, 1982.  He

16  asserts that the memoranda is relevant to his prosecutorial

17  misconduct claim and has never been produced.

18         In response to this request respondent represents that

19  to the extent it exists, petitioner has been provided the requested

20  information in the state habeas proceedings. (Resp. to Mot. for

21  Discovery at 12; Resp. to Supp. Mot. for Discovery at 16, Ex. 1 at

22  319-28, 347-57.)

23         The court has reviewed the exhibits submitted by respondent

24  and it appears that petitioner has been provided with two copies of

25  the transcript of the telephonic interview.  (See Resp. to Supp. Mot.

26  for Discovery, Ex. 1 at 319-28, 347-57.)  Both reflect that the

1  transcript "begins during break in conversation." (Id.)  However,

2  the court construes respondent's response as representing that no

3  other written documentation of this telephonic interview exists.

4  Respondent will be held to this answer.

5          Petitioner has not demonstrated good cause in support of

6  his request for additional discovery in this regard and this request

7  will be denied.

8  Request 51: Memoranda Regarding an Interview of Witness Hand Prior to

9  September 17, 1980

10          Petitioner seeks any memoranda of witness Donald Hand by

11  authorities prior to September 17, 1980.  He asserts that the

12  memoranda is relevant to his prosecutorial misconduct claim and has

13  never been produced.

14          In response to this request respondent represents that

15  to the extent it exists, petitioner has been provided the requested

16  information in the state habeas proceedings. (Resp. to Mot. for

17  Discovery at 12; Resp. to Supp. Mot. for Discovery at 16, Ex. 1 at

18  358-94.)

19          The court has reviewed the exhibits submitted by respondent

20  and it appears that petitioner has been provided with documents

21  reflecting three interviews of Donald Hand by authorities all of

22  which occurred on or after September 17, 1980.  (See Resp. to Supp.

23  Mot. for Discovery, Ex. 1 at 358-94.)  The court construes this

24  response as respondent representing that there are no written

25  memoranda in existence reflecting any interview of Donald Hand prior

26  /////

48

1  to September 17, 1980.  Respondent will be held to this answer, which
2  they should have provided directly.

3          Petitioner has not demonstrated good cause in support of
4  his request for additional discovery in this regard and this request
5  will be denied.

6  Request 52: Notes or Transcript of Interviews of Witness Green

7          Petitioner seeks transcripts of or notes reflecting
8  interviews of a Phillip Green conducted on August 29, 1980 and April
9  21, 1981.

10          In response to this request respondent represents that
11 to the extent it exists, petitioner has been provided the requested
12 information in the state habeas proceedings. (Resp. to Mot. for
13 Discovery at 12; Resp. to Supp. Mot. for Discovery at 17, Ex. 1 at
14 395-427.)

15          The court has reviewed the exhibits submitted by respondent
16 and it appears that petitioner has been provided with transcripts of
17 interviews of Green conducted on August 29, 1980, April 21, 1981 and
18 July 7, 1981 as well as notes from and summaries of the April 21,
19 1981 interview. (See Resp. to Supp. Mot. for Discovery, Ex. 1 at 395-
20 427.)

21          Once again, petitioner's position that the requested
22 materials were not provided to counsel in the state habeas
23 proceedings (see Reply filed June 4, 2004 at 18) appears to be
24 plainly false.  Petitioner has clearly not demonstrated good cause in
25 support of his request for additional discovery in this regard and
26 this request will be denied.

1  Request 53: Notes or Transcript of Interviews of Witness Caton

2       Petitioner seeks transcripts of or notes reflecting any

3  interviews of a Richard Caton by authorities.

4       Respondent represents that to the extent it exists,

5  petitioner has been provided the requested information in the state

6  habeas proceedings.  (Resp. to Mot. for Discovery at 12; Resp. to

7  Supp. Mot. for Discovery at 17, Ex. 1 at 329, 428-32.)

8       The court has reviewed the exhibits submitted by respondent

9  and it appears that petitioner has been provided with a typed summary

10  of an interview of Caton conducted on April 22, 1981, as well as

11  handwritten notes from that interview.  (See Resp. to Supp. Mot. for

12  Discovery, Ex. 1 at 329, 428-32.)  The court construes this response

13  as respondent representing that there are no transcripts of this

14  interview and that no other documents reflecting any other interview

15  of Caton exist.  Respondent will be held to this answer.

16       Petitioner has not demonstrated good cause in support of

17  his request for additional discovery in this regard and this request

18  will be denied.

19  Request 54: Notes or Transcript of Interviews of Witness Gaston

20       Petitioner seeks any written memoranda regarding any

21  interviews of a Lloyd Gaston.

22       Respondent represents that to the extent it exists,

23  petitioner has been provided the requested information in the state

24  habeas proceedings. (Resp. to Mot. for Discovery at 13; Resp. to

25  Supp. Mot. for Discovery at 17, Ex. 1 at 433.)

26  /////

1    The court has reviewed the exhibits submitted by respondent

2  and it appears that petitioner has been provided with one undated

3  page containing four lines of handwritten notes. (See Resp. to Supp.

4  Mot. for Discovery, Ex. 1 at 433.)  The court construes this response

5  as respondent representing that this single page is the only document

6  reflecting any interview of Gaston which exists.  Respondent will be

7  held to this answer.

8    Petitioner has not demonstrated good cause in support of

9  his request for additional discovery in this regard and this request

10  will be denied.

11  Request 55: Notes or Transcript of August 18, 1980 Interview of

12  Witness Stevens

13    Petitioner seeks a transcript or notes of an interview of a

14  William Stevens on August 18, 1980.

15    Respondent objects to the request as vague as to the

16  identification of "William Stevens" but nonetheless represents that

17  to the extent it exists, petitioner has been provided the requested

18  information in the state habeas proceedings. (Resp. to Mot. for

19  Discovery at 13; Resp. to Supp. Mot. for Discovery at 17, Ex. 1 at

20  10-11, 330-34, 434-58.)

21    The court has reviewed the exhibits submitted by respondent

22  and it appears that petitioner has been provided with a typed summary

23  of interviews of Stevens conducted on August 18, 1980 and September

24  1, 1980, handwritten notes from an interview of September 2, 1980, a

25  transcript of the September 2, 1980 interview of Stevens and

26  miscellaneous notes written by Stevens. (See Resp. to Supp. Mot. for

51

1  Discovery, Ex. 1 at 10-11, 330-34, 434-58.)   The court construes this

2  response as respondent representing that no transcript of the August

3  18, 1980 interview of Stevens exists and that no notes regarding that

4  interview other than those indicated above exist.   Respondent will be

5  held to this answer.

6        Petitioner has not demonstrated good cause in support of

7  his request for additional discovery in this regard and this request

8  will be denied.

9  Request 56: Notes or Transcript of Interviews of 39 Prisoners Not

10  Called As Witnesses by the Prosecution at Petitioner's Trial

11        This request and the response thereto are troubling.

12  Petitioner seeks all transcripts of, and notes reflecting, interviews

13  by the authorities of 39 prisoners who were not called as prosecution

14  witnesses at petitioner's trial.   Petitioner argues that the

15  requested discovery is relevant to his claim of prosecutorial

16  misconduct.   In this vein, he claims that there is good cause to

17  require discovery of this information because he has learned that

18  prisoner Alexander Vichi was interviewed by prosecution investigators

19  and when showed photographs at that interview, Vichi identified

20  Menefield and another individual (not petitioner) as the two men who

21  assaulted Gardner.  (Reply filed June 4, 2004 at 18.)   Petitioner

22  alleges that the prosecutor did not call Vichi as a witness at

23  petitioner's trial and suppressed all reports of his identification

24  of the assailants.  (Id.)   As a result, petitioner's trial counsel

25  did not learn of Vichi, did not call him as a defense witness and was

26  denied this exculpatory information.  (Id.)   Petitioner argues that

52

despite respondent's representations to the contrary, no document containing any mention of Vichi has ever been produced to petitioner's counsel in the state or federal habeas proceedings. (Id.)  Petitioner argues that in light of the misleading actions of respondent in connection with discovery related to Vichi, discovery should be granted as to all prisoners who were interviewed by authorities and not called as trial witnesses.

Despite the serious nature of this allegation, respondent provides even less than the rote response repeated many times above. Initially, respondent took the position that to the extent the information "exists and is relevant" it was produced to petitioner either in trial proceedings or in the state habeas proceedings. (Resp. to Mot. for Discovery at 13.)  Later, respondent instead objected to the request on the grounds that the information sought was not relevant to these proceedings and that, with respect to three prisoners (Vichi, Holland and Richardson), petitioner had already been provided the information to the extent it exists at the state habeas hearing.  (Resp. to Supp. Mot. for Discovery at 18.)  However, unlike the typical response set forth above, respondent provided no citation to any exhibit which would allow the court to confirm what petitioner's counsel had received.  Of course, such a response is particularly unhelpful.

The court has reviewed the exhibits submitted by respondent in support of its opposition to the pending motion.  With respect to prisoner Vichi the court has found only a letter dated November 3, 2000, from Deputy Attorney General Susan Lee to petitioner's counsel

1 in which she states an objection to producing discovery with respect

2 to Vichi but states that "I can verify that I have looked for and

3 have not found any information indicating that Mr. Vichi identified a

4 person other than Larry Roberts as Gardner's assailant." (Resp. to

5 Supp. Mot. for Discovery, Ex. 14.)  Regarding prisoner Marcus

6 Richardson the court has located correspondence written in March and

7 May of 2001 between Deputy Attorney General Lee and petitioner's

8 counsel indicating that counsel was eventually provided with tape

9 recordings of an August 25, 1980 interview of Richardson.  (Id., Exs.

10 15 & 16.)  The court has been unable to locate a mention of prisoner

11 Holland, although such a reference may appear somewhere in the four

12 volumes of respondent's exhibits since they are not indexed in any

13 way.

14         Given the serious nature of the allegations, the limited

15 response from respondent is insufficient.  While it may be that

16 petitioner will be unable to obtain evidence sufficient to support a

17 finding of prosecutorial misconduct in the form of Brady violations,

18 he has made a sufficient showing establishing good cause for the

19 requested discovery.  See Bracy, 520 U.S. at 909; Pham, 400 F.3d at

20 743.  Accordingly, this request will be granted.

21 Request 58[20]: A Letter Regarding Witness Hayes

22         Petitioner asserts that at an in camera hearing conducted

23 in the state court proceedings on February 5, 1982, prosecution

24 investigator Gard referred to a letter received from another witness

25 _____

26     [20] Discovery Request 57 was withdrawn by counsel for petitioner
prior to the hearings on the motions.

regarding prisoner and prosecution witness Hayes.  Petitioner claims

the letter is relevant to his claim of prosecutorial misconduct,

apparently suggesting that the letter may contain information

impeaching Hayes which was not produced to the defense.

Respondent objects to the request as calling for

information subject to the official information and informer identity

privileges and states that, in any event, petitioner's counsel was

able to question Gard about this at the evidentiary hearing held in

the state habeas proceedings. (Resp. to Mot. for Discovery at 14;

Resp. to Supp. Mot. for Discovery at 18.)

The court finds petitioner's showing to be based primarily

on speculation.  On the other hand, respondent's response to the

request is troubling in that it seems to infer that such a letter

exists and that it may be relevant to petitioner's prosecutorial

misconduct claim but should nonetheless not be disclosed due to an

unsupported claim of state privilege.  Accordingly, the court finds

that good cause exists for the letter to be produced for in camera

review along with a privilege log explaining the assertion of

privilege.  The discovery request is granted to that extent.

Request 58a: Memoranda of Gard's Interview of the Writer of the
Letter Regarding Witness Hayes

The arguments regarding this request are the same as those

set forth above with respect to Request 58.  The order will also be

the same.  The court finds that good cause exists for the memoranda

of interview to be produced for in camera review along with a

/////

privilege log explaining the assertion of privilege.  The discovery
request is granted to that extent.

Request 59: Undeleted Memoranda Reflecting Officer Gard's
Conversation With Witness Hayes on January 21

Petitioner asserts that at an in camera hearing conducted
in the state court proceedings on February 5, 1982, prosecution
investigator Gard also referred to a conversation he had with Hayes
on January 21 of, presumably, 1982. Petitioner asserts that no notes
or memoranda reflecting that conversation have ever been produced.
Petitioner seeks their production as relevant to his claim of
prosecutorial misconduct.

Respondent first objected to the request as calling for
information subject to the official information privilege.  (Resp. to
Mot. for Discovery at 14.)  Changing course, respondent later
retreated to its rote response that, to the extent it exists,
petitioner has been provided all notes and transcripts of interviews
with Hayes in the state habeas proceedings.  (Resp. to Supp. Mot. for
Discovery at 18.)  A review of the exhibits submitted by respondent
reflect no notes or transcript of a January 21, 1982 conversation
with Hayes by investigators.  (Resp. to Supp. Mot. for Discovery, Ex.
1 at 822-79.)  It may be that the response was intended to convey the
position that no documents reflecting such a conversation between
Hayes and Gard exist.  However, respondent's inconsistent responses
/////
/////
/////

1  cause the court to require a more definite response.[21]  Accordingly,

2  respondent will be required to specifically answer the inquiry.  If

3  respondent's position is that no document reflects the conversation

4  in question, counsel shall so state.  Petitioner's request is

5  granted.

6  Request 60: Letter From Witness Hayes to Officer Gard

7           Petitioner asserts that at the same February 5, 1982 in

8  camera hearing investigator Gard also referred to a letter he

9  received from Hayes in which Hayes claims that a "contract" was put

10 out on him after he was paroled in 1981.  Petitioner asserts that the

11 letter has never been produced.  Petitioner seeks its production as

12 relevant to his claim of prosecutorial misconduct.  In this regard,

13 petitioner's counsel argued at the second hearing that all contacts

14 between Hayes and the prosecution team is relevant to the

15 prosecutorial misconduct claim.  (RTII at 28-29.)  Petitioner

16 represents that in the state proceedings both the trial prosecutor,

17 Deputy Attorney General Kirk, and the prosecution investigator, Mr.

18 Gard, testified that they essentially had no contact with witness

19 Hayes from the time of his release on parole in August of 1981 and

20 the commencement of petitioner's trial in the fall of 1982.

21 Petitioner argues that all evidence of contact between the

22 prosecution team and Hayes during that period, including this letter,

23

24          [21]  Obviously, the second response indicating that transcripts
         and notes of the various interviews of Hayes conducted by authorities
25       had already been produced to petitioner's counsel in the state habeas
         proceedings years earlier can only lead to the conclusion that the
26       first response, with its assertion of official information privilege,
         was either carelessly made in error or not advanced in good faith.

is relevant to the allegation of prosecutorial misconduct.   In response to respondent's bare assertion of privilege, petitioner states the willingness to have a protective order imposed.

Respondent objects to the request as calling for information subject to the official information privilege.  (Resp. to Mot. for Discovery at 14; Resp. to Supp. Mot. for Discovery at 19.) Given the fact that transcripts and notes of the various interviews of Hayes conducted by authorities have been produced to petitioner's counsel in the state habeas proceedings, the bare assertion of privilege with respect to this letter from Hayes to investigator Gard is insufficient.  Accordingly, the court finds that good cause exists for the letter in question to be produced for in camera review along with a privilege log explaining the assertion of privilege.  The discovery request is granted to that extent.

Request 61: Undeleted Memoranda Reflecting a Meeting Between Officer Gard and Witness Hayes on The "22nd"

Similarly, petitioner asserts that at the February 5, 1982 in camera hearing prosecution investigator Gard also referred to a meeting he had with Hayes on the "22nd."  Petitioner asserts that no document reflecting such a meeting has ever been produced. Petitioner seeks its production as relevant to his claim of prosecutorial misconduct and makes the same argument as advanced in support of Request 60.

In opposition, respondent again makes a bare assertion of the official information privilege.  (Resp. to Mot. for Discovery at 14; Resp. to Supp. Mot. for Discovery at 19.)

1   Again, in light of the fact that transcripts and notes of

2   the various interviews of Hayes conducted by authorities have been

3   produced to petitioner's counsel in the state habeas proceedings, the

4   bare assertion of privilege with respect to any memoranda from such a

5   meeting between Hayes and investigator Gard is insufficient.

6   Accordingly, respondent will be required to specifically answer the

7   inquiry.  If respondent's position is that no document reflects the

8   meeting in question, counsel shall so state.  Petitioner's request is

9   granted.

10  Request 62: Deputy Attorney General Kirk's Memorandum Regarding

11  Unused Informants

12   Petitioner asserts that at the February 5, 1982 in camera

13  hearing prosecutor Kirk referred to a memorandum relating to what he

14  described as "unused informants."  Petitioner asserts that the

15  memorandum is relevant to his claim of prosecutorial misconduct and

16  should be disclosed because it may reflect exculpatory evidence that

17  was not disclosed to his trial counsel.

18   Respondent objects to the request as calling for the

19  production of information subject to the official information

20  privilege.  (Resp. to Mot. for Discovery at 14; Resp. to Supp. Mot.

21  for Discovery at 19.)  Moreover, respondent argues that petitioner is

22  engaged in a mere fishing expedition since he has made no showing

23  regarding the exculpatory information he expects to find or that any

24  such information exists.  Finally, respondent contends that the

25  identity of these "unused informants" was disclosed to petitioner's

26  /////

1  counsel in the state habeas proceedings on November 28, 2000.

2  Petitioner does not counter this last representation.

3        Petitioner has not made a sufficient showing of good cause

4  in support of his request for additional discovery in this regard and

5  this request will be denied.

6  Request 63: All Documents Regrading Identities of Witnesses A and B

7        Petitioner seeks the identities of witnesses "A and B" who

8  were the subjects of an in camera hearing held before the state trial

9  court on February 19, 1982.  Petitioner claims that the information

10 sought is relevant to his claim of prosecutorial misconduct.  At one

11 point, counsel for petitioner withdrew this request (see Reply filed

12 June 4, 2004 at 20) but then thereafter argued in support of it.

13 (See Am. Supp. Mot. at 31.)

14       Respondent objects to the request as calling for the

15 production of information subject to the official information

16 privilege.  (Resp. to Mot. for Discovery at 14; Resp. to Supp. Mot.

17 for Discovery at 19.)  Nonetheless, respondent contends that the

18 identity of witness A was disclosed to petitioner's trial counsel

19 pursuant to the disclosure order of the state trial court and that

20 the identity of witness B was disclosed to petitioner's current

21 counsel on November 28, 2000, in the state habeas proceedings.

22 Petitioner's counsel did not contest these representations.

23       Petitioner has not made a showing of good cause for

24 additional discovery in this regard and this request will be denied.

25 Request 64: Information Regarding William Acker's Informant

26 Activities While Incarcerated

In requests 64 through 73 petitioner seeks various information regarding a prosecution witness by the name of William Acker as relevant to his claim of prosecutorial misconduct.  However, petitioner's counsel has requested that these requests be "withheld" or that the court hold them "in abeyance" since the materials sought relate only to the penalty phase of petitioner's trial.

Respondent objects to the requests as overbroad, not seeking relevant evidence since Acker did not testify at petitioner's trial, and on the grounds that the information sought is protected by the official information and informant identity privileges.  (Resp. to Mot. for Discovery at 15-16; Resp. to Supp. Mot. for Discovery at 19-21.)

In light of petitioner's expressed desire to withhold these requests, each of them will be denied at this time without prejudice.

Request 65: Acker's Rap Sheet

Denied without prejudice.  See Request 64, above.

Request 66: Acker's Parole Board Files

Denied without prejudice.  See Request 64, above.

Request 67-69: Law Enforcement Efforts on Behalf of Acker

Denied without prejudice.  See Request 64, above.

Request 70: Acker's Disciplinary Reports

Denied without prejudice.  See Request 64, above.

Request 71: Acker's Informant Activities Prior to August 17, 1980

Denied without prejudice.  See Request 64, above.

Request 72: Details of Acker's Incarceration Between August 17, 1980 and the Conclusion of Petitioner's Trial

1       Denied without prejudice.  <u>See</u> Request 64, above.

2  <u>Request 73: Copies of All Statements Given By Acker Concerning</u>

3  <u>Petitioner and Information Regarding Unrecorded Statements</u>

4       Denied without prejudice.  <u>See</u> Request 64, above.

5  <u>Request 74: Information and Documents Regarding Dr. Welch</u>

6       Through this request petitioner seeks all information and

7  documents regarding Dr. Welch including any information regarding

8  efforts by the Attorney General's Office to revoke his medical

9  license, any interaction between the prosecutor in petitioner's case

10 and those involved in the revocation of Dr. Welch's medical license,

11 any information reflecting conversations with Dr. Welch regarding

12 benefits he might receive presumably in exchange for his cooperation

13 in petitioner's prosecution.  Petitioner's counsel again argues (see

14 Request 6) that: (1) Dr. Welch was intoxicated at the time of the

15 assaults at issue and provided negligent medical treatment to victim

16 Gardner thereby contributing to Gardner's death and (2) the trial

17 prosecutor suppressed and delayed de-licensing proceedings against

18 Dr. Welch until after petitioner's trial. (RTII at 30-31.)  With

19 respect to this second prong of the request, petitioner's counsel

20 claims that within a week after petitioner's sentencing the Attorney

21 General's Office dismissed the charge relating to Dr. Welch's medical

22 license. (<u>Id.</u>) Petitioner's counsel asserts that the facts suggest

23 that Deputy Attorney General Kirk had undisclosed interactions with

24 the medical licensing side of his office on behalf of Dr. Welch to

25 petitioner's detriment. (<u>Id.</u>)

26 /////

1    Respondent objects to the request as overbroad and as

2  seeking evidence not relevant to these proceedings.  (Resp. to Mot.

3  for Discovery at 17; Resp. to Supp. Mot. for Discovery at 19-22.)

4    Respondent's objection is only well-taken in part.

5  Petitioner has not made a sufficient showing of good cause in support

6  of his request for additional discovery of the proceedings against

7  Dr. Welch's license beyond the public records that would be available

8  to anyone including petitioner.  However, to the extent petitioner

9  requests any information regarding interaction between Deputy

10  Attorney General Kirk and those in the Attorney General's Office

11  handling the licensing proceedings involving Dr. Welch, the request

12  is neither overbroad nor seeks information that is irrelevant to

13  these proceedings.  Accordingly, the request will be granted in part

14  and respondent shall provide any information regarding interaction

15  between Deputy Attorney General Kirk or others acting on his behalf

16  and those in the Attorney General's Office handling the licensing

17  proceedings involving Dr. Welch as well as any evidence of discussion

18  of benefits to be accorded to Dr. Welch in connection with his

19  cooperation in the prosecution relating to petitioner.

20  Request 75: All CDC Files for Witnesses Cade, Long, Hayes, Rooks,

21  Richardson and Yacotis

22    Petitioner seeks the CDC and Department of Health files for

23  prisoner witnesses Cade, Long, Hayes, Rooks, Richardson and Yacotis.

24  Petitioner characterizes the information he seeks as critical to his

25  claim of prosecutorial misconduct in that it will reveal the

26  information available to the prosecutor in 1980 which allowed him to

1   assess the vulnerability of each witness to threats and rewards.

2   Such information, petitioner argues, allowed the prosecution to

3   accomplish its goal of encouraging the witnesses to testify in the

4   manner the prosecution desired.  At the hearing on the motion

5   petitioner's counsel conceded that this request is duplicative of

6   Request 14 as to witnesses Cade, Long, Hayes and Rooks.  Thus, this

7   request merely seeks the same information with respect to Richardson

8   and Yacotis as is sought in Request 14 as to Cade, Long, Hayes and

9   Rooks.

10         Respondent counters that this discovery request is compound

11  and calls for production of information subject to the official

12  information privilege.  (Resp. to Mot. for Discovery at 17; Resp. to

13  Supp. Mot. for Discovery at 22.)  Respondent also suggests by

14  reference that the requested information with respect to Yacotis has

15  previously been provided to petitioner in the state habeas

16  proceedings.  (Resp. to Supp. Mot. for Discovery at 22, Ex. 14.)

17         As with Request 14, addressed above, petitioner's request

18  for access to the complete CDC and Department of Health files of

19  Richardson and Yacotis is a close one.  Nonetheless, for the reasons

20  set forth above with respect to Request 14 the court finds good cause

21  exists for some additional discovery in this area and the request

22  will be granted in part.  To ensure that potentially applicable

23  privileges are accorded adequate consideration, the files in question

24  shall be produced for <u>in camera</u> review by this court.  Whether

25  further disclosure is required will be addressed by this court with

26  the parties following that review.

1  Request 76: Information Regarding the Prosecution's Involvement in

2  the 1981 Alameda County Case Against Witness Hayes

3          In this request petitioner seeks information regarding any

4  involvement the prosecution team had in the Alameda County case

5  brought against witness Hayes in 1981, including any contacts with

6  the prosecutors, defense attorneys, judges, Parole Board or CDC with

7  respect to Hayes.  Petitioner asserts that the requested information

8  is relevant to his prosecutorial misconduct claim.  Most importantly,

9  petitioner's counsel conceded at the second hearing on this motion

10 that this request is duplicative of others already addressed above.[22]

11         Understandably, respondent contends that the request is

12 duplicative and that to the extent it exists, petitioner has been

13 provided the requested information in the state habeas proceedings.

14 (Resp. to Mot. for Discovery at 17; Resp. to Supp. Mot. for Discovery

15 at 23.)

16         Petitioner's Request 13 seeking information regarding

17 consideration, assistance or rewards given by authorities to any

18 prisoner witness in petitioner's case has been granted.  The

19 materials sought here, as belatedly conceded by petitioner's counsel,

20 fall within Request 13.  Accordingly, as a separate request this

21 discovery request will be denied as duplicative.

22 /////

23 /////

24 /////

25

26         [22]  In light of the concession, it is difficult to understand
   why counsel brought the duplicative request in the first instance.

1  Request 77: Information Regarding Law Enforcement Contact with

2  Witness Long After His November 1999 Interview

3          Petitioner seeks information regarding any contact law

4  enforcement authorities had with Long after Deputy Attorney General

5  Lee interviewed him in November of 1999 and told him that she or

6  someone else would return to talk to him further.  Petitioner

7  suggests that as a result of such contacts Long, who had been

8  cooperative with petitioner's counsel up until that point, refused to

9  testify in the state habeas proceedings.  Petitioner argues that

10 despite the suggestion to the contrary, respondent has never made a

11 clear representation regarding whether Long was contacted by

12 authorities again after the November 1999 interview.  (Reply filed

13 June 4, 2004 at 21.)  The court agrees.

14         Respondent has no objection to this request but notes that

15 to the extent it exists, petitioner has been provided the requested

16 information in the state habeas proceedings. (Resp. to Mot. for

17 Discovery at 17-18; Resp. to Supp. Mot. for Discovery at 23, Ex. 14.)

18         The court has reviewed the exhibit cited by respondent and

19 it contains no substantive information addressing an interview of

20 Long after November of 1999.  (See Resp. to Supp. Mot. for Discovery,

21 Ex. 14.)  Deputy Attorney General Lee's cover letter of November 3,

22 2000, cited by counsel for respondent, merely states "I have no

23 personal knowledge regarding interviews of Rayborn Long in 1980"

24 followed by a general disclaimer.  That response to this simple

25 /////

26 /////

1  inquiry is neither complete nor sufficient.[23]  Petitioner's request

2  for discovery in this regard will be granted.

3  Request 78: Information Regarding Law Enforcement Contact with Lt.

4  DuQuesney After Defense Counsel's Contact on February 16, 1996

5         Petitioner seeks information regarding any contact by law

6  enforcement authorities on behalf of the Attorney General's Office

7  with Lt. Peter DuQuesney after petitioner's counsel spoke with him on

8  February 16, 1996.  Petitioner suggests that such contacts occurred

9  because Lt. DuQuesney had cooperated with petitioner's counsel up

10  until that point and thereafter refused to do so.  Petitioner's

11  counsel also argues that when he attempted to inquire into this

12  matter in the state habeas proceedings the Deputy Attorney General

13  objected and the objection was sustained.

14         Respondent contends that to the extent it exists,

15  petitioner has been provided the requested information in the state

16  habeas proceedings and that, in any event, petitioner had the

17  opportunity to question Lt. DuQuesney regarding this matter in the

18  state habeas proceedings.  (Resp. to Mot. for Discovery at 18; Resp.

19  to Supp. Mot. for Discovery at 23, Ex. 14.)

20         The court has reviewed the exhibit cited by respondent and

21  although it contains a brief mention of Lt. DuQuesney it does not

22

23         [23]  The personal knowledge of a particular Deputy Attorney
   General is irrelevant in these matters.  The question is, has a
24  complete and thorough internal inquiry been conducted so that a
   representative of the State can in good faith and as an officer of
25  the court represent that an interview of Long after November 1999
   occurred or not and, if it did occur, what documentation of that
26  interview exists today.

respond to this inquiry.  (See Resp. to Supp. Mot. for Discovery, Ex.

14.)  Petitioner's request for discovery in this regard will be

granted.  Respondent shall answer, what is in essence an

interrogatory, by stating whether anyone on behalf of the Attorney

General's Office communicated with Lt. DuQuesney after February 16,

1996, and, if so, to provide any record of the substance of those

communications including whether there was any comment made on

DuQuesney's communicating with counsel for petitioner.

Request 79: Identity of and Information Regarding Any Witness

Identifying Someone Other Than Petitioner as the Perpetrator

        Petitioner seeks the identity of any witness who identified

anyone other than petitioner as the person involved in the assault on

Gardner as well as the circumstances of any such identification as

relevant to his claim of prosecutorial misconduct.  Petitioner argues

that the fact that respondent suppressed information regarding

prisoner Alexander Vichi's identification of Menefield and someone

other than petitioner as the assailants suggests good cause for the

granting of this discovery request.

        Respondent contends that the request is overbroad in that

many witnesses identified Menefield as the assailant and that, in any

event to the extent such information exists, petitioner has been

provided the requested information in the state habeas proceedings.

(Resp. to Mot. for Discovery at 18; Resp. to Supp. Mot. for Discovery

at 23.)  However, respondent does not cite to any document produced

in the state habeas proceedings as he has done many times with

respect to the requests addressed above.  Perhaps this is

1  respondent's way of stating that since no documents have been

2  produced reflecting the identification of someone other than

3  petitioner as the second assailant, petitioner is safe to assume that

4  none exist in respondent's possession.  (See Resp. to Supp. Mot. for

5  Discovery, Ex. 14) (Deputy Attorney General Lee representing that she

6  has "looked for and have not found any information that Mr. Vichi

7  identified a person other than Larry Roberts as Gardner's

8  assailant").   The response to this specific request is vague and

9  insufficient.

10      Petitioner's request for discovery in this regard will be

11  granted.   Respondent shall produce any information in its possession

12  which reflects the identification of someone other than petitioner as

13  Menefield's accomplice in the assault on Gardner.   If it is

14  respondent's position that the state has no such information,

15  respondent shall affirmatively make that representation.

16  Request 80: Information And Documents Regarding Contacts By the

17  Prosecution with Witness Vichi

18      Petitioner seeks disclosure of information and documents

19  related to contacts by law enforcement with prisoner Alexander Vichi

20  during the investigation of this case as relevant to his claim of

21  prosecutorial misconduct.

22      Respondent contends that to the extent such information

23  exists petitioner has been provided with it in the state habeas

24  proceedings and that, in any event, petitioner's counsel had the

25  opportunity to question Vichi and the state investigators on this

26  subject at the evidentiary hearing held in connection with the state

69

1   habeas proceedings.   (Resp. to Mot. for Discovery at 18; Resp. to
2   Supp. Mot. for Discovery at 23.)

3          The court has reviewed the exhibit cited by respondent and
4   although it contains a brief mention of Vichi it does not respond to
5   this inquiry.   (See Resp. to Supp. Mot. for Discovery, Ex. 14.)
6   Rather, that exhibit reflects only that as of November 3, 2000,
7   Deputy Attorney General Lee represented to petitioner's counsel that
8   she could not locate any information that Mr. Vichi identified a
9   person other than Larry Roberts as Gardener's assailant.   (Id.)   That
10  representation does not address whether law enforcement had contact
11  with Vichi during their investigation.

12         Petitioner's request for discovery in this regard will be
13  granted.   Respondent shall state whether law enforcement had contact
14  with Vichi during their investigation and, if so, shall produce any
15  documents reflecting those contacts as well as the substance of any
16  communications that took place with Vichi.

17  Request 81: All Reports Regarding Witness Moore

18         Petitioner seeks all information and documentation
19  reflecting reports related to a Joseph Moore as relevant to his claim
20  of prosecutorial misconduct.   Apparently a hearsay statement
21  attributable to Moore was admitted into evidence at trial only as to
22  petitioner's co-defendant Menefield.   However, petitioner argues that
23  in his closing argument the prosecutor improperly argued to the jury
24  that the hearsay statement incriminated petitioner and that in this
25  way a Bruton violation occurred.   In a leap, petitioner then argues
26  that he should be able to discover all information relating to Moore.

1    Respondent objects to the request as seeking evidence not

2  relevant to these proceedings.  (Resp. to Mot. for Discovery at 18;

3  Resp. to Supp. Mot. for Discovery at 24.)  The objection is well-

4  taken.

5    Petitioner has failed to address and has not adequately

6  established the relevance of the information sought to his claim of

7  prosecutorial misconduct.  The claim of Bruton error stands or falls

8  on its own merit.  Discovery is not necessary to adequately present

9  that claim.  Petitioner has not made a showing of good cause and this

10 discovery request will be denied.

11 Request 82: Tape Recordings and Accurate Transcripts of All

12 Interviews of Witnesses Long, Cade, Hayes and Richardson

13    The request speaks for itself.  Petitioner claims that the

14 prosecution team adulterated tape recordings and prepared and

15 produced false transcripts of the interviews of these witnesses.  In

16 particular, petitioner claims that it is clear from the state habeas

17 proceedings that there is another version of a transcript of

18 interview with witness Richardson in which Richardson exonerates

19 petitioner of the assault by stating that petitioner was not even

20 present.  Petitioner claims that both he and the judge presiding over

21 the evidentiary hearing in state court saw this version of the

22 transcript but that it was thereafter suppressed once again.

23 Petitioner also asserts that certain parts of tape recordings have

24 never been produced and that it has been suggested that parts of

25 recordings were destroyed in the process of copying them.  Petitioner

26 /////

71

1   essentially argues that these circumstances call into question the

2   veracity of all recordings and transcripts produced by respondent.

3          Respondent takes the position once again that to the extent

4   it exists, petitioner has been provided the requested information in

5   the state habeas proceedings.  (Resp. to Mot. for Discovery at 18;

6   Resp. to Supp. Mot. for Discovery at 23, Exs. 14-16.)  At the second

7   hearing on this motion counsel for respondent addressed the alleged

8   alternate version of the Richardson interview and stated, once again,

9   that there is only one transcript of this interview.  Counsel also

10  argued that with respect to all the transcripts and recordings,

11  petitioner has been provided with complete and accurate versions of

12  the same.

13         With respect to this general request for accurate

14  recordings and transcripts of all interview conducted of witnesses

15  Long, Cade, Hayes and Richardson, petitioner has failed to establish

16  good cause for the court to require further discovery.  Respondent's

17  counsel has represented that complete and accurate tape recordings

18  and transcripts have already been produced.  Absent a specific

19  showing to the contrary, which has not been made with respect to this

20  general request[24], there is no basis upon which to question that

21  representation and thus no grounds for granting further discovery.

22  Accordingly, this request is denied.

23  /////

24

25         [24]  Petitioner has made a specific request with respect to the
    tape and transcript of the interview of witness Richardson referred
26  to above.  The court will address that specific request below.

72

Request 83: Information Regarding The Number of Times Witness Long
Was Interviewed Between August 19, 1980 and September 2, 1980

Petitioner makes this request because, he argues, at the
evidentiary hearing held in connection with the state habeas
petition, Officer Glenn testified that there was more than one
interview (presumably of Long) on a particular date.  Petitioner asks
that respondent clarify how many times Long was interviewed and to
identify the officers conducting the interviews on those dates.  He
claims the information is relevant to his claim of prosecutorial
misconduct.

Respondent objects on the grounds that petitioner has been
provided this information in the state habeas proceedings.  (Resp. to
Mot. for Discovery at 19; Resp. to Supp. Mot. for Discovery at 24 &
Ex. 14.)  The objection is well-taken but the request will also be
denied for a more elementary reason.

Petitioner has failed to address, let alone establish, the
relevance of the information sought in this request to his claim of
prosecutorial misconduct.  Petitioner has not stated why this
particular bit of information is necessary to adequately present that
claim.  Moreover, this is another example of counsel repeatedly
rephrasing basically the same discovery requests in lesser or greater
detail.  This request is indeed duplicative of others addressed above
with respect to Long.  (See Requests 2, 14, 33-35, 75 and 82.)
Petitioner has not made a showing of good cause and this discovery
request will be denied.

/////

1   Request 84: Copies of All Documents Sealed At Request of Prosecution

2           Petitioner seeks discovery of all documents that were filed

3   under seal in the state trial court proceedings at the request of the

4   prosecution.  This broad and unspecific request is made on the

5   grounds that the documents might reveal "particular transactions that

6   may have deprived [petitioner] of his constitutional rights."  (Reply

7   filed June 4, 2004 at 23.)  Petitioner claims that the requested

8   information is relevant to his prosecutorial misconduct claim and is

9   necessary so his counsel can review the documents and request, if

10  appropriate, that they be unsealed.

11          Respondent objects on the grounds that petitioner has

12  failed to establish any nexus between the information sought and any

13  claim in his petition.  (Resp. to Mot. for Discovery at 19; Resp. to

14  Supp. Mot. for Discovery at 24.)  Moreover, respondent notes that any

15  such documents are currently under seal by virtue of a state court

16  order.  (Id.)

17          Petitioner has again failed to establish the relevance of

18  the information sought in this request to his claim of prosecutorial

19  misconduct.  His request can be accurately characterized as a fishing

20  expedition.  Petitioner's counsel simply wishes to review sealed

21  documents in the hope that they may contain evidence in support of

22  some constitutional claim.  Because petitioner has not made a showing

23  of good cause, this discovery request will be denied.

24  Request 85: Accurate and Complete Transcript of the August 25, 1980

25  Interview of Witness Richardson

26  /////

74

1        Here, petitioner presents a more specifically focused

2   request for the version of the August 25, 1980, transcript of the

3   Richardson interview he claims exist.  (See Request 82, above.)  As

4   discussed above, petitioner's counsel claims that at the hearing in

5   connection with the state habeas proceedings the presiding judge

6   paraphrased a transcript in which Richardson stated that petitioner

7   was not involved in the assault and that prosecution witness Cade was

8   also not present.  Petitioner wants the accurate tape and the

9   accurate transcript (i.e. one that reflects such a statement by

10  Richardson) produced as relevant to his claim of prosecutorial

11  misconduct in both the trial and habeas proceedings.

12       Respondent's counsel represents petitioner has received a

13  copy of the only transcript that exists of the August 25, 1980

14  Richardson interview.  (Resp. to Mot. for Discovery at 19; Resp. to

15  Supp. Mot. for Discovery at 24.)  However, respondent suggests that

16  if any question remains as to whether another version of this

17  transcript ever existed, it could be addressed by a limited

18  evidentiary hearing on this specific issue.

19       The court is not anxious to conduct such a hearing.

20  Nonetheless, given the seriousness of the allegation and the

21  likelihood that absent a final resolution by this court, the issue

22  will no doubt continue to be the source of contention, the discovery

23  request will be granted in part.  A limited evidentiary hearing will

24  be conducted at a time to be determined at the next status conference

25  held in this case.  The evidentiary hearing will be limited to the

26  question of whether a second version (i.e. one containing the

75

statements attributed to Richardson alleged by petitioner) of the transcript from the August 25, 1980 Richardson interview did exist and, if so, what became of it.

Request 86: Information Regarding Any Prosecution Contacts With Federal Authorities Regarding Witness Cade

Petitioner seeks this information claiming that no such information has ever been provided to the defense and that the information is relevant to his claim of prosecutorial misconduct.

Respondent again contends that to the extent such information exists petitioner has been provided it in the state habeas proceedings.  (Resp. to Mot. for Discovery at 19; Resp. to Supp. Mot. for Discovery at 25, Exs. 5 & 6.)

This request is duplicative of Requests 13, 17 and 18 addressed above.  Moreover, petitioner has made no attempt to link the requested discovery to his claim of prosecutorial misconduct. Were the court to speculate, it may be that petitioner's counsel hopes to find evidence that the prosecution provided undisclosed consideration to Cade by interceding on his behalf with federal authorities for his testimony.  If so, such evidence will be disclosed in the response ordered as to Request 13.  Accordingly, this separate discovery request will be denied.

Request 87: Information Regarding Prosecution Facilitating Contact Between Witness Cade and A Girlfriend

Petitioner seeks this information claiming that no such information has ever been provided to the defense and that the information is relevant to his claim of prosecutorial misconduct.

76

1  Petitioner argues that discovery previously provided indicated that

2  Cade was attempting to negotiate contact with his girlfriend as part

3  of the consideration for his testimony and that the response from the

4  trial prosecutor was equivocal.  Counsel asserts that Cade declined

5  to answer questions on this subject at the state court evidentiary

6  hearing.  Petitioner's counsel also argue that in a letter made

7  available after the close of testimony in the state habeas proceeding

8  Cade asked the prosecutor to thank a correctional officer for "the

9  gifts."  On this basis petitioner's counsel asserts that good cause

10 exists for further discovery.

11        Respondent again contends that to the extent such

12 information exists it has been provided to petitioner in the state

13 habeas proceedings.  (Resp. to Mot. for Discovery at 19; Resp. to

14 Supp. Mot. for Discovery at 25, Exs. 5 & 6.)  Counsel for respondent

15 also argues that petitioner's counsel had the opportunity to question

16 both Cade and the trial prosecutor regarding this subject in the

17 state habeas proceedings.

18        The court has reviewed the exhibits cited by respondent's

19 counsel.  To the extent they are legible[25] those exhibits contain no

20 apparent reference to the prosecution facilitating contact between

21 Cade and a girlfriend.  Once again the court is placed in the

22 position of having to interpret the response.  Is respondent

23 suggesting that because there is no reference in previously provided

24

25        [25]  The vast majority of pages contained within the copy of
   Exhibit 6 submitted by respondent to the court are completely
26 illegible.

discovery to such an action being taken by the prosecution team, no such action was taken?  The response is unnecessarily vague.

Good cause having been shown, petitioner's request for discovery in this regard will be granted.  Respondent shall state whether anyone on behalf of the prosecution facilitated contact between Cade and a girlfriend and, if so, shall produce any documents reflecting those efforts.

Request 88: Information Regarding Any Undisclosed Contacts Between the Prosecution and Witnesses Cade, Rooks, Long and Hayes

Petitioner seeks information regarding previously undisclosed contacts between the prosecution and these four prisoner witnesses claiming that such information is relevant to his claim of prosecutorial misconduct.  Petitioner argues that after the close of testimony in the state habeas proceeding, letters from Cade and Hayes to the prosecutors were made available to petitioner for the first time.  Those letters, petitioner claims, demonstrate that these witnesses were made promises and given benefits by the prosecution in exchange for their testimony that was never disclosed to the defense. On this basis petitioner's counsel asserts that good cause exists for further discovery in this area.

Respondent again contends that to the extent such information exists petitioner has been provided it in the state habeas proceedings.  (Resp. to Mot. for Discovery at 19; Resp. to Supp. Mot. for Discovery at 25.)  In this regard, counsel for respondent specifically represents that "[a]ll known copies of correspondence or other interaction was disclosed during the state

78

1  habeas proceeding." (Resp. to Supp. Mot. for Discovery at 25.)

2  Respondent's counsel has previously represented that a thorough

3  search for such information has been conducted.  Respondent will be

4  held to these representations.

5      Petitioner has not demonstrated good cause in support of

6  his request for additional discovery in this regard and this request

7  will be denied.

8  Request 89: Information Regarding Gifts Provided to Any Inmate

9  Witnesses

10     Petitioner seeks this information claiming that no such

11  information has ever been provided to the defense and that the

12  information is relevant to his claim of prosecutorial misconduct.

13  Petitioner's counsel again argues that in a letter made available

14  after the close of testimony in the state habeas proceeding, Cade

15  asked the prosecutor to thank correctional officer Hartman for "the

16  gifts."  On this basis petitioner's counsel asserts that good cause

17  exists for further discovery regarding any gifts provided by the

18  prosecution to the prisoner witnesses.

19     Respondent merely states that to the extent such

20  information exists petitioner has been provided it in the state

21  habeas proceedings.  (Resp. to Mot. for Discovery at 19; Resp. to

22  Supp. Mot. for Discovery at 25, Exs. 5 & 6.)

23     As noted above, the court has reviewed the exhibits cited

24  by respondent's counsel and finds them to be in large part illegible.

25  Moreover, to the extent legible they contain no apparent reference to

26  /////

gifts provided by the prosecution to prisoner witnesses.  The
response is, again, unnecessarily vague.

        Good cause having been shown, petitioner's request for
discovery in this regard will be granted.  Respondent shall state
whether anyone on behalf of the prosecution provided gifts of any
kind to the prisoner witnesses who testified at petitioner's trial
and, if any gifts were given, shall produce any documents reflecting
the nature of those gifts.

Request 90: Information Regarding All Contacts with Witness Hayes
After His Arrest in the Fall of 1981

        Petitioner seeks information regarding any contacts between
the prosecution and Hayes after he was arrested in Alameda County in
the fall of 1981 claiming that such information is relevant to
petitioner's claim of prosecutorial misconduct.  Petitioner argues
that after the close of testimony in the state habeas proceeding two
letters from Hayes to the prosecutors were made available to
petitioner for the first time.  Those letters, petitioner claims,
demonstrate that Hayes was visited by the prosecution during this
time period and was made promises of further benefits in exchange for
his testimony.  On this basis petitioner's counsel asserts that good
cause exists for further discovery in this area.

        Respondent again contends that to the extent such
information exists petitioner has been provided it in the state
habeas proceedings.  (Resp. to Mot. for Discovery at 20; Resp. to
Supp. Mot. for Discovery at 25, Ex. 14.)  The court has reviewed the
exhibit cited by respondent.  That exhibit is the November 3, 2000

1  letter from Deputy Attorney General Lee to petitioner's counsel

2  regarding information being provided in connection with the state

3  habeas proceedings.  The only reference in the letter to interviews

4  or contacts by the prosecution with Hayes in the fall of 1981 or

5  thereafter is a September 28, 1982 interview.  The only

6  interpretation the court can give the response is that this was the

7  only contact between the prosecution and Hayes during or after the

8  fall of 1981.  Respondent will be held to these representations.

9       Petitioner has not demonstrated good cause in support of

10  his request for additional discovery in this regard and this request

11  will be denied.

12  Request 91: Information Regarding The Informant Activities Of Witness

13  Hayes Prior to Petitioner's Trial

14       Petitioner makes this request because, he argues, Hayes was

15  known as a "snitch" in prison and he should have been provided access

16  to information regarding those informant activities to impeach Hayes

17  at trial.  Petitioner's counsel does not link this discovery request

18  to any claim in the second amended petition.

19       Respondent objects to the request as seeking evidence not

20  relevant to these proceedings and as calling for the production of

21  information protected by the official information and informant

22  identity privileges.  (Resp. to Mot. for Discovery at 20; Resp. to

23  Supp. Mot. for Discovery at 25.)

24       Petitioner has failed to address, let alone establish, the

25  relevance of the information sought in this request to any claim set

26  forth in the petition pending before this court.  Because petitioner

81

1  has not made a showing of good cause, this discovery request will be

2  denied.

3  Request 92: Access to the Prosecution's Trial and Investigative Files

4       Petitioner seeks discovery of the prosecution's entire

5  trial and investigative file subject to protective orders as

6  necessary to protect work-product materials.  This broad request is

7  made on the grounds that the prosecutorial misconduct (including

8  suppression of and tampering with evidence and the suborning of

9  perjury) was so egregious that the only way for counsel to determine

10 the details and extent of that misconduct is to have access to entire

11 prosecution file.  (Reply filed June 4, 2004 at 26.)  Finally,

12 petitioner argues that respondent should stipulate to the request if

13 respondent's intent, as previously stated, is to clear the name of

14 the trial prosecutor.

15      Respondent declines the suggestion of a stipulated

16 production and objects to the request on the grounds that it is

17 overbroad, calls for production of protected work-product material

18 and because petitioner has failed to establish any nexus between any

19 specific information sought and any claim in his petition.  (Resp. to

20 Mot. for Discovery at 20; Resp. to Supp. Mot. for Discovery at 25.)

21      Respondent's objections are well-taken.  Petitioner's

22 request for access to the entire prosecution file can be accurately

23 characterized as a fishing expedition.  Petitioner's counsel simply

24 wishes to review that file in the hope that it may contain evidence

25 in support of some constitutional claim.  In addition, specific,

26 relevant information contained within the prosecution file, to the

1  extent it exists, has been ordered produced herein.  Because

2  petitioner has not made a showing of good cause in support of this

3  overly broad discovery request it will be denied.

4  <u>Request 92A: Access to Specific Documents In the Prosecution's Trial</u>

5  <u>File</u>

6          Apparently in the alternative to Request 92 addressed

7  above, petitioner seeks discovery of seven specified portions of the

8  prosecution's trial file as described in an index of that file

9  produced in connection with the evidentiary hearing held in the state

10  habeas proceedings.  Petitioner asserts that respondent has no

11  objection to the request except to the extent it calls for production

12  of work product materials.  (Reply filed June 4, 2004 at 27.)

13          Respondent agrees that to the extent any of the specified

14  documents have not been previously produced they will be produced to

15  the extent they exist, except for a summary prepared of an interview

16  of witness Cade on July 29, 1981 which contains work product

17  material.  (Resp. to Mot. for Discovery at 21; Resp. to Supp. Mot.

18  for Discovery at 26.)

19          Accordingly, the request for discovery will be granted to

20  the extent agreed to by respondent as set forth above.

21  <u>Request 93: All Exculpatory Information</u>

22          Petitioner seeks discovery of all exculpatory information.

23  This broad request is made on the grounds that such information is

24  relevant to petitioner's prosecutorial misconduct claim.

25          Respondent contends that any exculpatory information that

26  exists has been provided to petitioner in the state trial and habeas

83

1   proceedings.  (Resp. to Mot. for Discovery at 21; Resp. to Supp. Mot.

2   for Discovery at 26.)

3          The request is overbroad.  Any specific, relevant

4   information that would fall within this request has been ordered

5   produced herein.  Because petitioner has not made a showing of good

6   cause in support of this overly broad discovery request it will be

7   denied.

8   <u>Request 94: Personnel Files of Officers Horton, Hartman, Gard, Glenn,</u>

9   <u>Bennett and DuQuesney and Deputy Attorney General Kirk</u>

10         Petitioner seeks discovery of the personnel files of the

11   trial prosecutor as well as those of the investigators who worked on

12   the case for the prosecution.  He does so on the grounds that he has

13   alleged that the prosecutor and the investigators engaged in serious

14   misconduct, thus placing their credibility at issue.  Petitioner

15   argues that he should be allowed to discover whether those involved

16   had a history of engaging in similar misconduct.  Finally, he asserts

17   that he was not allowed to explore this area in the state habeas

18   proceedings.  (Reply filed June 4, 2004 at 27-28.)

19         Respondent opposes the request as overbroad, seeking

20   evidence not relevant to these proceedings and as calling for the

21   production of information protected by the official information and

22   informant identity privileges.  (Resp. to Mot. for Discovery at 21;

23   Resp. to Supp. Mot. for Discovery at 26-7.)  In addition, respondent

24   asserts that to the extent the request calls for information that may

25   be relevant to any claim in the petition, it has been provided to

26   /////

84

1  petitioner through the testimony of the identified witnesses in the

2  state habeas proceedings.

3          Petitioner has not made a showing of good cause to believe

4  that evidence of prior misconduct exists in the personnel files in

5  question nor that if such evidence did exist, that it would somehow

6  be relevant to his claim of prosecutorial misconduct in connection

7  with his prosecution.  Because petitioner has not made a showing of

8  good cause in support of this discovery request it will be denied.

9                                CONCLUSION

10         For the reasons set forth above, IT IS HEREBY ORDERED that:

11         1.  Petitioner's motion for discovery and amended

12 supplementary motion for discovery are granted in part and denied in

13 part;

14         2.  Petitioner's discovery requests 7, 47 and 57 have been

15 withdrawn by petitioner;

16         3.  Petitioner's discovery requests 2, 8 (in part), 9, 10,

17 13, 14 (in part), 15 (in part), 22 (in part), 27, 33, 34, 38, 43, 49,

18 56, 58 (in part), 59, 60 (in part), 61, 74 (in part), 75 (in part),

19 77, 78, 79, 80, 85 (in part), 87, 89, and 92A (in part) are granted;

20         4.  Petitioner's discovery requests 1, 3, 4, 5, 6, 11, 12,

21 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 28, 29, 30, 31, 32, 35, 36,

22 37, 39, 40, 41, 42, 44, 45, 46, 48, 50, 51, 52, 53, 54, 55, 62, 63,

23 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 76, 81, 82, 83, 84, 86, 88,

24 90, 91, 92, 93 and 94 are denied;

25         5.  Respondent shall provide the discovery ordered herein

26 to petitioner and submit the material designated herein for _in camera_

                                    85

1 | review to the court within thirty (30) days of the date of this

2 | order; and

3 | 　　　　　6.　This case is set for status conference on November 17,

4 | 2005, at 1:30 p.m.

5 | DATED: September 29, 2005.

6

7 | DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

8

DAD:lg
9 | ddad1/orders.capital/roberts.discovery.0254

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26