UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY ROBERTS,                              No. CIV S-93-0254 GEB DAD DP

      Petitioner,                           **CAPITAL CASE**

  v.
                                            ORDER
ARTHUR CALDERON, Warden,

      Respondent.
_____/

Pursuant to the court's discovery order in this action (Doc. No. 305), counsel for respondent submitted four banker's boxes of documents for in camera review. In addition, respondent's counsel provided a letter explaining, to some degree, the basis for respondent's assertion of privilege with respect to those voluminous documents. In addition, pursuant to petitioner's later unopposed motion, the Solano County Superior Court submitted three envelopes containing the bench notes of The Honorable Franklin R. Taft[1] for in

---

[1] Judge Taft presided over the state habeas corpus proceedings in petitioner's case on referral by the California Supreme Court.

1

camera review by this court.  (See Doc. No. 364.) The court has finally completed its review of those documents.[2]

In many respects, it turned out to be quite difficult for this court to determine what specific documents among the boxes of records submitted for review might be relevant to petitioner's broad-ranging habeas claims.  Having engaged in that time-consuming task the court has doubts whether many of the documents reviewed, particularly those in the central files of the various inmate witnesses, have significant relevance to the presentation and consideration of petitioner's claims.  However, the court is mindful that it clearly cannot have the same appreciation of potential relevance of information that counsel for the parties would have.  Accordingly, where a doubt existed, the court has erred on the side of ordering production under the terms of the protective order set forth below.

Accordingly, respondent will be directed to provide to petitioner's counsel the following documents, identified by their Bates-stamped numbers, subject to the protective order detailed below.

**R Documents**

1
3-7
29-66
71
72-74

---

[2] In retrospect, the court erred in agreeing to review such voluminous documents in camera.  The unprecedented nature of the caseload in the Eastern District of California has been well-documented in recent years.  In light of the demands that such a caseload places on the court, it was simply not practical to undertake an in camera review of this magnitude.  The unfortunate result of the court's error in agreeing to do so, has been the delay of these proceedings.  It is not an error that the undersigned will repeat in the future.

**R Documents (cont.)**
86-105
114-203
218-231
337-392
432-450
505-552
559-567
594-610
615
619-621
710-712
717-1033
1052-1064
1098-1119
1143-1182
1185-1293
1419-2203
2245-2653
2821-2857
2926
2972
2974
2984-2985
4337-38

**L Documents**

1-42
66-95
104-107
137-141
148-154
178-473
478-481
485
495
503
507-510
512-516
519-525
527-530
535-539
545-551
556-559
563-566
569
572-577
580-617
620-621
631-702

**L Documents (cont.)**

733-780
795-812
821-878
920-970
992-1239

**RK Documents**

782-1156
1203-1213
1255-57
1262-64
1267-1273
1277-1281
1289-1306
1338-1367
1371-1394
1421-1573
1580-1583
1586
1589
1591-1598
1600
1620-1622
1625
1627-1635
1778-1781
1783-1817
1823-1827
1833-1926
1931-1952
1954-2088

**H Documents**

1
42
57-58

**C Documents**

1-3
22-25
28
43-46
52-83
92
118-123
/////


**C Documents (cont.)**

134-145
189-193

**Y Documents**

1-15
84-106
134-178
181-434
436-453
458-478
481-492
507-583
591-630
633-643
665-676
680-688
701-927

**In Camera Hearing Transcripts**

February 5, 1982 & February 19, 1982
February 26, 1982
October 21, 1982
October 22, 1982
October 25, 1982
November 2, 1982
January 6, 1983
January 24, 1983

None of the documents produced to petitioner's counsel shall be revealed to any person other than counsel for petitioner and experts or other persons working under counsel's direct supervision in connection with these habeas corpus proceedings or otherwise without prior authorization of the court ordered on motion pursuant to twenty-one days notice, filed and served on counsel for the State.  Absent such prior authorization, all of the documents ordered produced by this order, and information contained in those documents, shall be kept confidential and not made public.  Absent such prior authorization of the court, none of these documents, or information

contained therein, shall be transferred, revealed or used in any way or for any purpose except in connection with the litigation of the claims presented in the petition for writ of habeas corpus pending before this court.  Petitioner's counsel shall insure that any person working under their direct supervision to whom counsel reveals documents and information covered by this protective order is provided a copy of this protective order and signs a statement that he or she has read and understands their obligations with respect to this protective order.  Counsel for petitioner shall retain these signed statements.  Nothing in this order prohibits any person or agency acting on behalf of the State from notifying any individuals to whom to whom the discovery documents pertain that the documents have been produced pursuant to this discovery order.  California Civil Code § 1798.24(k).[3]

       The court has reviewed all of the remaining documents submitted for in camera review, including the bench notes of the Honorable Franklin R. Taft submitted by the Solano County Superior Court (see Doc. No. 364), and has concluded that those documents do not contain information relevant to the presentation or resolution of petitioner's claims in these federal habeas proceedings.

       Counsel for respondent shall produce the documents identified above to petitioner's counsel within twenty-one days of the date of this order.  It was originally contemplated that counsel for

---

[3] In the event counsel believe that the appropriate protective order with respect to these documents should include additional or different terms, counsel are encouraged to meet and confer and submit to the court a stipulated protective order for consideration.

6

petitioner would file a motion for evidentiary hearing within 180 days after the production of any documents ordered produced following this in camera review. However, in recent correspondence counsel for petitioner has indicated that they now intend to file their motion for evidentiary hearing much sooner. Accordingly, for the purpose of setting a briefing schedule with respect to petitioner's anticipated motion for evidentiary hearing, the case is also now set for status conference, with telephonic appearance authorized, on Thursday, September 16, 2010, at 9:30 a.m. before the undersigned.[4]

IT IS SO ORDERED.

DATED: August 12, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

ddad1/orders.capital
robertsincamerareview.wpd

---

[4] If counsel wishes to set the briefing schedule by way of proposed stipulation and order, they may do so after consulting with Courtroom Deputy Pete Buzo regarding available hearing dates. If such a proposed stipulation and order is submitted, the status conference will be vacated.

7