IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY ROBERTS,

               Petitioner,                     No. CIV S-93-0254 GEB DAD

     vs.                                 DEATH PENALTY CASE

WARDEN, San Quentin State
       Prison,

               Respondent.           <u>ORDER</u>

_____/

           On November 8, 2012, the court held a hearing on the parties' discovery motions and conducted a status conference. Assistant Federal Defenders Allison Claire and Brian Abbington as well as attorney Robert Bloom appeared for petitioner. Deputy Attorney General Glenn Pruden appeared for respondent. After considering the parties' briefs and hearing the arguments of counsel and for the reasons set forth below, the court will grant respondent's motion for discovery and will grant in part and deny in part petitioner's motion for discovery.

DISCOVERY MOTIONS

           The parties in a habeas proceeding are not entitled to discovery as a matter of course. <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997). Rather, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to

1

1  the extent that, the judge in the exercise of his discretion and for good cause shown grants leave

2  to do so, but not otherwise." Rule 6, Rules Governing § 2254 Cases.  Good cause is shown

3  "where specific allegations before the court show reason to believe that the petitioner may, if the

4  facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  Bracy, 520 U.S.

5  at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).  The information sought to be

6  discovered must be relevant to the petitioner's claims because it is "reasonably calculated to lead

7  to the discovery of admissible evidence."  Fed. Rule Civ. Proc. 26(b)(1).

8          Petitioner does not oppose respondent's discovery motion and the parties have

9  stipulated to issuance of the protective order attached to petitioner's statement in non-opposition

10  to that motion.  (Dkt. No. 451-1.)  With respect to petitioner's motion for discovery, respondent

11  does not oppose the issuance of subpoenas to seek the identity of the bailiff who served at

12  petitioner's trial.  However, respondent opposes petitioner's three remaining discovery requests.

13  Those discovery requests are therefore addressed below.

14  I.  Petitioner's Request for Discovery of Acker Materials

15          At the penalty phase, prisoner William Acker testified that petitioner had stabbed

16  him in prison.  The undersigned ordered an evidentiary hearing on petitioner's claim that his trial

17  counsel was ineffective in failing to challenge this aggravating evidence at the penalty phase.

18  (Dkt. No. 424 at 125-129.)  As petitioner points out, the undersigned also intended to order at

19  that time a hearing on petitioner's claim that the trial prosecutor suppressed evidence regarding

20  witness Acker's mental health, history of lying, and cooperation with authorities in the case of

21  Gonzalez v. Wong, 2:95-CV-02345-JVS (C.D. Cal.).[1]

22

23          [1] While the issue involving witness Acker was included in this court's discussion of the
24  claim (Dkt. No. 424 at 32:7 - 33:8), it was inadvertently omitted from the conclusion addressing
     that aspect of claim 1.  (See id. at 35:2-11.)  This omission is confirmed in the final concluding
25  paragraph addressing petitioner's claim 1, in which the court stated that petitioner's request for
     an evidentiary hearing was granted on all aspects of this claim except two, neither of which
26  involve the allegations regarding witness Acker.  (Id. at 53:1-4.)  Accordingly, the court's June 1,
     2012 order is amended at page 35, lines 4-5 to include William Acker in the list of witnesses.

1    The discovery at issue here is petitioner's request for evidence submitted under

2 seal in the Gonzalez case.  The Ninth Circuit Court of Appeals remanded that case to the district

3 court for consideration of Brady and Strickland issues.  In its opinion (see Dkt. No. 420-1), the

4 Ninth Circuit identified the contents of those records as psychiatric evaluations describing

5 Acker's faked suicide attempts and other manipulative behavior, and a diagnosis of him suffering

6 from schizophrenia.

7    Respondent's primary opposition to petitioner's request for further discovery in

8 this regard is essentially a request for reconsideration of this court's grant of an evidentiary

9 hearing on the issues involving witness Acker.  Respondent points out that penalty phase

10 instructions at petitioner's trial show that the jury was required to find unanimously that the

11 stabbing incident allegedly involving Acker occurred in order to consider it an aggravating factor.

12 Petitioner's jury was given a specific verdict form to indicate which incidents of unadjudicated

13 criminal conduct they found unanimously to be true.  However, the jury did not indicate it found

14 the incident involving the stabbing of Acker to be true.[2]  Given the jury's clear indication that

15 they did not consider the evidence that petitioner had stabbed Acker in making their penalty

16 phase determination, petitioner simply cannot show he was prejudiced by any failure of his trial

17 counsel to impeach Acker nor by any suppression of impeaching evidence with respect to Acker

18 by the trial prosecutor.

19    Petitioner advances several arguments that evidence relating to witness the Acker

20 may nonetheless properly be considered in support of his claims to federal habeas relief.  None of

21 those arguments, however, are convincing.  First, the language of the jury instruction given at

22 petitioner's trial made clear that the jury was to consider unadjudicated criminal conduct only if

23

24    [2] Unfortunately, respondent failed to raise this argument in opposition to petitioner's
motion for an evidentiary hearing nor did respondent bring a timely motion for reconsideration of
25 the court's evidentiary hearing order.  The court could consider the issue waived for purposes of
the evidentiary hearing.  As discussed below, to do so would, however, merely waste judicial and
26 other resources for no purpose.

1  it unanimously found that conduct to be true beyond a reasonable doubt.  (See RT 10,208:20 -

2  10,211:4.)  The instruction also directed the jury to record its findings regarding each instance of

3  unadjudicated criminal conduct on the verdict form provided.  (RT 10,209:3-5.)  The jury did not

4  mark the allegations regarding the alleged attack on Acker as having been found to be true.  (CT

5  1794.)[3]  Of course, a jury is presumed to follow the instructions they are given.  Weeks v.

6  Angelone, 528 U.S. 225, 234 (2000).  Petitioner has not made any showing to overcome that

7  presumption.  (See Dkt. No. 455 at 2-4.)  This is not a case, like those cited by petitioner, in

8  which although the jury was instructed to disregard evidence, it is "impossib[le] [to] determin[e]

9  whether in fact the jury did or did not ignore" that evidence.  See Bruton v. United States, 391

10  U.S. 123, 136 (1968).  Here, the jury was instructed to disregard evidence that it did not

11  unanimously find to be true and the special verdict form reflects that it did not find the

12  challenged evidence to be true.

13                    Petitioner's remaining arguments are also insufficient to justify an evidentiary

14  hearing on the allegations involving witness Acker.  The court does not find evidence supporting

15  petitioner's allegations with respect to Acker to be necessary to show a pattern of conduct by

16  either trial defense counsel or by the trial prosecutor.  Petitioner needs to support his allegations

17  that his trial counsel erred in failing to impeach each witness and that the trial prosecutor

18  suppressed impeaching evidence for each witness.  Whether or not petitioner's trial counsel or

19  the trial prosecutor erred with respect to information involving witness Acker does not show that

20  they erred with respect to other trial witnesses.

21

---

22      [3]  For each of the three instances of unadjudicated criminal conduct considered by the
    jury, it was directed to find each "true" or "not true" by crossing out the inapplicable words.  (CT
23  1794.)  The jury crossed out "not true" with respect to the allegations that petitioner possessed a
    piece of metal in his cell.  (Id.)  The jury crossed out no words with respect to the allegations of
24  an assault on Jimmy Fuzzell and an assault on William Acker.  Based on the jury's clear
    indication that it found the metal possession allegation true, the most reasonable interpretation of
25  the jury's failure to mark the other two allegations as true or not true indicates that it did not
    unanimously find them to be true.  Petitioner does not contest this interpretation of the jury's
26  verdict form.

1    Petitioner's final argument is that, if the court finds petitioner's trial counsel acted

2    unreasonably with respect to the evidence involving witness Acker or that the prosecutor

3    suppressed such evidence, then the court may consider that conduct in analyzing the cumulative

4    effect of all such errors.  Cumulative error analysis allows the court to consider the aggregate

5    effect of errors that, alone, do not amount to constitutional violations.  Wood v. Ryan, 693 F.3d

6    1104, 1116-17 (9th Cir. 2012).  Given the fact the jury did not find the alleged Acker stabbing to

7    be true, there is no effect to the alleged errors regarding that evidence.  Therefore, there is simply

8    nothing to add to the cumulative error column.  Petitioner has not shown a "reasonable

9    probability" for purposes of his ineffective assistance of counsel or Brady claims that had the jury

10   heard the evidence impeaching witness Acker, the result of the penalty phase of his trial would

11   have been different.

12    Finally, this court long ago found that petitioner's claims involving witness Acker

13   were not viable.  (Dkt. No. 123 at 2-3.)  Petitioner's present arguments do not cause the court to

14   now conclude otherwise.  Accordingly, this court finds that petitioner has not established good

15   cause for discovery involving trial witness the Acker.  Therefore, the court will further amend the

16   June 1, 2012 order so as to now deny petitioner's motion for an evidentiary hearing on the claims

17   regarding witness William Acker's penalty phase testimony.

18   II.  Petitioner's Request for Discovery of LaVaughn Hunter Parole Records

19    The undersigned granted an evidentiary hearing on petitioner's claim that his

20   counsel was ineffective in failing to present the testimony of an expert on prisons at trial

21   regarding, among other things, petitioner's expectation of being released on parole.  (Dkt. No.

22   424 at 65.)  Petitioner now seeks to discover all "parole-related" records of LaVaughn Hunter,

23   who was petitioner's co-defendant in the prior 1970 homicide prosecution.  According to

24   petitioner, Hunter was paroled from state prison in 1979.

25    Petitioner has not shown good cause in support of this request for discovery.  In

26   his ineffective assistance of counsel claim petitioner alleges that at the time of Gardner's killing

1  in 1980, petitioner had an expectation that he would be paroled shortly and therefore was

2  motivated to behave well in prison.  Evidence relevant to this issue would show, according to

3  petitioner, that he in fact had such an expectation.  However, petitioner does not allege that he

4  knew in August of 1980 that Hunter had been paroled.  Even if he did, the fact of Mr. Hunter's

5  parole should not be a disputed fact and the reasons why Hunter was paroled are not relevant to

6  petitioner's expectations of parole.

7          Accordingly, this aspect of petitioner's request for discovery will be denied.

8  III.  Petitioner's Request for Discovery of Prosecutor's Case Files

9          The undersigned granted an evidentiary hearing on petitioner's claims of

10  prosecutorial misconduct involving suppression of impeachment evidence regarding inmate

11  witnesses Cade, Hayes, and Rooks; suppression of evidence of the inmate victim's propensity for

12  violence; and presentation of false testimony of inmate witnesses Cade, Long, Rooks, Yacotis,

13  and Hayes. (Dkt. No. 424 at 35, 49.)[4]  With respect to these claims and in preparation for the

14  evidentiary hearing, petitioner seeks the opportunity to review trial prosecutor Charles Kirk's

15  entire case file in search of evidence relevant to what prosecutor Kirk knew or should have

16  known on these issues.  In the alternative, petitioner seeks production of certain categories of

17  documents from prosecutor Kirk's files.

18          Respondent objects primarily on the basis that petitioner has no right to discover

19  evidence reflecting prosecutor Kirk's mental impressions.  Respondent argues that because the

20  good or bad faith of the prosecutor is irrelevant to the Brady inquiry, Kirk's mental impressions

21  are not discoverable.  See Kyles v. Whitley, 514 U.S. 419, 432 (1995).  Respondent also points

22  out that petitioner has cited no case law in support of the discovery request for such materials in

23  this situation.  Respondent's contention in this latter regard are correct.  The cases cited by

24

25          [4]  As discussed above, while witness Acker's name was inadvertently omitted from this
    list, the court has, upon reconsideration, denied petitioner's request for an evidentiary hearing on
26  the issues related to witness Acker.

6

1   petitioner do not support a contention that a prosecutor's mental impressions are relevant to a

2   <u>Brady</u> claim.  <u>See Hall v. Director of Corrections</u>, 343 F.3d 976, 985 (9th Cir. 2003) (willful

3   misconduct at issue was not on the part of the prosecutor); <u>Holmgren v. State Farm Mut. Auto.

4   Ins. Co.</u>, 976 F.2d 573, 576, 577 (9th Cir. 1992) (bad faith at issue in insurance case); <u>Doubleday

5   v. Ruh</u>, 149 F.R.D. 601, 608 (E.D. Cal. 1993) (a prosecutor's opinion work product regarding the

6   decision to prosecute found relevant to a § 1983 claim that officers fabricated evidence to

7   convince the District Attorney to prosecute).  The basic rule is that for opinion work product to

8   be discoverable the attorney's mental impressions must be at issue and the need for the material

9   must be compelling.  <u>Holmgren</u>, 976 F.2d at 577.

10          Nonetheless, as set out in detail in the court's evidentiary hearing order, petitioner

11  has made a prima facie showing of a <u>Brady</u> violation by the trial prosecutor in this case.  (Dkt.

12  No. 424 at 16-53.)  There can be no question that documents showing prosecutor Kirk's mental

13  impressions or reflecting his legal analysis may well also show what he knew, or should have

14  known, about impeaching evidence regarding the witnesses the prosecution called to testify at

15  petitioners trial.  In fact, such documents may very well be the best evidence of what prosecutor

16  Kirk knew about his witnesses or should have known and when he knew it or should have known

17  it.  The court finds petitioner has established good cause for the discovery of documents from

18  prosecutor Kirk's files.

19          The court does not find, however, that petitioner has shown a need for unlimited

20  and unfettered access to all of the trial prosecutor's files.  Rather, respondent will be ordered to

21  produce the documents responsive to petitioner's three specific and detailed discovery requests.

22  To the extent respondent believes that documents responsive to those requests are privileged or is

23  unsure whether or not privileged documents are responsive, respondent shall provide copies of

24  those documents to the court for in camera review.

25  /////

26  /////

CONCLUSION

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1.   The court's June 1, 2012 order (Dkt. No. 424) is amended to add the name "William Acker" to the list of witnesses at page 35, lines 4-5 of that order.   That said, the court also reconsiders that order.   The grant of an evidentiary hearing on petitioner's claims that his trial counsel was ineffective in failing to impeach witness William Acker and that the trial prosecutor suppressed impeaching evidence regarding witness Acker is now vacated.   Upon reconsideration, petitioner's request for an evidentiary hearing on those two issues is now denied.

2.   The court finds good cause for respondent's September 21, 2012 Motion to Conduct Discovery (Dkt. No. 445) and that motion is granted to the extent it seeks information from the files of petitioner's trial attorneys relevant to the claims upon which an evidentiary hearing has been granted.   Respondent's discovery of those files is subject to the following protective order issued pursuant to Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003) (en banc):

PROTECTIVE ORDER

For purposes of the evidentiary hearing and preparation for the evidentiary hearing in this capital habeas case, all discovery of trial attorney file materials granted to respondent shall be deemed to be confidential.   In any event, documents and materials produced from the trial counsel files (hereinafter "documents") may be used only by counsel for respondent, other representatives from the Office of the California Attorney General, and persons working under their direct supervision (including expert consultants), and only for purposes of any proceedings incident to litigating the claim(s) presented in the petition for writ of habeas corpus pending before this Court.

Disclosure of the contents of the documents and the documents themselves may not be made to any other persons or agencies, including any other law

1    enforcement or prosecutorial personnel or agencies, without an order from this

2    Court.  This order extends to respondent and all persons acting on behalf of

3    respondent in this proceeding, including but not limited to persons employed by

4    the Office of the California Attorney General, persons working on this matter who

5    are employed by California governmental divisions other than the Attorney

6    General, persons retained by respondent for any investigative or consulting work

7    on this matter, and any expert consultants or witnesses assisting respondent.

8         This order shall continue in effect after the conclusion of the habeas

9    corpus proceedings and specifically shall apply in the event of a retrial of all or

10    any portion of petitioner's criminal case, except that either party maintains the

11    right to request modification or vacation of this order upon entry of final judgment

12    in this matter.

13         3.  Petitioner's September 21, 2012 Motion for Discovery (Dkt. No. 446) is

14    granted in part and denied in part as follows:

15         a.  Petitioner has not demonstrated good cause for his request for discovery

16    of evidence regarding witness William Acker and that request is denied.

17         b.  The court finds good cause for and grants petitioner's request to issue

18    subpoenas duces tecum to the Solano County Sheriff's Department and the Solano County

19    Superior Court regarding the identity of the bailiff who served at petitioner's trial.

20         c.  Petitioner has not demonstrated good cause for his request for discovery

21    of the parole records of LaVaughn Hunter and that request is denied.

22         d.  The court finds good cause for and grants petitioner's request for the

23    following records from the files of trial prosecutor Charles Kirk:

24              i.  Any and all documentation of communications between

25    prosecutor Kirk (or investigative agents working on the case) and Alameda County officials

26    regarding Robert Hayes.

1              ii.  Any and all background information regarding Cade, Long,

2    Rooks, Yacotis, Hayes and/or Gardner that was obtained or compiled prior to their testifying at

3    petitioner's trial.

4              iii.  Any and all notes or memoranda regarding Cade, Long, Rooks,

5    Yacotis, Hayes and/or Gardner.

6    At the same time petitioner's counsel is provided with the documents responsive to this

7    discovery request, respondent's counsel shall:  (a) provide petitioner's counsel with a log

8    describing any documents which are, or may be, responsive to the request but are being withheld

9    based on an assertion of privilege; and (b) submit copies of those withheld documents to the

10    undersigned for in camera review.

11         4.  All discovery ordered herein shall be completed by January 15, 2013.  Any

12    further motions to compel, or other discovery disputes, shall be presented to the court to be heard

13    prior to February 28, 2013.

14         5.  On March 29, 2013 at 1:30 p.m. in courtroom #27, the undersigned will hold a

15    further status conference.  Counsel need not file status conference statements prior to that date

16    but shall be prepared to discuss the following matters regarding the evidentiary hearing which

17    has previously been ordered in this action:  (a) identification of witnesses who will testify; (b)

18    how that testimony will be presented to the court; (c) a date for taking of any in-court testimony

19    that is required; and (d) an approximation of the time needed for any such in-court testimony.

20    DATED: November 13, 2012.

21

22                             _Dale A. Drozd_

23                             DALE A. DROZD

                           UNITED STATES MAGISTRATE JUDGE

24    roberts pre evi disc.or

25

26