UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ROBERTS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RON DAVIS, Warden, San Quentin State Prison,<br><br>　　　　　Respondent. | No. 2:93-cv-00254-TLN-KJN<br><br><br>**ORDER** |

Petitioner Larry Roberts ("Petitioner") initiated this habeas action with a motion for appointment of counsel and stay of execution in 1993. The Petition is currently assigned to Judge Nunley and Magistrate Judge Newman. Former Magistrate Judge Dale A. Drozd had been assigned to the case from 1997 until his confirmation as a district judge in October 2015. Through the Motion for Reassignment ("Motion") presently before the Court, Petitioner requests that Judge Drozd be reassigned as the district judge for this case. For the reasons that follow, Petitioner's Motion is GRANTED.

///
///
///
///

Local Rule 120(f) provides that the Court may transfer an action to another venue within the District for good cause. Petitioner contends that good cause exists to reassign this case to District Judge Drozd because his familiarity with the action from his time as a magistrate judge will result in a more efficient resolution. Defendant argues to the contrary that any efficiency gains that may result from assigning Judge Drozd as the district judge for this matter are purely speculative. Furthermore, Defendant contends that the assignment of district court judges to cases on which they previously sat as magistrate judges is undesirable under Ninth Circuit precedent.

The Court finds that there is good cause to reassign this case to Judge Drozd. Judge Drozd presided over this matter as a magistrate judge for more than eighteen years. He has conducted several multi-day hearings, issued countless orders, and is intimately familiar with the abundant evidence at issue in this case. Even Defendant admits that it would take a newly assigned Magistrate Judge four days or more to review the evidence necessary to issue findings and recommendations for Judge Nunley's review. See ECF No. 531 at 4-5 (asserting that a newly assigned magistrate would have to read 342 pages of transcripts and watch three to four days of video depositions to issue findings and recommendations). This Court has one of the heaviest caseloads in the nation, and Judge Drozd's familiarity with the issues in this case will undoubtedly result in a more efficient and swiftly-issued disposition. The increased efficiency that will come from reassigning Judge Drozd to this case is significant not only to this Court, but also to Petitioner, who has waited 22 years for a decision in this case.

The Ninth Circuit's decision in Dawson v. Marshall, 561 F.3d 930 (9th Cir. 2009) does mandate a different decision. Indeed, the Dawson panel held that there is no law or constitutional right that prevents district court judges from reviewing cases on which they previously sat as magistrate judges. Id. at 933. Furthermore, the concern that motivated the Dawson panel to caution against assigning new district judges to cases they handled as magistrates is not present here. In Dawson, the reassigned district judge ruled on the findings and recommendations that he issued as a magistrate judge.

Id. at 932.  In contrast, Judge Drozd has not issued findings and recommendations in this case.  This Court has previously reassigned a case to a district judge that sat on that case as a magistrate where reassignment would not have required the district judge to review her own recommendations on dispositive matters and where there was good cause for reassignment.  Osband v. Warden, No. 2:-97-cv-0152-WBS-GGH, ECF No. 583 at 2 (E.D. Cal. 2011).  That is also the case here, and Petitioner's Motion for Reassignment (ECF No. 530) is accordingly GRANTED.  This case is hereby reassigned to District Judge Dale A. Drozd for disposition.

   IT IS SO ORDERED.

Dated:  December 8, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT