UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ROBERTS, | No. 2:93-cv-0254 DAD KJN (TEMP) |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| WARDEN, San Quentin State Prison, | ORDER |
| Respondent. | |

In Claim 22 of the Second Amended Petition, petitioner argues, among other things, that certain testimony recounting statements made by his co-defendant, Archie Menefield, violated petitioner's Confrontation Clause rights under the holding in Bruton v. United States, 391 U.S. 123 (1968).  Petitioner submitted additional briefing on this issue in his December 2014 memorandum.  (ECF No. 528 at 10-19.)  Respondent chose to rely on his Answer and submitted no additional briefing with respect to this issue.  (See ECF No. 527 at 12; Answ. (ECF No. 217) at 152-157.)  None of the briefing submitted to date with respect to this issue addresses the United States Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004), which the undersigned finds relevant to resolution of the Bruton issue.

Set out below is a draft and tentative ruling on two of the Bruton issues in Claim 22.  The parties will be ordered to address this ruling in supplemental briefing.

/////

1

<u>Tentative Ruling</u>

<u>Confrontation Clause Error</u>

 1. <u>Legal Standards</u>

  The Sixth Amendment grants a criminal defendant the right "to be confronted with the witnesses against him." "The 'main and essential purpose of confrontation is <u>to secure for the opponent the opportunity of cross-examination</u>.'" <u>Fenenbock v. Director of Corrections for California</u>, 692 F.3d 910, 919 (9th Cir. 2012) (quoting <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 678 (1986)) (emphasis in original).

  In 2004, the United States Supreme Court held that the Confrontation Clause bars the state from introducing into evidence out-of-court statements which are "testimonial" in nature unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable. <u>Crawford v. Washington</u>, 541 U.S. 36 (2004). The <u>Crawford</u> rule applies only to hearsay statements that are "testimonial" and does not bar the admission of non-testimonial hearsay statements. <u>Id.</u> at 42, 51, 68; <u>see</u> <u>also</u> <u>Whorton v. Bockting</u>, 549 U.S. 406, 420 (2007) ("[T]he Confrontation Clause has no application to" "out-of-court nontestimonial statements.")

  Although the Supreme Court in <u>Crawford</u> declined to provide a comprehensive definition of the term "testimonial," it noted that "[s]tatements taken by police officers in the course of interrogations are . . . testimonial under even a narrow standard." <u>Crawford</u>, 541 U.S. at 52. The court also provided the following "formulations" of a "core class" of testimonial statements: (1) "ex parte in-court testimony or its functional equivalent – that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially;" (2) "extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions;" and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." <u>Id.</u> at 51-52 (citations omitted). The court in <u>Crawford</u> also pointed out that the Sixth Amendment Confrontation Clause "does not bar the use of

2

testimonial statements for purposes other than establishing the truth of the matter asserted." Id. at 59 n.9 (citing Tennessee v. Street, 471 U.S. 409, 414 (1985)). However, "state evidence rules do not trump a defendant's constitutional right to confrontation," and a reviewing court ensures "that an out-of-court statement was introduced for a 'legitimate, nonhearsay purpose' before relying on the not-for-its-truth rationale to dismiss the application of the Confrontation Clause." Williams v. Illinois, ___ U.S. ___, ___, 132 S. Ct. 2221, 2226 (2012) (citing Street, 471 U.S. at 417) (emphasis in original).

In Bruton v. United States, 391 U.S. 123 (1968), the United States Supreme Court held that a defendant is deprived of his Sixth Amendment right of confrontation when a facially incriminating confession of a non-testifying co-defendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the co-defendant. 391 U.S. at 135. "[U]nder Bruton and its progeny 'the admission of a statement made by a non-testifying codefendant violates the Confrontation Clause when that statement facially, expressly, or powerfully implicates the defendant.'" United States v. Hernandez-Orellana, 539 F.3d 994, 1001 (9th Cir. 2008) (quoting United States v. Mitchell, 502 F.3d 931, 965 (9th Cir. 2007)).[1] However, following Crawford, "[i]t is . . . necessary to view Bruton through the lens of Crawford," and "the threshold question in every case is whether the challenged statement is testimonial. If it is not, the Confrontation Clause 'has no application.'" United States v. Figueroa-Cartagena, 612 F.3d 69, 85 (1st Cir. 2010) (citing Bockting, 549 U.S. at 420). Accordingly, the rule set forth in Bruton, which is premised on the Confrontation Clause, does not apply to statements which are non-testimonial in nature. See United States v. Dargan, 738 F.3d 643, 651 (4th Cir. 2013); United States v. Berrios, 676 F.3d 118, 128 (3rd Cir. 2012); United States v. Smalls, 605 F.3d 765, 768 n. 2 (10th Cir. 2010); United States v. Johnson, 581 F.3d 320, 326 (6th Cir. 2009);

---

[1] In People v. Aranda, 63 Cal. 2d 518 (1965), the California Supreme Court held that at a joint trial, a co-defendant's extrajudicial statements inculpating another defendant must be excluded, even if the co-defendant testified at trial. Aranda was abrogated in part in 1982 by an amendment to the California Constitution. See People v. Boyd, 222 Cal. App. 3d 541, 562 (1990) ("Thus, to the extent Aranda required exclusion of inculpatory extrajudicial statements of co-defendants, even when the co-defendant testified and was available for cross-examination at trial, Aranda was abrogated by Proposition 8.").

1   United States v. Taylor, 509 F.3d 839, 850 (7th Cir. 2007); see also Smith v. Chavez, 565 Fed.

2   Appx. 653 (9th Cir. 2014); Hundley v. Montgomery, No. 2:12-cv-3051 JKS, 2014 WL 1839116,

3   **11-13 (E.D. Cal. May 8, 2014) (the circuit courts which have considered the issue "appear to

4   have unanimously concluded that where a statement is non-testimonial, neither Crawford or

5   Bruton apply.").

6   　　　　Confrontation Clause violations are subject to harmless error analysis. Whelchel v.

7   Washington, 232 F.3d 1197, 1205-06 (9th Cir. 2000).[2] "In the context of habeas petitions, the

8   standard of review is whether a given error 'had substantial and injurious effect or influence in

9   determining the jury's verdict.'" Christian v. Rhode, 41 F.3d 461, 468 (9th Cir. 1994) (quoting

10  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).  Factors to be considered when assessing the

11  harmlessness of a Confrontation Clause violation include the importance of the testimony,

12  whether the testimony was cumulative, the presence or absence of evidence corroborating or

13  contradicting the testimony, the extent of cross-examination permitted, and the overall strength of

14  the prosecution's case. Van Arsdall, 475 U.S. at 684.[3]

15  　2.　Discussion

16  　　　　Petitioner first challenges Rooks' testimony that Menefield asked him for his "opinion as

17  to the incident in the regard to Little Charles, incident out in the yard that happened out in the

18  yard." (RT 2038.)   Menefield then told Rooks that he was "[g]oing with him." When asked to

19  whom "him" referred, Rooks responded, "Zoom." (RT 2038-39.)  Before Rooks testified,

20  defense counsel strenuously objected to admission of this testimony. (RT 2010-2020, 2027-

21  2030.)  The trial court admitted it under a hearsay exception for statements made in furtherance of

22  a conspiracy. (RT 2028-2030.)  The California Supreme Court held this ruling was in error and

23  the admission of the testimony violated Bruton. People v. Roberts, 2 Cal. 4th at 303-04.

---

[2] The United States Supreme Court has held that Bruton error is subject to harmless error analysis. Lilly v. Virginia, 527 U.S. 116, 139-40 (1999); Harrington v. California, 395 U.S. 250, 253-54 (1969).

[3] Although Van Arsdall involved a direct appeal and not a habeas action, "there is nothing in the opinion or logic of Van Arsdall that limits the use of these factors to direct review." Whelchel, 232 F.3d at 1206.

1   However, it further found the error to be harmless. Id. at 304.

2   Petitioner also challenges the admission of Rooks' testimony that Menefield told him after the crime that "he was down on the floor when the incident happened, but he couldn't say 'no,' because he couldn't say 'no.'" (RT 2053.) At defense counsel's request, the trial court gave an instruction limiting the jury's consideration of this latter statement to their determination of Menefield's, not petitioner's, guilt. (Id.)

Petitioner argues that the admission of Rook's testimony noted above was a clear violation of the rule of Bruton. (ECF No. 528 at 14.) However, in his briefing, petitioner does not mention the Supreme Court's decision in Crawford.[4] After Crawford, the first question is whether the statements made by Menefield about which Rooks testified were "testimonial" in nature. Menefield did not make these statements to Rooks "under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Crawford, 541 U.S. at 51-52. These types of "statements from one prisoner to another" are "clearly nontestimonial." Davis v. Washington, 547 U.S. 813, 825 (2006). See also Berrios, 676 F.3d at 128 (Bruton is inapplicable to a non-testimonial "prison yard conversation"). Because Menefield's statements as testified to by Rooks were not themselves testimonial, petitioner's claim of Bruton error in the admission of Rooks' testimony regarding Menefield's statements fails.

/////

/////

/////

---

[4] The California Supreme Court's holding that the admission of Rooks' testimony here amounted to Bruton error preceded the United States Supreme Court's decision in Crawford. The decision in Crawford is to be applied retroactively. See Desai v. Booker, 538 F.3d 424, 427-31 (6th Cir. 2008) (extensive analysis of retroactive application of Crawford, whether or not it amounts to a "new rule," because the non-retroactivity rule of Teague v. Lane cannot be invoked by a petitioner); cf. Free v. Peters, 12 F.3d 700, 703 (7th Cir. 1993) ("The Supreme Court deems Teague a one-way street: designed as it is to protect the state's interest in the finality of criminal convictions, it entitles the state, but not the petitioner, to object to the application of a new rule to an old case.") (citing Lockhart v. Fretwell, 506 U.S. 364 (1993)); Delgadillo v. Woodford, 527 F.3d 919, 927-28 (9th Cir. 2008) (noting, in dicta, that a habeas petitioner "may not raise Teague to bar the application of a new rule").

5

Order

Within two weeks of the filed date of this order, petitioner shall file a memorandum of points and authorities addressing the tentative ruling set forth above. Within two weeks of the filing of petitioner's memorandum, respondent shall file a responsive memorandum.

IT IS SO ORDERED.

Dated:  **July 19, 2016**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

Roberts bruton supp brf.or