HEATHER E. WILLIAMS, State Bar No. 122664
Federal Defender
BRIAN ABBINGTON, Texas State Bar No. 00790500
HARRY SIMON, State Bar No. 133112
Assistant Federal Defenders
801 I Street, 3rd Floor
Sacramento, California 95814
(916) 498-5700; FAX (916) 498-6656

ROBERT BLOOM
Law Offices of Robert Bloom
3355 Richmond Boulevard
Oakland, CA  94611
Telephone:  (510) 595-7766
Facsimile:  (510) 595-8384

Attorneys for Petitioner
LARRY ROBERTS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ROBERTS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RON BROOMFIELD, Warden of the California State Prison at San Quentin,<br><br>　　　　Respondent. | No. 2:93-cv-00254-DAD-DB<br><br>**<u>DEATH PENALTY CASE</u>**<br><br>**REPLY IN SUPPORT OF MOTION FOR FINAL JUDGMENT ON CLAIM 1 UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)**<br><br>Hearing Date: July 19, 2022<br>Time: 9:30 a.m.<br>Courtroom: 5 |

On June 1, 2022, petitioner Larry Roberts filed a Motion for Final Judgment pursuant to Federal Rule of Civil Procedure 54(b), in which he requested this Court issue a decision resolving the claim of guilt phase prosecutorial misconduct. Docs. 560 and 560-1. Claim 1 amply documents the pervasive misconduct of prosecutor Charles Kirk that infected Mr. Roberts' murder trial in Solano County Superior Court in 1982 and resulted in his wrongful conviction. Doc. 560-1 at 6-8.

Respondent Warden Ron Broomfield filed his response on June 29, 2022, arguing that this Court should not issue an immediate ruling on Claim 1, but should instead delay any ruling further until it is ready to resolve every claim in Mr. Roberts's case. Doc. 563.

In support of this argument, Respondent asserts that "[t]here is no danger that waiting for the resolution of all claims will preclude review of Claim 1 or result in irreparable injury." Doc. 563 at 3.

Respondent's assertion ignores the fact that if Larry Roberts, who is now 69 years old, dies before his habeas petition can be resolved, that would render proceedings on Claim 1 moot and result in irreparable injury to him. Mr. Roberts would never obtain any ruling on his federal claim that gross and pervasive prosecutorial misconduct pervaded his capital trial and rendered his conviction unconstitutional. Mr. Roberts could die in prison as a consequence of the failure to timely rectify blatant constitutional error from a trial that took place 40 years ago.

Notably, Respondent did not mention, much less challenge Mr. Roberts's allegation that he is entitled to relief based on trial prosecutor Charles Kirk judicial admission during the evidentiary hearing that he personally and deliberately altered trial exhibits regarding the mental health of a crucial state witness. Doc. 560-1 at 6, 7.

Instead, Respondent cites and relies upon *Curtiss-Wright Corp. v. General Electric Co.*, 466 U.S. 1, 5-6 (1980) for the proposition that application of Rule 54(b) is inappropriate in the present case because "there are two parties with equal interest in all of the pending claims." Doc. 563 at 2.

In fact, Larry Roberts has a unique interest in having a ruling on the merits of Claim 1 and a resolution of the evidence presented at his evidentiary hearing that far exceeds the significant monetary losses faced by the prevailing party in the above-mentioned case of *Curtiss-Wright.*

Mr. Roberts was 28 years old at the time of his capital trial and he is 69 years old now. Mr. Roberts has waited more than eight years since his evidentiary hearing and over forty years since his capital trial for a judicial response to his claim that pervasive prosecutorial misconduct resulted in his wrongful conviction.

Every day that this Court delays issuing a decision on Claim 1 raises the possibility that the claim will not be resolved based on the hearing that the parties have already conducted in this case. In 2015, Chief Judge Morrison England granted Mr. Roberts' motion to reassign this case to this Court over Respondent's objections, noting as follows:

> The Court finds that there is good cause to reassign this case to Judge Drozd. Judge Drozd presided over this matter as a magistrate judge for more than eighteen years. He has conducted several multi-day hearings, issued countless orders, and is intimately familiar with the abundant evidence at issue in this case. Even Defendant admits that it would take a newly assigned Magistrate Judge four days or more to review the evidence necessary to issue findings and recommendations for Judge Nunley's review. See ECF No. 531 at 4-5 (asserting that a newly assigned magistrate would have to read 342 pages of transcripts and watch three to four days of video depositions to issue findings and recommendations). This Court has one of the heaviest caseloads in the nation, and Judge Drozd's familiarity with the issues in this case will undoubtedly result in a more efficient and swiftly-issued disposition. The increased efficiency that will come from reassigning Judge Drozd to this case is significant not only to this Court, but also to Petitioner, who has waited 22 years for a decision in this case.

Doc. 535 at 2.

It serves the interests of both justice and judicial economy for this Court to memorialize as soon as possible its factual findings and legal conclusions regarding the evidentiary hearing conducted on Claim 1.

The overriding reason provided by respondent for further delay of the resolution of Claim 1 is far from compelling. Respondent contends that "[a]ny perceived advancement to judicial administrative interests and the interests of justice can be found only in the assumption that a

ruling on Claim 1 would result in the grant of the writ." Doc. 536 at 2. Next, Respondent asserts that even if this Court were to rule in Mr. Roberts' favor on Claim 1, an appeal to the Ninth Circuit would surely follow, citing the state's appeal in *Frye*. *Id.* at 1.

Conversely, if this Court were to rule in Mr. Roberts' favor on Claim 1 and that decision was affirmed on appeal, this would shorten the time for resolution of habeas proceedings that have already been too long delayed. The desire to speed the course of this litigation is no reason to further delay a ruling on Claim 1, even if this Court denies that claim.

In the final analysis, Respondent concedes that this Court has the discretion to rule on a single claim under Rule 54(b) of the Federal Rules of Civil Procedure. Doc. 563 at 4. For the reasons stated in petitioner's motion and this reply, this Court should issue a ruling memorializing its findings and conclusions on Claim 1 and grant Mr. Roberts relief from his conviction and sentence.

                              Respectfully submitted,

                              HEATHER E. WILLIAMS
                              Federal Defender

Dated: June 30, 2022         */s/Harry Simon*
                              HARRY SIMON
                              Assistant Federal Defender


Dated: June 30, 2022         */s/ Brian Abbington*
                              BRIAN ABBINGTON
                              Assistant Federal Defender

                              Attorneys for Petitioner